Daniel F. Fears, Bar No. 110573
dff@paynefears.com
Andrew K. Haeffele, Bar No. 258992
akh@paynefears.com
Leilani E. Jones, Bar No. 298896
llj@paynefears.com
PAYNE & FEARS LLP
Attorneys at Law
4 Park Plaza, Suite 1100
Irvine, California 92614
Telephone: (949) 851-1100
Facsimile: (949) 851-1212

Attorneys for Defendant GARFIELD BEACH CVS, LLC

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| JAQUELINE PONCE,<br><br>　　　　Plaintiff,<br><br>v.<br><br>GARFIELD BEACH CVS LLC dba CVS, a Limited Liability Company; and DOES 1 through 10, inclusive,<br><br>　　　　Defendants. | Case No. 2:22-cv-402<br><br>[Los Angeles County Superior Court Case No. 21STCV45981]<br><br>**PETITION AND NOTICE OF REMOVAL OF CIVIL ACTION UNDER 28 U.S.C. §§ 1332 AND 1441**<br><br>Trial Date:　　None Set |

**TO THE UNITED STATES DISTRICT COURT FOR THE CENTRAL DISTRICT OF CALIFORNIA, AND TO JAQUELINE PONCE AND HER COUNSEL OF RECORD:**

**PLEASE TAKE NOTICE** that Defendant Garfield Beach CVS, LLC ("Defendant" or "CVS") hereby removes this action from the Superior Court of the State of California for the County of Los Angeles to the United States District Court for the Central District of California, on the following grounds:

## I. INTRODUCTION

1. This Court has jurisdiction over this action because complete diversity exists between Plaintiff Jaqueline Ponce ("Plaintiff") and CVS.

2. Plaintiff is a citizen of the State of California, and was a citizen at the time of the filing of her Complaint.

3. Garfield Beach CVS, LLC ("Garfield Beach") is now, and was at the time this action was commenced, a citizen of the State of Rhode Island within the meaning of 28 U.S.C. section 1332. At all material times, Garfield Beach was a limited liability company whose sole-member, CVS Pharmacy, Inc., has at all material times been a Rhode Island Corporation that has maintained its principal place of business, including its corporate headquarters, in the State of Rhode Island.

4. Plaintiff's Complaint, on its face, contemplates a matter in controversy that exceeds the sum or value of $75,000, exclusive of interest and costs.

5. Pursuant to 28 U.S.C. section 1446(b), this case is being removed within thirty (30) days of CVS's receipt of a document (the "Complaint") where diversity of citizenship is apparent.

## II. THE STATE COURT ACTION

6. On or about December 16, 2021, Plaintiff filed an action against CVS titled "*Jaqueline Ponce, an individual, Plaintiff, vs. Garfield Beach CVS LLC dba CVS, a Limited Liability Company; and DOES 1 through 10, inclusive, Defendants*" in the Superior Court of the State of California, County of Los Angeles, Case No. 21STCV45981 (the "State Court Action").

7. True and correct copies of the Summons and Complaint served on CVS are attached hereto as **Exhibit A.**

8. In her Complaint, Plaintiff alleges the following causes of action: (1) Failure to Pay Wages; (2) Failure to Pay Overtime Compensation; (3) Failure to Provide Meal Breaks; (4) Failure to Provide Rest Breaks; (5) Waiting Time Penalties; (6) Failure to Provide Accurate Itemized Wage Statements;

(7) Disability/Pregnancy Discrimination; (8) Gender Discrimination; (9) Retaliation (Gov. Code, § 12940(h)); (10) Failure to Prevent Discrimination and Retaliation; (11) Failure to Provide Reasonable Accommodation; (12) Failure to Engage in Good Faith Interactive Process; (13) California Family Rights Act ("CFRA") and Paid Leave Discrimination; (14) Retaliation for Requests for CFRA Leave; (15) Unfair and Unlawful Business Practices (In Violation of Bus. & Prof. Code, §§ 17200, *et seq*.); (16) Wrongful Termination (In Violation of Public Policy).

9. On January 19, 2022, CVS timely filed an Answer to the Complaint. A true and correct copy of CVS's Answer is attached hereto as **Exhibit B.**

10. The Summons, Complaint, and Answer constitute the pleadings, process, and orders served upon or by CVS in the State Court Action.

## III. COMPLETE DIVERSITY EXISTS BETWEEN PLAINTIFF AND CVS

11. The Complaint, and each cause of action alleged therein, may be properly removed on the basis of diversity jurisdiction, in that this is a civil action between citizens of different states and the amount in controversy exceeds the sum of $75,000, exclusive of interest and costs. 28 U.S.C. § 1332.

### A. Plaintiff is a Citizen of the State of California

12. Plaintiff is now, and was at the time this action was commenced, a citizen of the State of California, residing in Los Angeles County, within the meaning of U.S.C. § 1332(a) – her place of residence and domicile are, and were, located within the State of California. *See* **Ex. A at ¶ 1**; *see also Kanter v. Warner-Lambert Co.*, 265 F.3d 853, 857 (9th Cir. 2001) ("A person's domicile is his permanent home, where he resides with the intention to remain or to which he intends to return"); *Lew v. Moss*, 797 F.2d 747, 751 (9th Cir. 1986) (explaining that residency creates a rebuttable presumption of domicile for purposes of establishing diversity of citizenship).

### B. Garfield Beach CVS, LLC is a Citizen of the State of Rhode Island

13. If a party is a limited liability company, it is a citizen of every state of

which its owners/members are citizens. *3123 SMB LLC v. Horn*, 880 F.3d 461, 465 (9th Cir. 2018); citing *Johnson v. Columbia Props. Anchorage, LP*, 437 F.3d 894, 899 (9th Cir. 2006) ("We therefore join our sister circuits and hold that, like a partnership, an LLC is a citizen of every state of which its owners/members are citizens.").

14. Garfield Beach is now, and was at all material times, a single-member limited liability company. The sole member of Garfield Beach is CVS Pharmacy, Inc.

15. If a party is a corporation, it is a citizen of both its state of incorporation and the state where it has its principal place of business. 28 U.S.C. § 1332(c)(1); *Hertz Corp.*, 130 S. Ct. at 1192.

16. CVS Pharmacy, Inc. is now, and was at all material times, a corporation organized under the laws of the State of Rhode Island, which at all material times has maintained its principal place of business, including its corporate headquarters, in the State of Rhode Island. CVS Pharmacy, Inc.'s principal place of business is in Woonsocket, Rhode Island.

17. Therefore, for the purpose of determining jurisdiction, Garfield Beach was not (and is not) a citizen of the State of California, but rather, it was (and is) a citizen of the State of Rhode Island based on the citizenship of its sole member, CVS Pharmacy, Inc.

18. "Doe" Defendants fictitiously named, but not served, are not joined in this Petition and Notice of Removal, and shall be disregarded for the purpose of determining removal jurisdiction. 28 U.S.C. § 1441(b)(1). In determining whether diversity of citizenship exists, only the named defendants are considered. *Newcombe v. Adolf Coors Co.*, 157 F. 3d 686, 690-691 (9th Cir. 1998).

19. Accordingly, complete diversity exists between Plaintiff (California) and the CVS Defendant (Rhode Island).

//

## IV. THE AMOUNT IN CONTROVERSY EXCEEDS THE $75,000 JURISDICTIONAL MINIMUM

20. The jurisdictional minimum amount that must be in controversy, over $75,000, was satisfied at the time of the filing of this action and is still satisfied by the facts set forth herein and described more specifically below. 28 U.S.C. § 1332(a) ("[D]istrict courts … have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs and is between … citizens of different States."); *see also Matheson v. Progressive Specialty Ins., Co.*, 319 F.3d 1089, 1090 (9th Cir. 2003) ("[J]urisdiction founded on [diversity] requires that the parties be in complete diversity and the amount in controversy exceed $75,000").

21. CVS discusses the allegations below solely to demonstrate that the amount in controversy in this matter exceeds $75,000. CVS denies that Plaintiff is entitled to any damages, and denies that Plaintiff will be able to recover on any of her theories of recovery.

22. In assessing the amount in controversy, this Court may, for removal purposes, look to the removal papers and the pleadings, as well as summary judgement type evidence. *Chavez v. JPMorgan Chase & Co.*, 888 F.3d 413, 416 (9th Cir. 2018); *Kroske v. U.S. Bank Corp.*, 432 F.3d 976, 980 (9th Cir. 2005); *Singer v. State Farm Mutual Auto Ins. Co.*, 116 F.3d 373, 376 (9th Cir. 1997); *Gaus v. Miles, Inc.*, 980 F.2d 564, 566 (9th Cir. 1992).

### A. The Amount in Controversy is Measured by the Damages and Attorneys' Fees "At Stake" in the Litigation, to which the Plaintiff Would be Entitled if She Prevails

23. In measuring the amount in controversy for purposes of diversity jurisdiction, "a court must assume that the allegations of the complaint are true and assume that a jury will return a verdict for the plaintiff on all claims made in the complaint." *Kenneth Rothschild Trust v. Morgan Stanley Dean Witter*, 199 F. Supp.

2d 993, 1001 (C.D. Cal. 2002) (quotations omitted, emphasis added). In addition, the Court should aggregate damages in determining whether the controversy exceeds $75,000. *See Bank of Cal. Nat'l Ass'n v. Twin Harbors Lumber Co.*, 465 F.2d 489, 491 (9th Cir. 1972) ("aggregation is permitted when a single plaintiff seeks to aggregate two or more of his own claims against a single defendant") (internal quotations omitted).

24. Additionally, as the Ninth Circuit has recently clarified, "the amount in controversy is not limited to damages incurred prior to removal - for example, it is not limited to wages a plaintiff-employee would have earned before removal (as opposed to after removal)[; but] rather, the amount in controversy is determined by the complaint operative at the time of removal and encompasses all relief a court may grant on that complaint if the plaintiff is victorious." *Chavez*, *supra*, 888 F.3d at 414.

B. **Economic Damages in the Form of Lost Wages**

25. Plaintiff seeks damages associated with alleged lost earnings. **See Ex. A at ¶¶ 26, 58, 65, and 75**. At the time of her separation (May 12, 2020), Plaintiff was employed as a Shift Supervisor and her hourly rate was $19.95 (making, on average, approximately $1,596 bi-weekly, or $798/week.) **See Declaration of Hillary Williams at ¶ 3, Ex. 1.**

26. By the time this case is statistically likely to be resolved at trial (October 2023 or 20.8 months from the date of removal),[1] Plaintiff will have incurred significant damages (nearly $143,640)—all of which must count toward the

---

[1] Statistics maintained by the Administrative Office of the United States Courts pursuant to 28 U.S.C. § 604(a)(2) indicate that in the Central District of California, the median time from filing a civil action in federal court to final disposition of the action through trial is 20.8 months. **See Declaration of Leilani E. Jones, Ex. 1.** CVS requests that the Court take judicial notice of these facts pursuant to Federal Rule of Evidence 201.

jurisdictional threshold—in alleged lost wages alone.[2]

### C. Attorneys' Fees

27. Where an underlying statute authorizes an award of attorneys' fees, such potential fees may be included in calculating the amount in controversy. *See Galt G/S v. JSS Scandinavia*, 142 F.3d 1150, 1156 (9th Cir. 1998). Here, Plaintiff seeks such fees. ***See* Ex. A, ¶ 23, 24, 30, 41, 51, 58, 65, 72, 80, 98, 116, 134, 148, 166, 181, 197, 210, 222, 235 and Prayer for Relief ¶ 7**.

28. As the Ninth Circuit explained in *Chavez*, when determining the amount in controversy, attorneys' fees are calculated based on the *total* possible recovery, and not just fees incurred as of the time of removal. *Chavez*, *supra*, 888 F.3d at 417 ("That the amount in controversy is assessed at the time of removal does not mean that the mere futurity of certain classes of damages precludes them from being part of the amount in controversy."); *Lucas v. Michael Kors (USA), Inc.*, No. 2018 WL 2146403, at *11 (C.D. Cal. 2018) ("The broad holding [in *Chavez*] strongly suggests that the Ninth Circuit would find it appropriate to consider post-removal attorneys' fees. Therefore, the Court agrees that unaccrued post-removal attorneys' fees can be factored into the amount in controversy."); *Bernstein v. BMW of N. Am., LLC*, 2018 WL 2210683, at *2 (N.D. Cal. 2018) ("The Ninth Circuit's recent decision in *Chavez* . . . holding that the amount in controversy is what is at stake in the litigation at the time of removal suggests that the attorneys' fees in the context of the amount in controversy requirement should be calculated based on the total possible recovery and not just the fees incurred to date—resolving a previously unresolved question.").

29. Assuming that a conservative amount of pre-trial fact discovery (50 hours), pre-trial expert discovery (20 hours), trial preparation (40 hours), and trial

---

[2] $798 per week multiplied by the 180 weeks between Plaintiff's separation of employment (May 12, 2020) and trial (October 2023).

PAYNE & FEARS LLP
ATTORNEYS AT LAW
4 PARK PLAZA, SUITE 1100
IRVINE, CALIFORNIA 92614
(949) 851-1100

1 attendance (45 hours) occurs in this case, it is very well likely that an attorneys' fees
2 award—alone—would exceed $75,000. It is, at the very least, *plausible* that an
3 attorneys' fees award in this matter will exceed $75,000.

### D. Emotional Distress Damages

30. Plaintiff also claims damages for emotional distress. *See* **Ex. A at ¶¶ 27, 94, 112, 130, 144, 162, 177, 195, 208, and 230** ("psychological and emotional distress, humiliation, mental pain and physical pain and anguish").

31. A review of jury verdicts in California demonstrates that emotional distress awards in discrimination or retaliation cases commonly exceed $75,000:

- *Palma v. Rite Aid Corp.*, 2012 WL 3541952 (L.A. County Sup. Ct.): award of **$3,000,000** in pain and suffering to employee who was terminated after taking medical leaves in disability discrimination case; and

- *Juarez v. Autozone Stores, Inc.*, 2014 WL 7017660 (S.D. Cal.): pain and suffering award of **$250,000** in discrimination case;

- *Betson v. Rite Aid Corp.*, 2011 WL 3606913 (L.A. County Sup. Ct.): pain and suffering award of **$500,000** to employee in disability harassment action.

32. Plaintiff's allegations that she was discriminated against and wrongfully terminated because of her disability are similar to the issues in these cases. Its entirely conceivable that her emotional distress daamges will far exceed the requisite $75,000 amount in controvrsey.

### E. Punitive Damages

33. Plaintiff further seeks punitive damages against CVS, a company of considerable size and resources. *See* **Ex. A, Prayer for Relief at ¶ 3.** Although CVS denies Plaintiff's allegations, requests for punitive damages must be taken into account in ascertaining the amount in controversy. *Gibson v. Chrysler Corp.*, 261 F.3d 927, 945 (9th Cir. 2001); *Campbell v. Hartford Life Ins. Co.*, 825 F. Supp. 2d 1005, 1008 (E.D. Cal. 2011).

34. Here, if Plaintiff is able to prove her claims at trial, it is reasonable to

conclude that she will seek, and a jury could award, in excess of $75,000 solely for punitive damages. *See, e.g.*:

- ***Hill v. Asian American Drug Abuse Program, Inc.*** (Los Angeles County Superior Court Case No. BC582516; judgment date of January 16, 2018): awarding **$2,668,700** in punitive damages in disability discrimination lawsuit;

- ***Navarro v. 4Earth Farms, Inc. et al***. (Los Angeles County Superior Court Case No. BC606666; judgment date of June 19, 2017): awarding **$100,000** in punitive damages in disability discrimination lawsuit; and

- ***Tapia v. San Gabriel Transit Inc.*** (Los Angeles County Superior Court Case No. BC482433; judgment date of December 18, 2015): awarding **$400,000** in punitive damages in disability discrimination lawsuit.

35. Accordingly, the Complaint contemplates an amount "at stake" in this litigation which far exceeds the $75,000 jurisdictional threshold.

## V. REMOVAL IS TIMELY

36. This Petition and Notice of Removal is timely pursuant to 28 U.S.C. section 1446(b) because this action is being removed within thirty (30) days of the date when CVS received the Summons and Complaint. 28 U.S.C. § 1446(b)(1); ***see* Ex. A**.

## VI. CONCLUSION

37. For the reasons stated above, this Court has jurisdiction under 28 U.S.C. section 1332 because this is a civil action between citizens of different states, and the matter in controversy exceeds $75,000, exclusive of interest and costs.

38. Accordingly, CVS may remove this action to this Court pursuant to 28 U.S.C. sections 1332 and 1441. CVS respectfully requests that this Court exercise its removal jurisdiction over this action.

| | | |
|---|---|---|
| DATED: January 19, 2022 | PAYNE & FEARS LLP | |
| | By: | */s/ Leilani E. Jones* |
| | | LEILANI E. JONES |
| | Attorneys for Defendant GARFIELD BEACH CVS, LLC | |

# PROOF OF SERVICE

**Jaqueline Ponce v. CVS**
**USDC, Case No. 2:22-cv-402**

**STATE OF CALIFORNIA, COUNTY OF ORANGE**

At the time of service, I was over 18 years of age and not a party to this action. I am employed in the County of Orange, State of California. My business address is 4 Park Plaza, Suite 1100, Irvine, CA 92614.

On January 19, 2022, I served true copies of the following document(s) described as **PETITION AND NOTICE OF REMOVAL OF CIVIL ACTION UNDER 28 U.S.C. §§ 1332 AND 1441** on the interested parties in this action as follows:

| | |
|---|---|
| Gavril T. Gabriel, Esq.<br>THE LAW OFFICES OF GAVRIL T. GABRIEL<br>8255 Firestone Blvd., Suite 209<br>Downey, CA 90241<br>Telephone: (562) 758-8210<br>Facsimile: (562) 758-8219<br>Email: GGabriel@GTGLaw.org | Attorneys for Plaintiff:<br>JAQUELINE PONCE |

**BY E-MAIL OR ELECTRONIC TRANSMISSION:** I caused a copy of the document(s) to be sent from e-mail address abarrantes@paynefears.com to the persons at the e-mail addresses listed in the Service List.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct and that I am employed in the office of a member of the bar of this Court at whose direction the service was made.

Executed on January 19, 2022, at Irvine, California.

            /s/ Arlene Barrantes
Arlene Barrantes

PETITION AND NOTICE OF REMOVAL OF CIVIL ACTION UNDER 28 U.S.C. §§ 1332 AND 1441