# EXHIBIT A

Electronically FILED by Superior Court of California, County of Los Angeles on 12/16/2021 03:23 PM Sherri R. Carter, Executive Officer/Clerk of Court, by R. Clifton, Deputy Clerk
21STCV45981

**SUM-100**

# SUMMONS
## *(CITACION JUDICIAL)*

|  | FOR COURT USE ONLY<br>*(SOLO PARA USO DE LA CORTE)* |
|---|---|

**NOTICE TO DEFENDANT:**
*(AVISO AL DEMANDADO):*
GARFIELD BEACH CVS LLC dba CVS, a Limited Liability Company; and DOES 1 through 10, inclusive,

**YOU ARE BEING SUED BY PLAINTIFF:**
*(LO ESTÁ DEMANDANDO EL DEMANDANTE):*
JAQUELINE PONCE, an individual,

NOTICE! You have been sued. The court may decide against you without your being heard unless you respond within 30 days. Read the information below.

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (*www.lawhelpcalifornia.org*), the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), or by contacting your local court or county bar association. NOTE: The court has a statutory lien for waived fees and costs on any settlement or arbitration award of $10,000 or more in a civil case. The court's lien must be paid before the court will dismiss the case.

*¡AVISO! Lo han demandado. Si no responde dentro de 30 días, la corte puede decidir en su contra sin escuchar su versión. Lea la información a continuación.*

*Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.sucorte.ca.gov), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.*

*Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.sucorte.ca.gov) o poniéndose en contacto con la corte o el colegio de abogados locales. AVISO: Por ley, la corte tiene derecho a reclamar las cuotas y los costos exentos por imponer un gravamen sobre cualquier recuperación de $10,000 ó más de valor recibida mediante un acuerdo o una concesión de arbitraje en un caso de derecho civil. Tiene que pagar el gravamen de la corte antes de que la corte pueda desechar el caso.*

| The name and address of the court is:<br>*(El nombre y dirección de la corte es):* Stanley Mosk Courthouse<br>111 N. Hill Street<br>Los Angeles, CA 90012 | CASE NUMBER: *(Número del Caso):*<br>**21STCV45981** |
|---|---|

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is: *(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):*
Gavril T. Gabriel The Law Offices of Gavril T. Gabriel 8255 Firestone Blvd., Suite 209 Downey, CA 90241 (562) 758-8210

| DATE:<br>*(Fecha)* 12/16/2021 | Sherri R. Carter Executive Officer / Clerk of Court | Clerk, by<br>*(Secretario)* R. Clifton | , Deputy<br>*(Adjunto)* |
|---|---|---|---|

*(For proof of service of this summons, use Proof of Service of Summons (form POS-010).)*
*(Para prueba de entrega de esta citatión use el formulario Proof of Service of Summons, (POS-010).)*

[SEAL]

**NOTICE TO THE PERSON SERVED: You are served**
1. ☐ as an individual defendant.
2. ☐ as the person sued under the fictitious name of *(specify):*
3. ☒ on behalf of *(specify):* Garfield Beach CVS LLC dba CVS, a Limited Liability Company

under: ☐ CCP 416.10 (corporation)   ☐ CCP 416.60 (minor)
☐ CCP 416.20 (defunct corporation)   ☐ CCP 416.70 (conservatee)
☐ CCP 416.40 (association or partnership)   ☐ CCP 416.90 (authorized person)
☒ other *(specify):* Limited Liability Company
4. ☐ by personal delivery on *(date)*

Page 1 of 1

| Form Adopted for Mandatory Use<br>Judicial Council of California<br>SUM-100 [Rev. July 1, 2009] | SUMMONS | Code of Civil Procedure §§ 412 20, 465<br>www.courts.ca.gov |
|---|---|---|

| SUPERIOR COURT OF CALIFORNIA COUNTY OF LOS ANGELES | Reserved for Clerk's File Stamp |
|---|---|
| COURTHOUSE ADDRESS:<br>Stanley Mosk Courthouse<br>111 North Hill Street, Los Angeles, CA 90012 | **FILED**<br>Superior Court of California<br>County of Los Angeles<br>12/16/2021<br>Sherri R. Carter, Executive Officer / Clerk of Court<br>By: _____ R. Clifton _____ Deputy |
| **NOTICE OF CASE ASSIGNMENT**<br><br>**UNLIMITED CIVIL CASE** | |
| Your case is assigned for all purposes to the judicial officer indicated below. | CASE NUMBER:<br>21STCV45981 |

<u>THIS FORM IS TO BE SERVED WITH THE SUMMONS AND COMPLAINT</u>

| | ASSIGNED JUDGE | DEPT | ROOM | | ASSIGNED JUDGE | DEPT | ROOM |
|---|---|---|---|---|---|---|---|
| ✔ | David Sotelo | 40 | | | | | |

Given to the Plaintiff/Cross-Complainant/Attorney of Record

on <u>12/17/2021</u>
    (Date)

Sherri R. Carter, Executive Officer / Clerk of Court

By <u>R. Clifton</u> _____, Deputy Clerk

LACIV 190 (Rev 6/18)
LASC Approved 05/06

**NOTICE OF CASE ASSIGNMENT – UNLIMITED CIVIL CASE**

## INSTRUCTIONS FOR HANDLING UNLIMITED CIVIL CASES

The following critical provisions of the California Rules of Court, Title 3, Division 7, as applicable in the Superior Court, are summarized for your assistance.

### APPLICATION
The Division 7 Rules were effective January 1, 2007. They apply to all general civil cases.

### PRIORITY OVER OTHER RULES
The Division 7 Rules shall have priority over all other Local Rules to the extent the others are inconsistent.

### CHALLENGE TO ASSIGNED JUDGE
A challenge under Code of Civil Procedure Section 170.6 must be made within **15** days after notice of assignment for all purposes to a judge, or if a party has not yet appeared, within 15 days of the first appearance.

### TIME STANDARDS
Cases assigned to the Independent Calendaring Courts will be subject to processing under the following time standards:

### COMPLAINTS
All complaints shall be served within 60 days of filing and proof of service shall be filed within 90 days.

### CROSS-COMPLAINTS
Without leave of court first being obtained, no cross-complaint may be filed by any party after their answer is filed. Cross-complaints shall be served within 30 days of the filing date and a proof of service filed within 60 days of the filing date.

### STATUS CONFERENCE
A status conference will be scheduled by the assigned Independent Calendar Judge no later than 270 days after the filing of the complaint. Counsel must be fully prepared to discuss the following issues: alternative dispute resolution, bifurcation, settlement, trial date, and expert witnesses.

### FINAL STATUS CONFERENCE
The Court will require the parties to attend a final status conference not more than 10 days before the scheduled trial date. All parties shall have motions in limine, bifurcation motions, statements of major evidentiary issues, dispositive motions, requested form jury instructions, special jury instructions, and special jury verdicts timely filed and served prior to the conference. These matters may be heard and resolved at this conference. At least five days before this conference, counsel must also have exchanged lists of exhibits and witnesses, and have submitted to the court a brief statement of the case to be read to the jury panel as required by Chapter Three of the Los Angeles Superior Court Rules.

### SANCTIONS
The court will impose appropriate sanctions for the failure or refusal to comply with Chapter Three Rules, orders made by the Court, and time standards or deadlines established by the Court or by the Chapter Three Rules. Such sanctions may be on a party, or if appropriate, on counsel for a party.

**This is not a complete delineation of the Division 7 or Chapter Three Rules, and adherence only to the above provisions is therefore not a guarantee against the imposition of sanctions under Trial Court Delay Reduction. Careful reading and compliance with the actual Chapter Rules is imperative.**

### Class Actions
Pursuant to Local Rule 2.3, all class actions shall be filed at the Stanley Mosk Courthouse and are randomly assigned to a complex judge at the designated complex courthouse. If the case is found not to be a class action it will be returned to an Independent Calendar Courtroom for all purposes.

### *Provisionally Complex Cases
Cases filed as provisionally complex are initially assigned to the Supervising Judge of complex litigation for determination of complex status. If the case is deemed to be complex within the meaning of California Rules of Court 3.400 et seq., it will be randomly assigned to a complex judge at the designated complex courthouse. If the case is found not to be complex, it will be returned to an Independent Calendar Courtroom for all purposes.

LACIV 190 (Rev 6/18)          **NOTICE OF CASE ASSIGNMENT – UNLIMITED CIVIL CASE**
LASC Approved 05/06

2019-GEN-014-00

**FILED**
Superior Court of California
County of Los Angeles

MAY 03 2019

Sherri R. Carter, Executive Officer/Clerk
By _____, Deputy
Rizalinda Mina

SUPERIOR COURT OF THE STATE OF CALIFORNIA

FOR THE COUNTY OF LOS ANGELES

IN RE LOS ANGELES SUPERIOR COURT )    FIRST AMENDED GENERAL ORDER
— MANDATORY ELECTRONIC FILING   )
FOR CIVIL      )
        )
        )
        )
        )

On December 3, 2018, the Los Angeles County Superior Court mandated electronic filing of all

documents in Limited Civil cases by litigants represented by attorneys. On January 2, 2019, the Los

Angeles County Superior Court mandated electronic filing of all documents filed in Non-Complex

Unlimited Civil cases by litigants represented by attorneys. (California Rules of Court, rule 2.253(b).)

All electronically filed documents in Limited and Non-Complex Unlimited cases are subject to the

following:

1) DEFINITIONS

    a) **"Bookmark"** A bookmark is a PDF document navigational tool that allows the reader to

        quickly locate and navigate to a designated point of interest within a document.

    b) **"Efiling Portal"** The official court website includes a webpage, referred to as the efiling

        portal, that gives litigants access to the approved Electronic Filing Service Providers.

    c) **"Electronic Envelope"** A transaction through the electronic service provider for submission

        of documents to the Court for processing which may contain one or more PDF documents

        attached.

    d) **"Electronic Filing"** Electronic Filing (eFiling) is the electronic transmission to a Court of a

        document in electronic form. (California Rules of Court, rule 2.250(b)(7).)

2019-GEN-014-00

e) **"Electronic Filing Service Provider"**  An Electronic Filing Service Provider (EFSP) is a person or entity that receives an electronic filing from a party for retransmission to the Court. In the submission of filings, the EFSP does so on behalf of the electronic filer and not as an agent of the Court.  (California Rules of Court, rule 2.250(b)(8).)

f) **"Electronic Signature"**  For purposes of these local rules and in conformity with Code of Civil Procedure section 17, subdivision (b)(3), section 34, and section 1010.6, subdivision (b)(2), Government Code section 68150, subdivision (g), and California Rules of Court, rule 2.257, the term "Electronic Signature" is generally defined as an electronic sound, symbol, or process attached to or logically associated with an electronic record and executed or adopted by a person with the intent to sign the electronic record.

g) **"Hyperlink"**  An electronic link providing direct access from one distinctively marked place in a hypertext or hypermedia document to another in the same or different document.

h) **"Portable Document Format"**  A digital document format that preserves all fonts, formatting, colors and graphics of the original source document, regardless of the application platform used.

2) MANDATORY ELECTRONIC FILING

a) Trial Court Records

Pursuant to Government Code section 68150, trial court records may be created, maintained, and preserved in electronic format.  Any document that the Court receives electronically must be clerically processed and must satisfy all legal filing requirements in order to be filed as an official court record (California Rules of Court, rules 2.100, et seq. and 2.253(b)(6)).

b) Represented Litigants

Pursuant to California Rules of Court, rule 2.253(b), represented litigants are required to electronically file documents with the Court through an approved EFSP.

c) Public Notice

The Court has issued a Public Notice with effective dates the Court required parties to electronically file documents through one or more approved EFSPs.  Public Notices containing effective dates and the list of EFSPs are available on the Court's website, at www.lacourt.org.

2

FIRST AMENDED GENERAL ORDER RE MANDATORY ELECTRONIC FILING FOR CIVIL

2019-GEN-014-00

1     d)  Documents in Related Cases

2          Documents in related cases must be electronically filed in the eFiling portal for that case type if

3          electronic filing has been implemented in that case type, regardless of whether the case has

4          been related to a Civil case.

5  3) EXEMPT LITIGANTS

6     a)  Pursuant to California Rules of Court, rule 2.253(b)(2), self-represented litigants are exempt

7          from mandatory electronic filing requirements.

8     b)  Pursuant to Code of Civil Procedure section 1010.6, subdivision (d)(3) and California Rules of

9          Court, rule 2.253(b)(4), any party may make application to the Court requesting to be excused

10        from filing documents electronically and be permitted to file documents by conventional

11        means if the party shows undue hardship or significant prejudice.

12  4) EXEMPT FILINGS

13     a)  The following documents shall not be filed electronically:

14         i)   Peremptory Challenges or Challenges for Cause of a Judicial Officer pursuant to Code of

15            Civil Procedure sections 170.6 or 170.3;

16         ii)  Bonds/Undertaking documents;

17         iii)  Trial and Evidentiary Hearing Exhibits

18         iv)  Any ex parte application that is filed concurrently with a new complaint including those

19            that will be handled by a Writs and Receivers department in the Mosk courthouse; and

20         v)   Documents submitted conditionally under seal.  The actual motion or application shall be

21            electronically filed.  A courtesy copy of the electronically filed motion or application to

22            submit documents conditionally under seal must be provided with the documents

23            submitted conditionally under seal.

24     b)  Lodgments

25          Documents attached to a Notice of Lodgment shall be lodged and/or served conventionally in

26  paper form.  The actual document entitled, "Notice of Lodgment," shall be filed electronically.

27  //

28  //

3

2019-GEN-014-00

5) ELECTRONIC FILING SYSTEM WORKING PROCEDURES

Electronic filing service providers must obtain and manage registration information for persons and entities electronically filing with the court.

6) TECHNICAL REQUIREMENTS

a) Electronic documents must be electronically filed in PDF, text searchable format when technologically feasible without impairment of the document's image.

b) The table of contents for any filing must be bookmarked.

c) Electronic documents, including but not limited to, declarations, proofs of service, and exhibits, must be bookmarked within the document pursuant to California Rules of Court, rule 3.1110(f)(4). Electronic bookmarks must include links to the first page of each bookmarked item (e.g. exhibits, declarations, deposition excerpts) and with bookmark titles that identify the bookedmarked item and briefly describe the item.

d) Attachments to primary documents must be bookmarked. Examples include, but are not limited to, the following:

   i)   Depositions;

   ii)  Declarations;

   iii) Exhibits (including exhibits to declarations);

   iv)  Transcripts (including excerpts within transcripts);

   v)   Points and Authorities;

   vi)  Citations; and

   vii) Supporting Briefs.

e) Use of hyperlinks within documents (including attachments and exhibits) is strongly encouraged.

f) Accompanying Documents

   Each document accompanying a single pleading must be electronically filed as a **separate** digital PDF document.

g) Multiple Documents

   Multiple documents relating to one case can be uploaded in one envelope transaction.

2019-GEN-014-00

h) Writs and Abstracts

Writs and Abstracts must be submitted as a separate electronic envelope.

i) Sealed Documents

If and when a judicial officer orders documents to be filed under seal, those documents must be filed electronically (unless exempted under paragraph 4); the burden of accurately designating the documents as sealed at the time of electronic submission is the submitting party's responsibility.

j) Redaction

Pursuant to California Rules of Court, rule 1.201, it is the submitting party's responsibility to redact confidential information (such as using initials for names of minors, using the last four digits of a social security number, and using the year for date of birth) so that the information shall not be publicly displayed.

7) ELECTRONIC FILING SCHEDULE

a) Filed Date

i) Any document received electronically by the court between 12:00 am and 11:59:59 pm shall be deemed to have been effectively filed on that court day if accepted for filing. Any document received electronically on a non-court day, is deemed to have been effectively filed on the next court day if accepted. (California Rules of Court, rule 2.253(b)(6); Code Civ. Proc. § 1010.6(b)(3).)

ii) Notwithstanding any other provision of this order, if a digital document is not filed in due course because of: (1) an interruption in service; (2) a transmission error that is not the fault of the transmitter; or (3) a processing failure that occurs after receipt, the Court may order, either on its own motion or by noticed motion submitted with a declaration for Court consideration, that the document be deemed filed and/or that the document's filing date conform to the attempted transmission date.

8) EX PARTE APPLICATIONS

a) Ex parte applications and all documents in support thereof must be electronically filed no later than 10:00 a.m. the court day before the ex parte hearing.

5

2019-GEN-014-00

b) Any written opposition to an ex parte application must be electronically filed by 8:30 a.m. the day of the ex parte hearing. A printed courtesy copy of any opposition to an ex parte application must be provided to the court the day of the ex parte hearing.

9) PRINTED COURTESY COPIES

a) For any filing electronically filed two or fewer days before the hearing, a courtesy copy must be delivered to the courtroom by 4:30 p.m. the same business day the document is efiled. If the efiling is submitted after 4:30 p.m., the courtesy copy must be delivered to the courtroom by 10:00 a.m. the next business day.

b) Regardless of the time of electronic filing, a printed courtesy copy (along with proof of electronic submission) is required for the following documents:

  i) Any printed document required pursuant to a Standing or General Order;

  ii) Pleadings and motions (including attachments such as declarations and exhibits) of 26 pages or more;

  iii) Pleadings and motions that include points and authorities;

  iv) Demurrers;

  v) Anti-SLAPP filings, pursuant to Code of Civil Procedure section 425.16;

  vi) Motions for Summary Judgment/Adjudication; and

  vii) Motions to Compel Further Discovery.

c) Nothing in this General Order precludes a Judicial Officer from requesting a courtesy copy of additional documents. Courtroom specific courtesy copy guidelines can be found at www.lacourt.org on the Civil webpage under "Courtroom Information."

10) WAIVER OF FEES AND COSTS FOR ELECTRONICALLY FILED DOCUMENTS

a) Fees and costs associated with electronic filing must be waived for any litigant who has received a fee waiver. (California Rules of Court, rules 2.253(b)(), 2.258(b), Code Civ. Proc. § 1010.6(d)(2).)

b) Fee waiver applications for waiver of court fees and costs pursuant to Code of Civil Procedure section 1010.6, subdivision (b)(6), and California Rules of Court, rule 2.252(f), may be electronically filed in any authorized action or proceeding.

6

2019-GEN-014-00

1  11)  SIGNATURES ON ELECTRONIC FILING

2       For purposes of this General Order, all electronic filings must be in compliance with California

3  Rules of Court, rule 2.257.  This General Order applies to documents filed within the Civil

4  Division of the Los Angeles County Superior Court.

5

6       This First Amended General Order supersedes any previous order related to electronic filing,

7  and is effective immediately, and is to remain in effect until otherwise ordered by the Civil

8  Supervising Judge and/or Presiding Judge.

9

10  DATED:  May 3, 2019 

KEVIN C. BRAZILE
Presiding Judge

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

7

FIRST AMENDED GENERAL ORDER RE MANDATORY ELECTRONIC FILING FOR CIVIL

## VOLUNTARY EFFICIENT LITIGATION STIPULATIONS



**Superior Court of California
County of Los Angeles**



**Los Angeles County
Bar Association
Litigation Section**

**Los Angeles County
Bar Association Labor and
Employment Law Section**



**Consumer Attorneys
Association of Los Angeles**



**Southern California
Defense Counsel**



**Association of
Business Trial Lawyers**



**California Employment
Lawyers Association**

LACIV 230 (NEW)
LASC Approved 4-11
For Optional Use

   The Early Organizational Meeting Stipulation, Discovery Resolution Stipulation, and Motions in Limine Stipulation are voluntary stipulations entered into by the parties.  The parties may enter into one, two, or all three of the stipulations; however, they may not alter the stipulations as written, because the Court wants to ensure uniformity of application.  These stipulations are meant to encourage cooperation between the parties and to assist in resolving issues in a manner that promotes economic case resolution and judicial efficiency.

   *The following organizations endorse the goal of promoting efficiency in litigation and ask that counsel consider using these stipulations as a voluntary way to promote communications and procedures among counsel and with the court to fairly resolve issues in their cases.*

   ◆**Los Angeles County Bar Association Litigation Section**◆

   ◆ **Los Angeles County Bar Association
   Labor and Employment Law Section**◆

   ◆**Consumer Attorneys Association of Los Angeles**◆

   ◆**Southern California Defense Counsel**◆

   ◆**Association of Business Trial Lawyers**◆

   ◆**California Employment Lawyers Association**◆

| NAME AND ADDRESS OF ATTORNEY OR PARTY WITHOUT ATTORNEY: | STATE BAR NUMBER | Reserved for Clerk's File Stamp |
|---|---|---|
| | | |

TELEPHONE NO.:  FAX NO. (Optional):
E-MAIL ADDRESS (Optional):
ATTORNEY FOR (Name):

**SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES**

COURTHOUSE ADDRESS:

PLAINTIFF:

DEFENDANT:

| **STIPULATION – EARLY ORGANIZATIONAL MEETING** | CASE NUMBER: |
|---|---|

**This stipulation is intended to encourage cooperation among the parties at an early stage in the litigation and to assist the parties in efficient case resolution.**

**The parties agree that:**

1. The parties commit to conduct an initial conference (in-person or via teleconference or via videoconference) within 15 days from the date this stipulation is signed, *to discuss and consider whether there can be agreement on the following*:

   a. Are motions to challenge the pleadings necessary? If the issue can be resolved by amendment as of right, or if the Court would allow leave to amend, could an amended complaint resolve most or all of the issues a demurrer might otherwise raise? If so, the parties agree to work through pleading issues so that a demurrer need only raise issues they cannot resolve. Is the issue that the defendant seeks to raise amenable to resolution on demurrer, or would some other type of motion be preferable? Could a voluntary targeted exchange of documents or information by any party cure an uncertainty in the pleadings?

   b. Initial mutual exchanges of documents at the "core" of the litigation. (For example, in an employment case, the employment records, personnel file and documents relating to the conduct in question could be considered "core." In a personal injury case, an incident or police report, medical records, and repair or maintenance records could be considered "core.");

   c. Exchange of names and contact information of witnesses;

   d. Any insurance agreement that may be available to satisfy part or all of a judgment, or to indemnify or reimburse for payments made to satisfy a judgment;

   e. Exchange of any other information that might be helpful to facilitate understanding, handling, or resolution of the case in a manner that preserves objections or privileges by agreement;

   f. Controlling issues of law that, if resolved early, will promote efficiency and economy in other phases of the case. Also, when and how such issues can be presented to the Court;

   g. Whether or when the case should be scheduled with a settlement officer, what discovery or court ruling on legal issues is reasonably required to make settlement discussions meaningful, and whether the parties wish to use a sitting judge or a private mediator or other options as

LACIV 229 (Rev 02/15)
LASC Approved 04/11          **STIPULATION – EARLY ORGANIZATIONAL MEETING**
For Optional Use                                                                              Page 1 of 2

| SHORT TITLE: | | CASE NUMBER: |
|---|---|---|
| | | |

discussed in the "Alternative Dispute Resolution (ADR) Information Package" served with the complaint;

h. Computation of damages, including documents, not privileged or protected from disclosure, on which such computation is based;

i. Whether the case is suitable for the Expedited Jury Trial procedures (see information at **www.lacourt.org** under "*Civil*" and then under "*General Information*").

2. The time for a defending party to respond to a complaint or cross-complaint will be extended to _____ for the complaint, and _____ for the cross-
   <br>     (INSERT DATE)                      (INSERT DATE)
   complaint, which is comprised of the 30 days to respond under Government Code § 68616(b), and the 30 days permitted by Code of Civil Procedure section 1054(a), good cause having been found by the Civil Supervising Judge due to the case management benefits provided by this Stipulation. A copy of the General Order can be found at *www.lacourt.org* under "*Civil*", click on "*General Information*", then click on "*Voluntary Efficient Litigation Stipulations*".

3. The parties will prepare a joint report titled "Joint Status Report Pursuant to Initial Conference and Early Organizational Meeting Stipulation, and if desired, a proposed order summarizing results of their meet and confer and advising the Court of any way it may assist the parties' efficient conduct or resolution of the case. The parties shall attach the Joint Status Report to the Case Management Conference statement, and file the documents when the CMC statement is due.

4. References to "days" mean calendar days, unless otherwise noted. If the date for performing any act pursuant to this stipulation falls on a Saturday, Sunday or Court holiday, then the time for performing that act shall be extended to the next Court day

The following parties stipulate:

Date:

_____  ➤ _____
(TYPE OR PRINT NAME)                              (ATTORNEY FOR PLAINTIFF)

Date:

_____  ➤ _____
(TYPE OR PRINT NAME)                              (ATTORNEY FOR DEFENDANT)

Date:

_____  ➤ _____
(TYPE OR PRINT NAME)                              (ATTORNEY FOR DEFENDANT)

Date:

_____  ➤ _____
(TYPE OR PRINT NAME)                              (ATTORNEY FOR DEFENDANT)

Date:

_____  ➤ _____
(TYPE OR PRINT NAME)                              (ATTORNEY FOR _____)

Date:

_____  ➤ _____
(TYPE OR PRINT NAME)                              (ATTORNEY FOR _____)

Date:

_____  ➤ _____
(TYPE OR PRINT NAME)                              (ATTORNEY FOR _____)

| NAME AND ADDRESS OF ATTORNEY OR PARTY WITHOUT ATTORNEY: | STATE BAR NUMBER | Reserved for Clerk's File Stamp |
|---|---|---|
| TELEPHONE NO.: FAX NO. (Optional):<br>E-MAIL ADDRESS (Optional):<br>ATTORNEY FOR (Name): | | |

## SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES

COURTHOUSE ADDRESS:

PLAINTIFF:

DEFENDANT:

| STIPULATION – DISCOVERY RESOLUTION | CASE NUMBER: |
|---|---|

**This stipulation is intended to provide a fast and informal resolution of discovery issues through limited paperwork and an informal conference with the Court to aid in the resolution of the issues.**

**The parties agree that:**

1. Prior to the discovery cut-off in this action, no discovery motion shall be filed or heard unless the moving party first makes a written request for an Informal Discovery Conference pursuant to the terms of this stipulation.

2. At the Informal Discovery Conference the Court will consider the dispute presented by parties and determine whether it can be resolved informally. Nothing set forth herein will preclude a party from making a record at the conclusion of an Informal Discovery Conference, either orally or in writing.

3. Following a reasonable and good faith attempt at an informal resolution of each issue to be presented, a party may request an Informal Discovery Conference pursuant to the following procedures:

   a. The party requesting the Informal Discovery Conference will:

       i. File a Request for Informal Discovery Conference with the clerk's office on the approved form (copy attached) and deliver a courtesy, conformed copy to the assigned department;

       ii. Include a brief summary of the dispute and specify the relief requested; and

       iii. Serve the opposing party pursuant to any authorized or agreed method of service that ensures that the opposing party receives the Request for Informal Discovery Conference no later than the next court day following the filing.

   b. Any Answer to a Request for Informal Discovery Conference must:

       i. Also be filed on the approved form (copy attached);

       ii. Include a brief summary of why the requested relief should be denied;

| SHORT TITLE. | | CASE NUMBER: |
|---|---|---|
| | | |

    iii.   Be filed within two (2) court days of receipt of the Request; and

    iv.   Be served on the opposing party pursuant to any authorized or agreed upon method of service that ensures that the opposing party receives the Answer no later than the next court day following the filing.

  c.  No other pleadings, including but not limited to exhibits, declarations, or attachments, will be accepted.

  d.  If the Court has not granted or denied the Request for Informal Discovery Conference within ten (10) days following the filing of the Request, then it shall be deemed to have been denied.  If the Court acts on the Request, the parties will be notified whether the Request for Informal Discovery Conference has been granted or denied and, if granted, the date and time of the Informal Discovery Conference, which must be within twenty (20) days of the filing of the Request for Informal Discovery Conference.

  e.  If the conference is not held within twenty (20) days of the filing of the Request for Informal Discovery Conference, unless extended by agreement of the parties and the Court, then the Request for the Informal Discovery Conference shall be deemed to have been denied at that time.

4.  If (a) the Court has denied a conference or (b) one of the time deadlines above has expired without the Court having acted or (c) the Informal Discovery Conference is concluded without resolving the dispute, then a party may file a discovery motion to address unresolved issues.

5.  The parties hereby further agree that the time for making a motion to compel or other discovery motion is tolled from the date of filing of the Request for Informal Discovery Conference until (a) the request is denied or deemed denied or (b) twenty (20) days after the filing of the Request for Informal Discovery Conference, whichever is earlier, unless extended by Order of the Court.

It is the understanding and intent of the parties that this stipulation shall, for each discovery dispute to which it applies, constitute a writing memorializing a "specific later date to which the propounding [or demanding or requesting] party and the responding party have agreed in writing," within the meaning of Code Civil Procedure sections 2030.300(c), 2031.320(c), and 2033.290(c).

6.  Nothing herein will preclude any party from applying *ex parte* for appropriate relief, including an order shortening time for a motion to be heard concerning discovery.

7.  Any party may terminate this stipulation by giving twenty-one (21) days notice of intent to terminate the stipulation.

8.  References to "days" mean calendar days, unless otherwise noted.  If the date for performing any act pursuant to this stipulation falls on a Saturday, Sunday or Court holiday, then the time for performing that act shall be extended to the next Court day.

| SHORT TITLE: | | CASE NUMBER: |
|---|---|---|
| | | |

**The following parties stipulate:**

Date: _____

_____      ➤ _____
(TYPE OR PRINT NAME)                                              (ATTORNEY FOR PLAINTIFF)

Date: _____

_____      ➤ _____
(TYPE OR PRINT NAME)                                              (ATTORNEY FOR DEFENDANT)

Date: _____

_____      ➤ _____
(TYPE OR PRINT NAME)                                              (ATTORNEY FOR DEFENDANT)

Date: _____

_____      ➤ _____
(TYPE OR PRINT NAME)                                              (ATTORNEY FOR DEFENDANT)

Date: _____

_____      ➤ _____
(TYPE OR PRINT NAME)                                              (ATTORNEY FOR _____)

Date: _____

_____      ➤ _____
(TYPE OR PRINT NAME)                                              (ATTORNEY FOR _____)

Date: _____

_____      ➤ _____
(TYPE OR PRINT NAME)                                              (ATTORNEY FOR _____)

| NAME AND ADDRESS OF ATTORNEY OR PARTY WITHOUT ATTORNEY: | STATE BAR NUMBER | Reserved for Clerk's File Stamp |
|---|---|---|
| TELEPHONE NO.:<br>E-MAIL ADDRESS (Optional):<br>ATTORNEY FOR (Name): | FAX NO. (Optional): | |

**SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES**

| COURTHOUSE ADDRESS: |
|---|
| PLAINTIFF: |
| DEFENDANT: |

| **INFORMAL DISCOVERY CONFERENCE**<br>(pursuant to the Discovery Resolution Stipulation of the parties) | CASE NUMBER: |
|---|---|

1. This document relates to:
   - ☐ Request for Informal Discovery Conference
   - ☐ Answer to Request for Informal Discovery Conference

2. Deadline for Court to decide on Request: _____ (insert date 10 calendar days following filing of the Request).

3. Deadline for Court to hold Informal Discovery Conference: _____ (insert date 20 calendar days following filing of the Request).

4. For a **Request for Informal Discovery Conference**, **briefly** describe the nature of the discovery dispute, including the facts and legal arguments at issue.  For an **Answer to Request for Informal Discovery Conference**, **briefly** describe why the Court should deny the requested discovery, including the facts and legal arguments at issue.

**INFORMAL DISCOVERY CONFERENCE**
(pursuant to the Discovery Resolution Stipulation of the parties)

| NAME AND ADDRESS OF ATTORNEY OR PARTY WITHOUT ATTORNEY: | STATE BAR NUMBER | Reserved for Clerk's File Stamp |
|---|---|---|
| TELEPHONE NO.:<br>E-MAIL ADDRESS (Optional):<br>ATTORNEY FOR (Name): | FAX NO. (Optional): | |

**SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES**

COURTHOUSE ADDRESS:

PLAINTIFF:

DEFENDANT:

| STIPULATION AND ORDER – MOTIONS IN LIMINE | CASE NUMBER: |
|---|---|

**This stipulation is intended to provide fast and informal resolution of evidentiary issues through diligent efforts to define and discuss such issues and limit paperwork.**

**The parties agree that:**

1. At least _____ days before the final status conference, each party will provide all other parties with a list containing a one paragraph explanation of each proposed motion in limine. Each one paragraph explanation must identify the substance of a single proposed motion in limine and the grounds for the proposed motion.

2. The parties thereafter will meet and confer, either in person or via teleconference or videoconference, concerning all proposed motions in limine. In that meet and confer, the parties will determine:

   a. Whether the parties can stipulate to any of the proposed motions. If the parties so stipulate, they may file a stipulation and proposed order with the Court.

   b. Whether any of the proposed motions can be briefed and submitted by means of a short joint statement of issues. For each motion which can be addressed by a short joint statement of issues, a short joint statement of issues must be filed with the Court 10 days prior to the final status conference. Each side's portion of the short joint statement of issues may not exceed three pages. The parties will meet and confer to agree on a date and manner for exchanging the parties' respective portions of the short joint statement of issues and the process for filing the short joint statement of issues.

3. All proposed motions in limine that are not either the subject of a stipulation or briefed via a short joint statement of issues will be briefed and filed in accordance with the California Rules of Court and the Los Angeles Superior Court Rules.

| SHORT TITLE: | | CASE NUMBER: |
|---|---|---|
| | | |

## The following parties stipulate:

Date: _____

_____      ➢ _____
        (TYPE OR PRINT NAME)                (ATTORNEY FOR PLAINTIFF)

Date: _____

_____      ➢ _____
        (TYPE OR PRINT NAME)              (ATTORNEY FOR DEFENDANT)

Date: _____

_____      ➢ _____
        (TYPE OR PRINT NAME)              (ATTORNEY FOR DEFENDANT)

Date: _____

_____      ➢ _____
        (TYPE OR PRINT NAME)              (ATTORNEY FOR DEFENDANT)

Date: _____

_____      ➢ _____
        (TYPE OR PRINT NAME)        (ATTORNEY FOR _____) .

Date: _____

_____      ➢ _____
        (TYPE OR PRINT NAME)        (ATTORNEY FOR _____)

Date: _____

_____      ➢ _____
        (TYPE OR PRINT NAME)        (ATTORNEY FOR _____)

## THE COURT SO ORDERS.

Date: _____          _____
                                         JUDICIAL OFFICER

**FILED**

LOS ANGELES SUPERIOR COURT

MAY 11 2011

JOHN A. CLARKE, CLERK

*N. Navarro*

BY NANCY NAVARRO, DEPUTY

## SUPERIOR COURT OF THE STATE OF CALIFORNIA

### FOR THE COUNTY OF LOS ANGELES

| | |
|---|---|
| General Order Re<br>Use of Voluntary Efficient Litigation<br>Stipulations | ) ORDER PURSUANT TO CCP 1054(a),<br>) EXTENDING TIME TO RESPOND BY<br>) 30 DAYS WHEN PARTIES AGREE<br>) TO EARLY ORGANIZATIONAL<br>) MEETING STIPULATION |

Whereas the Los Angeles Superior Court and the Executive Committee of the Litigation Section of the Los Angeles County Bar Association have cooperated in drafting "Voluntary Efficient Litigation Stipulations" and in proposing the stipulations for use in general jurisdiction civil litigation in Los Angeles County;

Whereas the Los Angeles County Bar Association Litigation Section; the Los Angeles County Bar Association Labor and Employment Law Section; the Consumer Attorneys Association of Los Angeles; the Association of Southern California Defense Counsel; the Association of Business Trial Lawyers of Los Angeles; and the California Employment Lawyers Association all "endorse the goal of promoting efficiency in litigation, and ask that counsel consider using these stipulations as a voluntary way to promote communications and procedures among counsel and with the court to fairly resolve issues in their cases;"

-1-

ORDER PURSUANT TO CCP 1054(a)

Whereas the Early Organizational Meeting Stipulation is intended to encourage cooperation among the parties at an early stage in litigation in order to achieve litigation efficiencies;

Whereas it is intended that use of the Early Organizational Meeting Stipulation will promote economic case resolution and judicial efficiency;

Whereas, in order to promote a meaningful discussion of pleading issues at the Early Organizational Meeting and potentially to reduce the need for motions to challenge the pleadings, it is necessary to allow additional time to conduct the Early Organizational Meeting before the time to respond to a complaint or cross complaint has expired;

Whereas Code of Civil Procedure section 1054(a) allows a judge of the court in which an action is pending to extend for not more than 30 days the time to respond to a pleading "upon good cause shown";

Now, therefore, this Court hereby finds that there is good cause to extend for 30 days the time to respond to a complaint or to a cross complaint in any action in which the parties have entered into the Early Organizational Meeting Stipulation. This finding of good cause is based on the anticipated judicial efficiency and benefits of economic case resolution that the Early Organizational Meeting Stipulation is intended to promote.

IT IS HEREBY ORDERED that, in any case in which the parties have entered into an Early Organizational Meeting Stipulation, the time for a defending party to respond to a complaint or cross complaint shall be extended by the 30 days permitted

-2-

ORDER PURSUANT TO CCP 1054(a)

1   by Code of Civil Procedure section 1054(a) without further need of a specific court

2   order.

3

4   DATED: _May 11, 2011_      _Carolyn B. Kuhl_

5                            Carolyn B. Kuhl, Supervising Judge of the
                             Civil Departments, Los Angeles Superior Court
6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

-3-

ORDER PURSUANT TO CCP 1054(a)

 **Superior Court of California, County of Los Angeles**

## ALTERNATIVE DISPUTE RESOLUTION (ADR) INFORMATION PACKAGE

**THE PLAINTIFF MUST SERVE THIS ADR INFORMATION PACKAGE ON EACH PARTY WITH THE COMPLAINT.**

**CROSS-COMPLAINANTS must serve this ADR Information Package on any new parties named to the action with the cross-complaint.**

### What is ADR?

ADR helps people find solutions to their legal disputes without going to trial. The main types of ADR are negotiation, mediation, arbitration, and settlement conferences. When ADR is done by phone, videoconference or computer, it may be called Online Dispute Resolution (ODR). These alternatives to litigation and trial are described below.

### Advantages of ADR

- **Saves Time:** ADR is faster than going to trial.
- **Saves Money:** Parties can save on court costs, attorney's fees, and witness fees.
- **Keeps Control** (with the parties): Parties choose their ADR process and provider for voluntary ADR.
- **Reduces Stress/Protects Privacy:** ADR is done outside the courtroom, in private offices, by phone or online.

### Disadvantages of ADR

- **Costs:** If the parties do not resolve their dispute, they may have to pay for ADR, litigation, and trial.
- **No Public Trial:** ADR does not provide a public trial or a decision by a judge or jury.

### Main Types of ADR

1. **Negotiation:** Parties often talk with each other in person, or by phone or online about resolving their case with a settlement agreement instead of a trial. If the parties have lawyers, they will negotiate for their clients.

2. **Mediation:** In mediation, a neutral mediator listens to each person's concerns, helps them evaluate the strengths and weaknesses of their case, and works with them to try to create a settlement agreement that is acceptable to all. Mediators do not decide the outcome. Parties may go to trial if they decide not to settle.

   **Mediation may be appropriate when the parties**
   - want to work out a solution but need help from a neutral person.
   - have communication problems or strong emotions that interfere with resolution.

   **Mediation may <u>not</u> be appropriate when the parties**
   - want a public trial and want a judge or jury to decide the outcome.
   - lack equal bargaining power or have a history of physical/emotional abuse.

**How to Arrange Mediation in Los Angeles County**

Mediation for civil cases is voluntary and parties may select any mediator they wish. Options include:

a. **The Civil Mediation Vendor Resource List**
   If all parties in an active civil case agree to mediation, they may contact these organizations to request a "Resource List Mediation" for mediation at reduced cost or no cost (for selected cases):

   - **ADR Services, Inc.** Case Manager Elizabeth Sanchez, elizabeth@adrservices.com (949) 863-9800
   - **JAMS, Inc.** Assistant Manager Reggie Joseph, RJoseph@jamsadr.com (310) 309-6209
   - **Mediation Center of Los Angeles** Program Manager info@mediationLA.org (833) 476-9145

   **These organizations cannot accept every case and they may decline cases at their discretion.** They may offer online mediation by video conference for cases they accept. Before contacting these organizations, review important information and FAQs at www.lacourt.org/ADR.Res.List

   **NOTE: The Civil Mediation Vendor Resource List program does not accept family law, probate or small claims cases.**

b. **Los Angeles County Dispute Resolution Programs**
   https://hrc.lacounty.gov/wp-content/uploads/2020/05/DRP-Fact-Sheet-23October19-Current-as-of-October-2019-1.pdf

   Day of trial mediation programs have been paused until further notice.

   **Online Dispute Resolution (ODR).** Parties in small claims and unlawful detainer (eviction) cases should carefully review the Notice and other information they may receive about (ODR) requirements for their case.

c. Mediators and ADR and Bar organizations that provide mediation may be found on the internet.

**3. Arbitration:** Arbitration is less formal than trial, but like trial, the parties present evidence and arguments to the person who decides the outcome. In "binding" arbitration, the arbitrator's decision is final; there is no right to trial. In "nonbinding" arbitration, any party can request a trial after the arbitrator's decision. For more information about arbitration, visit http://www.courts.ca.gov/programs-adr.htm

**4. Mandatory Settlement Conferences (MSC):** MSCs are ordered by the Court and are often held close to the trial date or on the day of trial. The parties and their attorneys meet with a judge or settlement officer who does not make a decision but who instead assists the parties in evaluating the strengths and weaknesses of the case and in negotiating a settlement. For information about the Court's MSC programs for civil cases, visit http://www.lacourt.org/division/civil/C10047.aspx

Los Angeles Superior Court ADR website: http://www.lacourt.org/division/civil/C10109.aspx
For general information and videos about ADR, visit http://www.courts.ca.gov/programs-adr.htm

Electronically FILED by Superior Court of California, County of Los Angeles on 12/16/2021 03:23 PM Sherri R. Carter, Executive Officer/Clerk of Court, by R. Clifton, Deputy Clerk
21STCV45981

**CM-010**

| ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, State Bar number, and address):* | FOR COURT USE ONLY |
|---|---|
| Gavril T. Gabriel [296433] <br> The Law Offices of Gavril T. Gabriel <br> 8255 Firestone Blvd., Suite 209 Downey, CA 90241 <br><br> TELEPHONE NO.: (562) 758-8210    FAX NO.: (562) 758-8219 <br> ATTORNEY FOR *(Name):* | |

SUPERIOR COURT OF CALIFORNIA, COUNTY OF  Los Angeles
 STREET ADDRESS: 111, N. Hill Street
 MAILING ADDRESS: Same as Above
 CITY AND ZIP CODE: Los Angeles 90012
 BRANCH NAME: Stanley Mosk Courthouse

CASE NAME:
Jaqueline Ponce v. Garfield Beach CVS LLC

| CIVIL CASE COVER SHEET | | Complex Case Designation | CASE NUMBER: |
|---|---|---|---|
| ☑ Unlimited <br> (Amount <br> demanded <br> exceeds $25,000) | ☐ Limited <br> (Amount <br> demanded is <br> $25,000 or less) | ☐ Counter ☐ Joinder <br> Filed with first appearance by defendant <br> (Cal. Rules of Court, rule 3.402) | 21STCV45981 |
| | | | JUDGE: <br> DEPT: |

*Items 1–6 below must be completed (see instructions on page 2).*

1. Check **one** box below for the case type that best describes this case:

| Auto Tort | Contract | Provisionally Complex Civil Litigation |
|---|---|---|
| ☐ Auto (22) | ☐ Breach of contract/warranty (06) | **(Cal. Rules of Court, rules 3.400–3.403)** |
| ☐ Uninsured motorist (46) | ☐ Rule 3.740 collections (09) | ☐ Antitrust/Trade regulation (03) |
| **Other PI/PD/WD (Personal Injury/Property** | ☐ Other collections (09) | ☐ Construction defect (10) |
| **Damage/Wrongful Death) Tort** | ☐ Insurance coverage (18) | ☐ Mass tort (40) |
| ☐ Asbestos (04) | ☐ Other contract (37) | ☐ Securities litigation (28) |
| ☐ Product liability (24) | **Real Property** | ☐ Environmental/Toxic tort (30) |
| ☐ Medical malpractice (45) | ☐ Eminent domain/Inverse | ☐ Insurance coverage claims arising from the |
| ☐ Other PI/PD/WD (23) | condemnation (14) | above listed provisionally complex case |
| **Non-PI/PD/WD (Other) Tort** | ☐ Wrongful eviction (33) | types (41) |
| ☐ Business tort/unfair business practice (07) | ☐ Other real property (26) | **Enforcement of Judgment** |
| ☐ Civil rights (08) | **Unlawful Detainer** | ☐ Enforcement of judgment (20) |
| ☐ Defamation (13) | ☐ Commercial (31) | **Miscellaneous Civil Complaint** |
| ☐ Fraud (16) | ☐ Residential (32) | ☐ RICO (27) |
| ☐ Intellectual property (19) | ☐ Drugs (38) | ☐ Other complaint *(not specified above)* (42) |
| ☐ Professional negligence (25) | **Judicial Review** | **Miscellaneous Civil Petition** |
| ☐ Other non-PI/PD/WD tort (35) | ☐ Asset forfeiture (05) | ☐ Partnership and corporate governance (21) |
| **Employment** | ☐ Petition re: arbitration award (11) | ☐ Other petition *(not specified above)* (43) |
| ☑ Wrongful termination (36) | ☐ Writ of mandate (02) | |
| ☐ Other employment (15) | ☐ Other judicial review (39) | |

2. This case ☐ is ☑ is not  complex under rule 3.400 of the California Rules of Court. If the case is complex, mark the factors requiring exceptional judicial management:
   a. ☐ Large number of separately represented parties    d. ☐ Large number of witnesses
   b. ☐ Extensive motion practice raising difficult or novel   e. ☐ Coordination with related actions pending in one or more courts
      issues that will be time-consuming to resolve          in other counties, states, or countries, or in a federal court
   c. ☐ Substantial amount of documentary evidence     f. ☐ Substantial postjudgment judicial supervision
3. Remedies sought *(check all that apply):* a. ☑ monetary   b. ☑ nonmonetary; declaratory or injunctive relief   c. ☑ punitive
4. Number of causes of action *(specify):*  Sixteen (16)
5. This case ☐ is ☑ is not   a class action suit.
6. If there are any known related cases, file and serve a notice of related cases. *(You may use form CM-015.)*

Date: December 16, 2021

Gavril T. Gabriel
_____
(TYPE OR PRINT NAME)                                        (SIGNATURE OF PARTY OR ATTORNEY FOR PARTY)

**NOTICE**
- Plaintiff must file this cover sheet with the first paper filed in the action or proceeding (except small claims cases or cases filed under the Probate Code, Family Code, or Welfare and Institutions Code). (Cal. Rules of Court, rule 3.220.) Failure to file may result in sanctions.
- File this cover sheet in addition to any cover sheet required by local court rule.
- If this case is complex under rule 3.400 et seq. of the California Rules of Court, you must serve a copy of this cover sheet on all other parties to the action or proceeding.
- Unless this is a collections case under rule 3.740 or a complex case, this cover sheet will be used for statistical purposes only.

Page 1 of 2

| Form Adopted for Mandatory Use <br> Judicial Council of California <br> CM-010 [Rev. July 1, 2007] | **CIVIL CASE COVER SHEET** | Cal. Rules of Court, rules 2.30, 3.220, 3.400–3.403, 3.740; <br> Cal. Standards of Judicial Administration, std. 3.10 <br> www.courtinfo.ca.gov |

CM-010

## INSTRUCTIONS ON HOW TO COMPLETE THE COVER SHEET

**To Plaintiffs and Others Filing First Papers.** If you are filing a first paper (for example, a complaint) in a civil case, you **must** complete and file, along with your first paper, the *Civil Case Cover Sheet* contained on page 1. This information will be used to compile statistics about the types and numbers of cases filed. You must complete items 1 through 6 on the sheet. In item 1, you must check **one** box for the case type that best describes the case. If the case fits both a general and a more specific type of case listed in item 1, check the more specific one. If the case has multiple causes of action, check the box that best indicates the **primary** cause of action. To assist you in completing the sheet, examples of the cases that belong under each case type in item 1 are provided below. A cover sheet must be filed only with your initial paper. Failure to file a cover sheet with the first paper filed in a civil case may subject a party, its counsel, or both to sanctions under rules 2.30 and 3.220 of the California Rules of Court.

**To Parties in Rule 3.740 Collections Cases.** A "collections case" under rule 3.740 is defined as an action for recovery of money owed in a sum stated to be certain that is not more than $25,000, exclusive of interest and attorney's fees, arising from a transaction in which property, services, or money was acquired on credit. A collections case does not include an action seeking the following: (1) tort damages, (2) punitive damages, (3) recovery of real property, (4) recovery of personal property, or (5) a prejudgment writ of attachment. The identification of a case as a rule 3.740 collections case on this form means that it will be exempt from the general time-for-service requirements and case management rules, unless a defendant files a responsive pleading. A rule 3.740 collections case will be subject to the requirements for service and obtaining a judgment in rule 3.740.

**To Parties in Complex Cases.** In complex cases only, parties must also use the *Civil Case Cover Sheet* to designate whether the case is complex. If a plaintiff believes the case is complex under rule 3.400 of the California Rules of Court, this must be indicated by completing the appropriate boxes in items 1 and 2. If a plaintiff designates a case as complex, the cover sheet must be served with the complaint on all parties to the action. A defendant may file and serve no later than the time of its first appearance a joinder in the plaintiff's designation, a counter-designation that the case is not complex, or, if the plaintiff has made no designation, a designation that the case is complex.

### CASE TYPES AND EXAMPLES

**Auto Tort**
Auto (22)–Personal Injury/Property
　Damage/Wrongful Death
Uninsured Motorist (46) *(if the
　case involves an uninsured
　motorist claim subject to
　arbitration, check this item
　instead of Auto)*

**Other PI/PD/WD (Personal Injury/
Property Damage/Wrongful Death)
Tort**
Asbestos (04)
　Asbestos Property Damage
　Asbestos Personal Injury/
　　Wrongful Death
Product Liability *(not asbestos or
　toxic/environmental)* (24)
Medical Malpractice (45)
　Medical Malpractice–
　　Physicians & Surgeons
　Other Professional Health Care
　　Malpractice
Other PI/PD/WD (23)
　Premises Liability (e.g., slip
　　and fall)
　Intentional Bodily Injury/PD/WD
　　(e.g., assault, vandalism)
　Intentional Infliction of
　　Emotional Distress
　Negligent Infliction of
　　Emotional Distress
　Other PI/PD/WD

**Non-PI/PD/WD (Other) Tort**
Business Tort/Unfair Business
　Practice (07)
Civil Rights (e.g., discrimination,
　false arrest) *(not civil
　harassment)* (08)
Defamation (e.g., slander, libel)
　(13)
Fraud (16)
Intellectual Property (19)
Professional Negligence (25)
　Legal Malpractice
　Other Professional Malpractice
　　*(not medical or legal)*
Other Non-PI/PD/WD Tort (35)

**Employment**
Wrongful Termination (36)
Other Employment (15)

**Contract**
Breach of Contract/Warranty (06)
　Breach of Rental/Lease
　　Contract *(not unlawful detainer
　　or wrongful eviction)*
　Contract/Warranty Breach–Seller
　　Plaintiff *(not fraud or negligence)*
　Negligent Breach of Contract/
　　Warranty
　Other Breach of Contract/Warranty
Collections (e.g., money owed, open
　book accounts) (09)
　Collection Case–Seller Plaintiff
　Other Promissory Note/Collections
　　Case
Insurance Coverage *(not provisionally
　complex)* (18)
　Auto Subrogation
　Other Coverage
Other Contract (37)
　Contractual Fraud
　Other Contract Dispute

**Real Property**
Eminent Domain/Inverse
　Condemnation (14)
Wrongful Eviction (33)
Other Real Property (e.g., quiet title) (26)
　Writ of Possession of Real Property
　Mortgage Foreclosure
　Quiet Title
　Other Real Property *(not eminent
　　domain, landlord/tenant, or
　　foreclosure)*

**Unlawful Detainer**
Commercial (31)
Residential (32)
Drugs (38) *(if the case involves illegal
　drugs, check this item; otherwise,
　report as Commercial or Residential)*

**Judicial Review**
Asset Forfeiture (05)
Petition Re: Arbitration Award (11)
Writ of Mandate (02)
　Writ–Administrative Mandamus
　Writ–Mandamus on Limited Court
　　Case Matter
　Writ–Other Limited Court Case
　　Review
Other Judicial Review (39)
　Review of Health Officer Order
　Notice of Appeal–Labor
　　Commissioner Appeals

**Provisionally Complex Civil Litigation (Cal.
Rules of Court Rules 3.400–3.403)**
Antitrust/Trade Regulation (03)
Construction Defect (10)
Claims Involving Mass Tort (40)
Securities Litigation (28)
Environmental/Toxic Tort (30)
Insurance Coverage Claims
　*(arising from provisionally complex
　case type listed above)* (41)

**Enforcement of Judgment**
Enforcement of Judgment (20)
　Abstract of Judgment (Out of
　　County)
　Confession of Judgment *(non-
　　domestic relations)*
　Sister State Judgment
　Administrative Agency Award
　　*(not unpaid taxes)*
　Petition/Certification of Entry of
　　Judgment on Unpaid Taxes
　Other Enforcement of Judgment
　　Case

**Miscellaneous Civil Complaint**
RICO (27)
Other Complaint *(not specified
　above)* (42)
　Declaratory Relief Only
　Injunctive Relief Only *(non-
　　harassment)*
　Mechanics Lien
　Other Commercial Complaint
　　Case *(non-tort/non-complex)*
　Other Civil Complaint
　　*(non-tort/non-complex)*

**Miscellaneous Civil Petition**
Partnership and Corporate
　Governance (21)
Other Petition *(not specified
　above)* (43)
　Civil Harassment
　Workplace Violence
　Elder/Dependent Adult
　　Abuse
　Election Contest
　Petition for Name Change
　Petition for Relief From Late
　　Claim
　Other Civil Petition

**CIVIL CASE COVER SHEET**

| SHORT TITLE: Jaqueline Ponce v. Garfield Beach CVS LLC et al. | CASE NUMBER |
|---|---|

## CIVIL CASE COVER SHEET ADDENDUM AND
## STATEMENT OF LOCATION
## (CERTIFICATE OF GROUNDS FOR ASSIGNMENT TO COURTHOUSE LOCATION)

**This form is required pursuant to Local Rule 2.3 in all new civil case filings in the Los Angeles Superior Court.**

**Step 1:** After completing the Civil Case Cover Sheet (Judicial Council form CM-010), find the exact case type in Column A that corresponds to the case type indicated in the Civil Case Cover Sheet.

**Step 2:** In Column B, check the box for the type of action that best describes the nature of the case.

**Step 3:** In Column C, circle the number which explains the reason for the court filing location you have chosen.

### Applicable Reasons for Choosing Court Filing Location (Column C)

1. Class actions must be filed in the Stanley Mosk Courthouse, Central District.
2. Permissive filing in central district.
3. Location where cause of action arose.
4. Mandatory personal injury filing in North District.
5. Location where performance required or defendant resides.
6. Location of property or permanently garaged vehicle.

7. Location where petitioner resides.
8. Location wherein defendant/respondent functions wholly.
9. Location where one or more of the parties reside.
10. Location of Labor Commissioner Office.
11. Mandatory filing location (Hub Cases – unlawful detainer, limited non-collection, limited collection, or personal injury).

| | A<br>Civil Case Cover Sheet<br>Category No. | B<br>Type of Action<br>(Check only one) | C<br>Applicable Reasons -<br>See Step 3 Above |
|---|---|---|---|
| **Auto Tort** | Auto (22) | ☐  A7100  Motor Vehicle - Personal Injury/Property Damage/Wrongful Death | 1, 4, 11 |
| | Uninsured Motorist (46) | ☐  A7110  Personal Injury/Property Damage/Wrongful Death – Uninsured Motorist | 1, 4, 11 |
| **Other Personal Injury/ Property Damage/ Wrongful Death Tort** | Asbestos (04) | ☐  A6070  Asbestos Property Damage | 1, 11 |
| | | ☐  A7221  Asbestos - Personal Injury/Wrongful Death | 1, 11 |
| | Product Liability (24) | ☐  A7260  Product Liability (not asbestos or toxic/environmental) | 1, 4, 11 |
| | Medical Malpractice (45) | ☐  A7210  Medical Malpractice - Physicians & Surgeons | 1, 4, 11 |
| | | ☐  A7240  Other Professional Health Care Malpractice | 1, 4, 11 |
| | Other Personal Injury Property Damage Wrongful Death (23) | ☐  A7250  Premises Liability (e.g., slip and fall) | 1, 4, 11 |
| | | ☐  A7230  Intentional Bodily Injury/Property Damage/Wrongful Death (e.g., assault, vandalism, etc.) | 1, 4, 11 |
| | | ☐  A7270  Intentional Infliction of Emotional Distress | 1, 4, 11 |
| | | ☐  A7220  Other Personal Injury/Property Damage/Wrongful Death | 1, 4, 11 |

LASC CIV 109 Rev. 12/18
For Mandatory Use

**CIVIL CASE COVER SHEET ADDENDUM
AND STATEMENT OF LOCATION**

Local Rule 2.3
Page 1 of 4

| SHORT TITLE: Jaqueline Ponce v. Garfield Beach CVS LLC et al. | CASE NUMBER |
|---|---|

| | A<br>Civil Case Cover Sheet<br>Category No. | B<br>Type of Action<br>(Check only one) | C Applicable<br>Reasons - See Step 3<br>Above |
|---|---|---|---|
| **Non-Personal Injury/ Property Damage/ Wrongful Death Tort** | Business Tort (07) | ☐ A6029  Other Commercial/Business Tort (not fraud/breach of contract) | 1, 2, 3 |
| | Civil Rights (08) | ☐ A6005  Civil Rights/Discrimination | 1, 2, 3 |
| | Defamation (13) | ☐ A6010  Defamation (slander/libel) | 1, 2, 3 |
| | Fraud (16) | ☐ A6013  Fraud (no contract) | 1, 2, 3 |
| | Professional Negligence (25) | ☐ A6017  Legal Malpractice | 1, 2, 3 |
| | | ☐ A6050  Other Professional Malpractice (not medical or legal) | 1, 2, 3 |
| | Other (35) | ☐ A6025  Other Non-Personal Injury/Property Damage tort | 1, 2, 3 |
| **Employment** | Wrongful Termination (36) | ☑ A6037  Wrongful Termination | 1, 2, 3 |
| | Other Employment (15) | ☐ A6024  Other Employment Complaint Case | 1, 2, 3 |
| | | ☐ A6109  Labor Commissioner Appeals | 10 |
| **Contract** | Breach of Contract/ Warranty (06)<br>(not insurance) | ☐ A6004  Breach of Rental/Lease Contract (not unlawful detainer or wrongful eviction) | 2, 5 |
| | | ☐ A6008  Contract/Warranty Breach -Seller Plaintiff (no fraud/negligence) | 2, 5 |
| | | ☐ A6019  Negligent Breach of Contract/Warranty (no fraud) | 1, 2, 5 |
| | | ☐ A6028  Other Breach of Contract/Warranty (not fraud or negligence) | 1, 2, 5 |
| | Collections (09) | ☐ A6002  Collections Case-Seller Plaintiff | 5, 6, 11 |
| | | ☐ A6012  Other Promissory Note/Collections Case | 5, 11 |
| | | ☐ A6034  Collections Case-Purchased Debt (Charged Off Consumer Debt Purchased on or after January 1, 2014) | 5, 6, 11 |
| | Insurance Coverage (18) | ☐ A6015  Insurance Coverage (not complex) | 1, 2, 5, 8 |
| | Other Contract (37) | ☐ A6009  Contractual Fraud | 1, 2, 3, 5 |
| | | ☐ A6031  Tortious Interference | 1, 2, 3, 5 |
| | | ☐ A6027  Other Contract Dispute(not breach/insurance/fraud/negligence) | 1, 2, 3, 8, 9 |
| **Real Property** | Eminent Domain/Inverse Condemnation (14) | ☐ A7300  Eminent Domain/Condemnation        Number of parcels_____ | 2, 6 |
| | Wrongful Eviction (33) | ☐ A6023  Wrongful Eviction Case | 2, 6 |
| | Other Real Property (26) | ☐ A6018  Mortgage Foreclosure | 2, 6 |
| | | ☐ A6032  Quiet Title | 2, 6 |
| | | ☐ A6060  Other Real Property (not eminent domain, landlord/tenant, foreclosure) | 2, 6 |
| **Unlawful Detainer** | Unlawful Detainer-Commercial (31) | ☐ A6021  Unlawful Detainer-Commercial (not drugs or wrongful eviction) | 6, 11 |
| | Unlawful Detainer-Residential (32) | ☐ A6020  Unlawful Detainer-Residential (not drugs or wrongful eviction) | 6, 11 |
| | Unlawful Detainer-Post-Foreclosure (34) | ☐ A6020F Unlawful Detainer-Post-Foreclosure | 2, 6, 11 |
| | Unlawful Detainer-Drugs (38) | ☐ A6022  Unlawful Detainer-Drugs | 2, 6, 11 |

**CIVIL CASE COVER SHEET ADDENDUM
AND STATEMENT OF LOCATION**

| SHORT TITLE: Jaqueline Ponce v. Garfield Beach CVS LLC et al. | | CASE NUMBER | |

| | A<br>Civil Case Cover Sheet<br>Category No. | B<br>Type of Action<br>(Check only one) | C Applicable<br>Reasons - See Step 3<br>Above |
|---|---|---|---|
| **Judicial Review** | Asset Forfeiture (05) | ☐ A6108  Asset Forfeiture Case | 2, 3, 6 |
| | Petition re Arbitration (11) | ☐ A6115  Petition to Compel/Confirm/Vacate Arbitration | 2, 5 |
| | Writ of Mandate (02) | ☐ A6151  Writ - Administrative Mandamus | 2, 8 |
| | | ☐ A6152  Writ - Mandamus on Limited Court Case Matter | 2 |
| | | ☐ A6153  Writ - Other Limited Court Case Review | 2 |
| | Other Judicial Review (39) | ☐ A6150  Other Writ /Judicial Review | 2, 8 |
| **Provisionally Complex Litigation** | Antitrust/Trade Regulation (03) | ☐ A6003  Antitrust/Trade Regulation | 1, 2, 8 |
| | Construction Defect (10) | ☐ A6007  Construction Defect | 1, 2, 3 |
| | Claims Involving Mass Tort (40) | ☐ A6006  Claims Involving Mass Tort | 1, 2, 8 |
| | Securities Litigation (28) | ☐ A6035  Securities Litigation Case | 1, 2, 8 |
| | Toxic Tort<br>Environmental (30) | ☐ A6036  Toxic Tort/Environmental | 1, 2, 3, 8 |
| | Insurance Coverage Claims<br>from Complex Case (41) | ☐ A6014  Insurance Coverage/Subrogation (complex case only) | 1, 2, 5, 8 |
| **Enforcement of Judgment** | Enforcement<br>of Judgment (20) | ☐ A6141  Sister State Judgment | 2, 5, 11 |
| | | ☐ A6160  Abstract of Judgment | 2, 6 |
| | | ☐ A6107  Confession of Judgment (non-domestic relations) | 2, 9 |
| | | ☐ A6140  Administrative Agency Award (not unpaid taxes) | 2, 8 |
| | | ☐ A6114  Petition/Certificate for Entry of Judgment on Unpaid Tax | 2, 8 |
| | | ☐ A6112  Other Enforcement of Judgment Case | 2, 8, 9 |
| **Miscellaneous Civil Complaints** | RICO (27) | ☐ A6033  Racketeering (RICO) Case | 1, 2, 8 |
| | Other Complaints<br>(Not Specified Above) (42) | ☐ A6030  Declaratory Relief Only | 1, 2, 8 |
| | | ☐ A6040  Injunctive Relief Only (not domestic/harassment) | 2, 8 |
| | | ☐ A6011  Other Commercial Complaint Case (non-tort/non-complex) | 1, 2, 8 |
| | | ☐ A6000  Other Civil Complaint (non-tort/non-complex) | 1, 2, 8 |
| **Miscellaneous Civil Petitions** | Partnership Corporation<br>Governance (21) | ☐ A6113  Partnership and Corporate Governance Case | 2, 8 |
| | Other Petitions (Not<br>Specified Above) (43) | ☐ A6121  Civil Harassment With Damages | 2, 3, 9 |
| | | ☐ A6123  Workplace Harassment With Damages | 2, 3, 9 |
| | | ☐ A6124  Elder/Dependent Adult Abuse Case With Damages | 2, 3, 9 |
| | | ☐ A6190  Election Contest | 2 |
| | | ☐ A6110  Petition for Change of Name/Change of Gender | 2, 7 |
| | | ☐ A6170  Petition for Relief from Late Claim Law | 2, 3, 8 |
| | | ☐ A6100  Other Civil Petition | 2, 9 |

**CIVIL CASE COVER SHEET ADDENDUM**
**AND STATEMENT OF LOCATION**

LASC CIV 109 Rev. 12/18
For Mandatory Use

Local Rule 2.3
Page 3 of 4

| SHORT TITLE: Jaqueline Ponce v. Garfield Beach CVS LLC et al. | CASE NUMBER |
|---|---|

**Step 4: Statement of Reason and Address**: Check the appropriate boxes for the numbers shown under Column C for the type of action that you have selected.  Enter the address which is the basis for the filing location, including zip code. (No address required for class action cases).

| REASON:<br><br>1. 2. 3. 4. 5. 6. 7. 8. 9. 10. 11. | ADDRESS:<br><br>1747 N. Cahuenga Boulevard |
|---|---|

| CITY:<br>Hollywood | STATE:<br>CA | ZIP CODE:<br>90028 |
|---|---|---|

**Step 5: Certification of Assignment:** I certify that this case is properly filed in the ___Central___ District of the Superior Court of California, County of Los Angeles [Code Civ. Proc., §392 et seq., and Local Rule 2.3(a)(1)(E)].

Dated: ___December 16, 2021___

_____
(SIGNATURE OF ATTORNEY/FILING PARTY)

**PLEASE HAVE THE FOLLOWING ITEMS COMPLETED AND READY TO BE FILED IN ORDER TO PROPERLY COMMENCE YOUR NEW COURT CASE:**

1.  Original Complaint or Petition.

2.  If filing a Complaint, a completed Summons form for issuance by the Clerk..

3.  Civil Case Cover Sheet, Judicial Council form CM-010.

4.  Civil Case Cover Sheet Addendum and Statement of Location form, LACIV 109, LASC Approved 03-04 (Rev. 02/16).

5.  Payment in full of the filing fee, unless there is court order for waiver, partial or scheduled payments.

6.  A signed order appointing the Guardian ad Litem, Judicial Council form CIV-010, if the plaintiff or petitioner is a minor under 18 years of age will be required by Court in order to issue a summons.

7.  Additional copies of documents to be conformed by the Clerk. Copies of the cover sheet and this addendum must be served along with the summons and complaint, or other initiating pleading in the case.

LASC CIV 109 Rev. 12/18
For Mandatory Use

**CIVIL CASE COVER SHEET ADDENDUM
AND STATEMENT OF LOCATION**

Local Rule 2.3
Page 4 of 4

Electronically FILED by Superior Court of California, County of Los Angeles on 12/16/2021 03:23 PM Sherri R. Carter, Executive Officer/Clerk of Court, by R. Clifton,Deputy Clerk
21STCV45981

Assigned for all purposes to: Stanley Mosk Courthouse, Judicial Officer: David Sotelo

1 | Gavril T. Gabriel, Esq. [SBN: 296433]
2 | **THE LAW OFFICES OF GAVRIL T. GABRIEL**
8255 Firestone Blvd., Suite 209
Downey, California 90241

3

4 | Phone: (562) 758-8210
Fax: (562) 758-8219
Email: GGabriel@GTGLaw.org

5

6 | Attorney for Plaintiff,
JAQUELINE PONCE

7

8 |                SUPERIOR COURT OF THE STATE OF CALIFORNIA

9 |            COUNTY OF LOS ANGELES – STANLEY MOSK COURTHOUSE

10

11 | JAQUELINE PONCE, an individual,

12 |                    Plaintiff,

13 | vs.

14 | GARFIELD BEACH CVS LLC dba CVS, a
Limited Liability Company; and DOES 1

15 | through 10, inclusive,

16 |                    Defendants.

*(left margin vertical text)* THE LAW OFFICES OF GAVRIL T. GABRIEL / 8255 FIRESTONE BLVD., SUITE 209 / DOWNEY, CA 90241

CASE NO. **21STCV45981**

COMPLAINT FOR:
 (1) FAILURE TO PAY WAGES;
 (2) FAILURE TO PAY OVERTIME
   COMPENSATION;
 (3) FAILURE TO PROVIDE MEAL BREAKS;
 (4) FAILURE TO PROVIDE REST BREAKS;
 (5) WAITING TIME PENALTIES;
 (6) FAILURE TO PROVIDE ACCURATE
   ITEMIZED WAGE STATEMENTS;
 (7) DISABILITY/PREGNANCY
   DISCRIMINATION;
 (8) GENDER DISCRIMINATION;
 (9) RETALIATION (Gov. Code, § 12940(h));
 (10) FAILURE TO PREVENT DISCRIMINATION
   AND RETALIATION;
 (11) FAILURE TO PROVIDE REASONABLE
   ACCOMMODATION;
 (12) FAILURE TO ENGAGE IN GOOD FAITH
   INTERACTIVE PROCESS;
 (13) CALIFORNIA FAMILY RIGHTS ACT
   ("CFRA") AND PAID LEAVE
   DISCRIMINATION;
 (14) RETALIATION FOR REQUESTS FOR CFRA
   LEAVE;
 (15) UNFAIR AND UNLAWFUL BUSINESS
   PRACTICES (In Violation of Bus. & Prof.
   Code, §§ 17200 et seq.); and
 (16) WRONGFUL TERMINATION [In Violation of
   Public Policy].

Unlimited,
Jury Trial Demanded

-1-

**COMPLAINT FOR DAMAGES**

1    COMES NOW PLAINTIFF, JAQUELINE PONCE (hereafter referred to as "Plaintiff" or

2    "Ms. Ponce"), and complains and alleges as follows:

3                           **I.    SUMMARY**

4         This is an action by Plaintiff, whose employment with GARFIELD BEACH CVS LLC dba

5    CVS (hereafter referred to as "Defendant" or "CVS") was wrongfully terminated. Plaintiff brings

6    this action against Defendants for economic, non-economic, compensatory, and punitive damages,

7    pursuant to *Civil Code* section 3294, pre-judgment interest pursuant to *Code of Civil Procedure*

8    section 3291, and costs and reasonable attorneys' fees pursuant to *Government Code* section

9    12965(b) and *Code of Civil Procedure* section 1021.5.

10                          **II.    PARTIES**

11   1.    *Plaintiff:* Plaintiff is, and at all times mentioned in this Complaint was, a resident

12   of the County of Los Angeles, California. Plaintiff was employed by Defendants in the City of

13   Hollywood, County of Los Angeles, State of California.

14   2.    *Defendants:* Defendants GARFIELD BEACH CVS LLC dba CVS and DOES 1

15   through 10 (hereafter collectively referred to as "Defendant" or "CVS"), are and at all times

16   relevant were, a Limited Liability Company organized and existing by virtue of the laws of the

17   State of California, are qualified to do business and are doing business in the State of California,

18   with their relevant place of business in the City of Hollywood, County of Los Angeles, California.

19   3.    *Doe Defendants:* Defendants Does 1 through 10, inclusive, are sued under fictitious

20   names pursuant to *Code of Civil Procedure* section 474. Plaintiff is informed and believes, and on

21   that basis alleges, that each of the Defendants sued under fictitious names are in some manner

22   responsible for the wrongs and damages alleged below, in so acting was functioning as the agent,

23   servant, partner, and employee of the co-Defendants, and in taking the actions mentioned below

24   was acting within the course and scope of his or her authority as such agent, servant, partner, and

25   employee, with the permission and consent of the co-Defendants. The named Defendants and Doe

26   Defendants are sometimes hereafter referred to, collectively and/or individually, as "Defendants."

27   4.    *Relationship of Defendants:* All Defendants were responsible for the events and

28   damages alleged herein, including on the following bases: (a) Defendants committed the acts

THE LAW OFFICES OF GAVRIL T. GABRIEL
8255 FIRESTONE BLVD., SUITE 209
DOWNEY, CA 90241

-2-
**COMPLAINT FOR DAMAGES**

1  alleged; (b) at all relevant times, one or more of the Defendants was the agent or employee, and/or

2  acted under the control or supervision, of one or more of the remaining Defendants and, in

3  committing the acts alleged, acted within the course and scope of such agency and employment

4  and/or is/or are otherwise liable for Plaintiff's damages; (c) at all relevant times, there existed a

5  unity of ownership and interest between or among two or more of the Defendants such that any

6  individuality and separateness between or among those Defendants has ceased, and Defendants are

7  the alter egos of one another. Defendants exercised domination and control over one another to

8  such an extent that any individuality or separateness of Defendants does not, and at all times herein

9  mentioned did not, exist. Adherence to the fiction of the separate existence of Defendants would

10  permit abuse of the corporate privilege and would sanction fraud and promote injustice. All actions

11  of all Defendants were taken by employees, supervisors, executives, officers, and directors during

12  employment with all Defendants, were taken on behalf of all Defendants, and were engaged in,

13  authorized, ratified, and approved of by all other Defendants.

14      5.      Defendant both directly and indirectly employed Plaintiff, as defined in the Fair

15  Employment and Housing Act ("FEHA") at *Government Code* section 12926(d).

16      6.      In addition, Defendant compelled, coerced, aided, and abetted the discrimination,

17  which is prohibited under California *Government Code* section 12940(i).

18      7.      Finally, at all relevant times mentioned herein, all Defendants acted as agents of all

19  other Defendants in committing the acts alleged herein.

20              **III.    VENUE AND JURISDICTION**

21      8.      Venue is proper in the County of Los Angeles because Defendants employed

22  Plaintiff in the County of Los Angeles, and the acts complained of herein occurred in the County

23  of Los Angeles.

24              **IV.    FACTS COMMON TO ALL CAUSES OF ACTION**

25      9.      *Plaintiff's hiring:* Defendant Garfield Beach CVS LLC dba CVS (hereafter "CVS"

26  or "Defendant") hired Plaintiff Jacqueline Ponce (hereafter "Ms. Ponce" or "Plaintiff") in or around

27  2009 as a Cashier. Plaintiff worked for Defendant at its location of 1747 N. Cahuenga Boulevard,

28  Hollywood, California 90028. Approximately one year after Plaintiff's hiring, Defendant promoted

THE LAW OFFICES OF GAVRIL T. GABRIEL
8255 FIRESTONE BLVD., SUITE 209
DOWNEY, CA 90241

-3-
**COMPLAINT FOR DAMAGES**

1    her to Supervisor. Ms. Ponce's job duties included making sure the store was in order, working as

2    a cashier, providing customer service to those in need of help, and ensuring that employees were

3    doing the tasks assigned to them, among other things. Plaintiff's most recent hourly rate while

4    employed by Defendant was $19.45.

5          10.      *Plaintiff's protected status:*

6          a.       Plaintiff is and identifies as female;

7          b.       Plaintiff possessed more than one disability as defined by *Government Code*

8    section 12926(m); and

9          c.       Plaintiff requested reasonable accommodation.

10         11.      In or around March of 2019, Ms. Ponce went out on disability due to a back injury.

11   While on disability, Ms. Ponce regularly communicated with Defendant's Human Resources

12   department in order to provide updates regarding her disability status and to check in.

13         12.      In or around October of 2019, Ms. Ponce returned to work and completed her work

14   shifts as normal. During this same month, Plaintiff informed the store manager, Laxman, and Amy,

15   a supervisor, that Plaintiff was pregnant.

16         13.      On or around December 12, 2019, Ms. Ponce went to the hospital due to an ankle

17   fracture. As a result, Ms. Ponce was placed on disability for approximately eight (8) weeks. Ms.

18   Ponce's husband went directly to Garfield Beach LLC dba CVS to inform them of Ms. Ponce's

19   injury. In addition, Ms. Ponce texted the store manager, Laxman to inform him of her injury.

20   Laxman told Ms. Ponce to contact Human Resources. Thereafter Plaintiff contacted Human

21   Resources and spoke with a representative who informed her that after seven days, Ms. Ponce

22   would be able to apply for disability. However, Ms. Ponce was unable to apply for disability until

23   she saw her doctor for her next appointment scheduled on January 9th, 2020.

24         14.      In or around January 9th, 2020, Ms. Ponce visited her doctor, who placed Plaintiff

25   on disability until March of 2020. Ms. Ponce was due to deliver her child around this time.

26         15.      On or around March 1st, 2020 Ms. Ponce delivered her child and notified Human

27   Resources that she would like to use additional disability through FMLA. Ms. Ponce was granted

28   this disability leave which ended around May of 2020.

THE LAW OFFICES OF GAVRIL T. GABRIEL
8255 FIRESTONE BLVD., SUITE 209
DOWNEY, CA 90241

-4-

**COMPLAINT FOR DAMAGES**

16.    Ms. Ponce thereafter contacted Human Resources and extended her leave until she was to report back to work on June 6th, 2020.

17.    In or around June 5th, 2020 Ms. Ponce called Human Resources requesting additional time for FMLA. The Human Resources representative Ms. Ponce spoke with informed her, "Okay I am going to send it for review, and we will let you know." Ms. Ponce did not hear back and continued to take her leave.

18.    In or around July 13th, 2020 Ms. Ponce called Human Resources to check in regarding her leave and returning to work. The Human Resources representative notified Ms. Ponce that she had been terminated because Plaintiff's FMLA request had been denied. Ms. Ponce asked why she never received an email, letter, or call to inform her of this denial. The Human Resources representative informed Ms. Ponce that they had sent the denial to Ms. Ponce's email; however, after a thorough search, Ms. Ponce did not receive any email.

19.    Defendant wrongfully terminated Plaintiff and failed to notify her that her employment had been terminated. Plaintiff believes and based thereon alleges that Defendant terminated Plaintiff due to her pregnancy, her disability and/or injury, and in retaliation for Plaintiff's requests for reasonable accommodation.

20.    Throughout Plaintiff's employment with Defendant, Plaintiff did not regularly receive rest breaks according to *Labor Code* section 226.7, as Plaintiff's rest breaks were often interrupted. Defendant failed to provide Plaintiff rest period penalties for each workday on which Plaintiff was not able to take her rest breaks.

21.    Throughout Plaintiff's employment with Defendant, Plaintiff did not regularly receive meal breaks according to *Labor Code* section 226.7. Further, Plaintiff could not leave Defendant's location during her lunch break. Defendant failed to provide Plaintiff meal period penalties for each workday on which Plaintiff was not able to take her meal breaks.

22.    Throughout Plaintiff's employment, Plaintiff often worked through her lunch breaks without receiving overtime compensation, in violation of *Labor Code* section 510. Further, Plaintiff's final paycheck did not include all amounts due and owing to her, including unpaid vacation pay and meal and rest break penalties, in violation of *Labor Code* section 201.

THE LAW OFFICES OF GAVRIL T. GABRIEL
8255 FIRESTONE BLVD., SUITE 209
DOWNEY, CA 90241

-5-

**COMPLAINT FOR DAMAGES**

23.     As a result of Defendants' discrimination, retaliation and wrongful employment termination, Plaintiff has been harmed. Plaintiff seeks economic and non-economic damages, in addition to interest, attorney's fees, and costs.

24.     Plaintiff has been discriminated against, retaliated against and wrongfully terminated by Defendants due to her gender, pregnancy, her actual and/or perceived disability and/or injuries, and requests for reasonable accommodation. As a result of said discrimination, retaliation and wrongful termination Plaintiff has been harmed on a continuous and ongoing basis. Plaintiff seeks economic and non-economic damages, in addition to interest, attorney's fees and costs.

25.     This is an action brought by Plaintiff, against Defendants, alleging, *inter alia*, (1) Failure to Pay Wages; (2) Failure to Pay Overtime Compensation; (3) Failure to Provide Meal Breaks; (4) Failure to Provide Rest Breaks; (5) Waiting Time Penalties; (6) Failure to Provide Accurate Itemized Wage Statements; (7) Disability/Pregnancy Discrimination; (8) Gender Discrimination; (9) Retaliation (Gov. Code, § 12940(h)); (10) Failure to Prevent Discrimination and Retaliation; (11) Failure to Provide Reasonable Accommodation; (12) Failure to Engage in Good Faith Interactive Process; (13) California Family Rights Act and Paid Leave Discrimination; (14) Retaliation for Requests for CFRA Leave; (15) Unfair and Unlawful Business Practices; and (16) Wrongful Termination [In Violation of Public Policy].

26.     *Economic damages:* As a consequence of Defendants' conduct, Plaintiff has suffered and will suffer harm, including lost wages, lost future income and employment benefits, damage to her career, lost overtime, unpaid expenses, and penalties, as well as interest on unpaid wages at the legal rate from and after each payday on which those wages should have been paid, in a sum to be proven at trial.

27.     *Non-economic damages:* As a consequence of Defendants' conduct, Plaintiff has suffered and will suffer psychological and emotional distress, humiliation, mental pain and physical pain and anguish, in a sum to be proven at trial.

28.     *Punitive damages:* Defendants' conduct constitutes oppression, fraud, and/or malice under California *Civil Code* section 3294 and, thus, entitles Plaintiff to an award of

THE LAW OFFICES OF GAVRIL T. GABRIEL
8255 FIRESTONE BLVD., SUITE 209
DOWNEY, CA 90241

-6-
**COMPLAINT FOR DAMAGES**

1  exemplary and/or punitive damages.

2      a.    *Malice:* Defendants' conduct was committed with malice within the meaning of

3  California *Civil Code* section 3294, including that (a) Defendants acted with intent to cause injury

4  to Plaintiff and/or acted with reckless disregard for Plaintiff's injury, including by terminating

5  Plaintiff's employment and/or taking other adverse job actions against Plaintiff because of her

6  gender, pregnancy, actual and/or perceived disability and/or injury, and reasonable accommodation

7  requests and/or (b) Defendants' conduct was despicable and committed in willful and conscious

8  disregard of Plaintiff's rights, health, and safety, including Plaintiff's right to be free of

9  discrimination, retaliation and wrongful employment termination.

10      b.    *Oppression:* In addition, and/or alternatively, Defendants' conduct was committed

11  with oppression within the meaning of *Civil Code* section 3294, including that Defendants' actions

12  against Plaintiff because of her gender, pregnancy, actual and/or perceived disability and/or injury,

13  and reasonable accommodation requests were "despicable" and subjected Plaintiff to cruel and

14  unjust hardship in knowing disregard of Plaintiff's rights to a work place free of discrimination,

15  retaliation and wrongful employment termination.

16      c.    *Fraud:* In addition, and/or alternatively, Defendants' conduct, as alleged, was

17  fraudulent within the meaning of California *Civil Code* section 3294, including that Defendants

18  asserted false (pretextual) grounds for terminating Plaintiff's employment and/or other adverse job

19  actions, thereby to cause Plaintiff hardship and deprive her of legal rights.

20      29.    *Exhaustion of administrative remedies:* Prior to filing this action, Plaintiff

21  exhausted her administrative remedies by filing a timely administrative complaint with the

22  Department of Fair Employment and Housing ("DFEH") and receiving a DFEH Right to Sue letter

23  ("**Exhibit A**").

24      30.    *Attorneys' fees:* Plaintiff has incurred and continues to incur legal expenses and

25  attorneys' fees.

26  

**V.    FIRST CAUSE OF ACTION**
(Failure to Pay Wages (Labor Code, § 201))
<u>(Against Defendants CVS and DOES 1 through 10)</u>

27

28      31.    Plaintiff re-alleges and incorporates by reference the allegations of Paragraphs 1

-7-

1   through 30 of this Complaint as though fully set forth herein.

2       32.    Plaintiff is informed and believes and based thereon alleges that California *Labor*

3   *Code* sections 201, 203, 226.7 and 510 were in full force and effect, and binding upon Defendants,

4   throughout the course of her employment.

5       33.    At all times relevant, Plaintiff was an employee of Defendants.

6       34.    Pursuant to *Labor Code* section 201(a), "If an employer discharges an employee,

7   the wages earned and unpaid at the time of discharge are due and payable immediately."

8       35.    Plaintiff, who was informed of her termination on or around July 13th, 2020, was

9   entitled to receive all amounts owed to her on the date of her termination, including unpaid vacation

10  pay, and meal and rest break penalties, among other things.

11      36.    Defendant failed to provide Plaintiff with all wages owed upon her termination.

12      37.    Further, Plaintiff's final paycheck did not include all wages owed to her, including

13  unpaid vacation pay, and meal and rest break penalties, among other things.

14      38.    Defendants refused and/or failed to promptly compensate Plaintiff all wages owed

15  to her on the date of her termination, in violation of *Labor Code* section 201.

16      39.    Defendants knew, or should have known, that Plaintiff was not timely provided all

17  amounts owed to her.

18      40.    As a proximate cause of Defendants' failure to provide Plaintiff all amounts owed

19  to her upon termination, Plaintiff has been harmed in that she has been denied full compensation

20  owed to her.

21      41.    As a result of the unlawful acts of Defendants, Plaintiff is entitled to recovery of

22  such unpaid wage amounts, plus interest and penalties thereon, attorney's fees and costs pursuant

23  to *Labor Code* sections 218.5, 218.6, and 1194.

24      42.    The damages caused by Defendants are well in excess of the minimum subject

25  matter jurisdictional amount of this Court and will be demonstrated according to proof.

26      WHEREFORE, Plaintiff demands judgment as hereafter set forth.

27  ///

28  ///

**COMPLAINT FOR DAMAGES**

THE LAW OFFICES OF GAVRIL T. GABRIEL
8255 FIRESTONE BLVD., SUITE 209
DOWNEY, CA 90241

# VI.   SECOND CAUSE OF ACTION
(Failure to Pay Overtime Compensation (Labor Code, §§ 510, 1194))
(Against Defendants CVS and DOES 1 through 10)

43.     Plaintiff re-alleges and incorporates by reference the allegations of Paragraphs 1 through 42 of this Complaint as though fully set forth herein.

44.     Plaintiff is informed and believes and based thereon alleges that California *Labor Code* sections 1194 and 510 were in full force and effect, and binding upon Defendants, throughout the course of her employment. Pursuant to *Labor Code* section 510(a), "Any work in excess of eight (8) hours in one workday and any work in excess of forty (40) hours in any one workweek... shall be compensated at the rate of no less than one and one-half times the regular rate of pay for an employee."

45.     At all times relevant, Plaintiff was an employee of Defendants.

46.     Plaintiff worked overtime hours while employed by Defendants. However, Plaintiff did not receive overtime compensation for all hours worked in excess of eight (8) hours per workday or forty (40) hours per workweek. Thus, Defendants deprived Plaintiff of all overtime compensation owed to her.

47.     Plaintiff believes and based thereon alleges that Defendant failed to compensate Plaintiff at least six (6) overtime hours monthly.

48.     Defendants knew or should have known that Plaintiff worked overtime hours.

49.     Defendants refused to compensate Plaintiff properly for all overtime hours worked, in violation of *Labor Code* section 510.

50.     As a result of Defendants' failure to provide Plaintiff proper overtime compensation, Plaintiff has been harmed in that she has been denied full compensation owed to her.

51.     As a result of the unlawful acts of Defendants, Plaintiff is entitled to recovery of such unpaid wage amounts, plus interest and penalties thereon, attorney's fees and costs of suit pursuant to *Labor Code* sections 218.5, 218.6, and 1194.

52.     The damages caused by Defendants are well in excess of the minimum subject matter jurisdictional amount of this Court and will be demonstrated according to proof.

COMPLAINT FOR DAMAGES

THE LAW OFFICES OF GAVRIL T. GABRIEL
8255 FIRESTONE BLVD., SUITE 209
DOWNEY, CA 90241

1    WHEREFORE, Plaintiff demands judgment as hereafter set forth.

2

3    **VII.    THIRD CAUSE OF ACTION**
     (Failure to Pay Wages for Meal Break Periods (Labor Code, § 226.7))
4    <u>(Against Defendants CVS and DOES 1 through 10)</u>

5        53.    Plaintiff re-alleges and incorporates by reference the allegations of Paragraphs 1

6    through 52 of this Complaint as though fully set forth herein.

7        54.    California *Labor Code* section 226.7 requires an employer to pay an additional hour

8    of compensation for each workday in which an employee is prevented from taking her meal period.

9    Employees are entitled to a meal period of at least thirty (30) minutes per five (5) hour work period.

10   Plaintiff consistently worked over five (5) hours without being permitted or allowed to take the

11   proper duty free thirty (30) minute legally required meal period.

12       55.    At all times relevant, Plaintiff was an employee of Defendants.

13       56.    Throughout her employment with Defendants, Plaintiff was regularly required to

14   work through her meal periods and/or was not given meal periods at all, in violation of *Labor Code*

15   section 226.7. Defendants also failed to make and keep accurate time records recording meal

16   periods provided to Plaintiff.

17       57.    Plaintiff is informed and believes, and based thereon alleges, that Defendants

18   prohibited and/or prevented her from taking her legally required meal periods.

19       58.    As a result of Defendants' violations of *Labor Code* section 226.7, Plaintiff is

20   entitled to damages in an amount equal to one (1) hour of wages per workday in which Plaintiff

21   was prevented from taking her meal period, in a sum to be proven at trial, plus interest and penalties

22   thereon, attorney's fees, and costs of suit, pursuant to *Labor Code* sections 218.5 and 218.6.

23       59.    The damages caused by Defendants are well in excess of the minimum subject

24   matter jurisdictional amount of this Court and will be demonstrated according to proof.

25       WHEREFORE, Plaintiff demands judgment as hereafter set forth.

26   ///

27   ///

28   ///

**COMPLAINT FOR DAMAGES**

THE LAW OFFICES OF GAVRIL T. GABRIEL
8255 FIRESTONE BLVD., SUITE 200
DOWNEY, CA 90241

### VIII.    FOURTH CAUSE OF ACTION
(Failure to Pay Wages for Rest Break Periods (Labor Code, § 226.7))
<u>(Against Defendants CVS and DOES 1 through 10)</u>

60.    Plaintiff re-alleges and incorporates by reference the allegations of Paragraphs 1 through 59 of this Complaint as though fully set forth herein.

61.    California *Labor Code* section 226.7 requires an employer to pay an additional hour of compensation for each workday in which an employee is prevented from taking her rest breaks. Employees are entitled to a paid ten (10) minute rest break for every four (4) hours or fraction thereof worked. Plaintiff consistently worked over four (4) hours per shift with no uninterrupted rest breaks during the relevant statutory period.

62.    At all times relevant, Plaintiff was an employee of Defendants.

63.    Defendants failed to provide or allow Plaintiff uninterrupted rest breaks of not less than ten (10) minutes for every four (4) hour work period as required by *Labor Code* section 226.7 during the relevant statutory period.

64.    Plaintiff is informed and believes, and based thereon alleges, that Defendants prohibited and/or prevented Plaintiff from taking her legally required rest breaks.

65.    As a result of Defendants' violations of *Labor Code* section 226.7, Plaintiff is entitled to damages in an amount equal to one (1) hour of wages per workday in which Plaintiff was prevented from taking her rest breaks, in a sum to be proven at trial, plus interest and penalties thereon, attorney's fees, and costs of suit, pursuant to *Labor Code* sections 218.5 and 218.6.

66.    The damages caused by Defendants are well in excess of the minimum subject matter jurisdictional amount of this Court and will be demonstrated according to proof.

WHEREFORE, Plaintiff demands judgment as hereafter set forth.

### IX.    FIFTH CAUSE OF ACTION
(Waiting Time Penalties (Labor Code, § 203))
<u>(Against Defendants CVS and DOES 1 through 10)</u>

67.    Plaintiff re-alleges and incorporates by reference the allegations of Paragraphs 1 through 66 of this Complaint as though fully set forth herein.

68.    Plaintiff is informed and believes and based thereon alleges that California *Labor*

THE LAW OFFICES OF GAVRIL T. GABRIEL
8255 FIRESTONE BLVD., SUITE 209
DOWNEY, CA 90241

-11-

THE LAW OFFICES OF GAVRIL T. GABRIEL
8255 FIRESTONE BLVD., SUITE 209
DOWNEY, CA 90241

1  *Code* sections 201, 203, 226.7, 510 and 1194 were in full force and effect, and binding upon

2  Defendants, throughout the course of her employment.

3        69.    At all times relevant, Plaintiff was an employee of Defendants.

4        70.    Plaintiff, who was terminated, was not provided all wages owed to her by

5  Defendants upon her termination, in violation of *Labor Code* section 203, which provides that if an

6  employer willfully fails to pay any wages of an employee who is discharged, the wages of the

7  employee shall continue as a penalty from the due date thereof at the same rate until paid (not to

8  exceed 30 days) or until an action is commenced.

9        71.    As a result of Defendants' failure to pay Plaintiff waiting time penalties, Plaintiff

10  has been harmed in that she has been deprived of all wages due and owing to her.

11        72.    As a result of the unlawful acts of Defendants, Plaintiff is entitled to recovery of

12  such unpaid wage amounts, penalties, plus interest and penalties thereon, attorneys' fees and costs

13  pursuant to *Labor Code* sections 203, 218.5, 218.6 and 1194.

14        73.    The damages caused by Defendants are well in excess of the minimum subject

15  matter jurisdictional amount of this Court and will be demonstrated according to proof.

16        WHEREFORE, Plaintiff demands judgment as hereafter set forth.

17

18  **X.    SIXTH CAUSE OF ACTION**
(Failure to Provide Accurate Itemized Wage Statements (Labor Code, § 226(e)))
<u>(Against Defendants CVS and DOES 1 through 10)</u>

19

20        74.    Plaintiff re-alleges and incorporates by reference the allegations of Paragraphs 1

21  through 73 of this Complaint as though fully set forth herein.

22        75.    At all times herein mentioned, *Labor Code* section 226 was in full force and effect

23  and was binding on Defendants. This statute requires an employer to provide an employee an

24  accurate itemized wage statement in writing showing, among other things, total hours worked by

25  the employee, all gross wages earned, and the correct applicable hourly rates.

26        76.    At all times relevant, Plaintiff was an employee of Defendants.

27        77.    Throughout Plaintiff's employment, Defendants failed to provide Plaintiff with

28  accurate itemized wage statements accurately showing all hours worked, as well as all applicable

**COMPLAINT FOR DAMAGES**

1  hourly rates in effect during the pay period and the corresponding number of hours worked at each

2  hourly rate by the employee, in violation of *Labor Code* section 226(e).

3      78.      During Plaintiff's employment, Defendant did not provide Plaintiff with overtime

4  compensation in violation of *Labor Code* sections 510 and 1194. Further, during Plaintiff's

5  employment, Defendant regularly failed to provide Plaintiff meal and rest breaks in violation of

6  *Labor Code* section 226.7. Plaintiff believes and based thereon alleges that Defendants failed to

7  provide accurate itemized wage statements so as to conceal their violations of *Labor Code* sections

8  226.7, 510 and 1194.

9      79.      Plaintiff was damaged and injured as a result of Defendants' violation of *Labor*

10  *Code* section 226.

11     80.      Pursuant to *Labor Code* section 226(e), Plaintiff is entitled to recover the greater of

12  all actual damages of fifty dollars ($50) for the initial pay period in which the violation occurs and

13  one hundred dollars ($100) per employee for each violation in subsequent pay periods not

14  exceeding an aggregate penalty of four thousand dollars ($4,000) and is entitled to an award of

15  costs and reasonable attorney's fees.

16     WHEREFORE, Plaintiff demands judgment as hereafter set forth.

17

18              **XI.      SEVENTH CAUSE OF ACTION**
         (Pregnancy/Disability Discrimination (In Violation of FEHA))
19              (Against Defendants CVS and DOES 1 through 10)

20     81.      Plaintiff re-alleges and incorporates by reference the allegations of Paragraphs 1

21  through 80 of this Complaint as though fully set forth herein.

22     82.      At all times mentioned herein, Defendants employed five or more persons, and

23  *Government Code* sections 12900 *et seq.*, were in full force and effect and binding on Defendants.

24  These sections require Defendants to refrain from discriminating against any employee as a result

25  of their disability, pursuant to section 12940(a). Further, these sections require Defendants to refrain

26  from discriminating against any employee for complaining about discrimination pursuant to

27  sections 12940(h) and 12940(j)(1).

28     83.      Plaintiff is a member of more than one protected class within the meaning of

THE LAW OFFICES OF GAVRIL T. GABRIEL
8255 FIRESTONE BLVD., SUITE 209
DOWNEY, CA 90241

-13-
**COMPLAINT FOR DAMAGES**

*Government Code* sections 12900 *et seq.*

84. At all times relevant, Plaintiff was an employee of Defendants.

85. During Plaintiff's employment, Plaintiff was pregnant, Plaintiff suffered from an injury and/or disability, and Plaintiff requested reasonable accommodation in the form of time off work.

86. During Plaintiff's employment with Defendants, Plaintiff experienced discrimination from Defendants in the form of disparate treatment on account of Plaintiff's pregnancy, and actual and/or perceived injury and/or disability, as herein alleged.

87. At all times material hereto, Plaintiff performed her duties and responsibilities as required by Defendants competently and above expectation.

88. Defendants treated Plaintiff less favorably than other employees. Plaintiff believes and based thereon alleges that her pregnancy, and actual and/or perceived injury and/or disability were factors in Defendants' discrimination of Plaintiff.

89. Plaintiff was informed of her termination on or around July 13th, 2020.

90. Plaintiff believes and based thereon alleges that her pregnancy, and her actual and/or perceived injury and/or disability, as well as her requests for reasonable accommodation were contributing factors in Defendant's decision to terminate Plaintiff.

91. Such discrimination is in violation of *Government Code* sections 12940 *et seq.*, and has resulted in damage and injury to Plaintiff, as alleged herein.

92. Within the time provided by law, Plaintiff filed a complaint with the California Department of Fair Employment and Housing, in full compliance with FEHA section 2699.3 and received and served upon Defendants a Right to Sue letter.

93. As a proximate cause of Defendants' willful, knowing, and intentional discrimination against Plaintiff, Plaintiff has sustained, and continues to sustain, substantial losses in earnings and other employee benefits.

94. As a direct and proximate cause of Defendants' unlawful conduct, Plaintiff has suffered and continues to suffer humiliation, emotional distress, physical pain and mental pain and anguish, all to her damage in a sum according to proof.

THE LAW OFFICES OF GAVRIL T. GABRIEL
8255 FIRESTONE BLVD., SUITE 209
DOWNEY, CA 90241

-14-
**COMPLAINT FOR DAMAGES**

95.     Defendants were aware of their obligation not to discriminate against Plaintiff based upon her pregnancy and her actual and/or perceived disability and/or injury pursuant to *Government Code* section 12940(a). However, Defendants failed to do so. Thus, Defendants intentionally disregarded the *Government Code* and discriminated against Plaintiff, so as to cause injury to Plaintiff. Further, Defendants' conduct was despicable in that it was carried on by Defendants with a willful and conscious disregard of the rights or safety of others, thereby constituting malice as defined by *Civil Code* section 3294.

96.     Defendants' discrimination against Plaintiff was despicable, and subjected Plaintiff to cruel and unjust hardship by subjecting Plaintiff to unwanted disparate treatment and humiliation, as herein alleged, in conscious disregard of Plaintiff's rights, thereby constituting oppression as defined by *Civil Code* section 3294.

97.     Defendants have acted in a malicious and oppressive manner by subjecting Plaintiff to unwanted discrimination and disparate treatment, entitling Plaintiff to punitive damages.

98.     Plaintiff has incurred and continues to incur legal expenses and attorney's fees. Pursuant to *Government Code* section 12965(b), Plaintiff is entitled to recover reasonable attorney's fees and costs (including expert costs) in an amount according to proof.

99.     The damages caused by Defendants are well in excess of the minimum subject matter jurisdictional amount of this Court and will be demonstrated according to proof.

WHEREFORE, Plaintiff demands judgment as hereafter set forth.

## XII.     EIGHTH CAUSE OF ACTION
### (Gender Discrimination (Gov. Code, § 12940(a)))
### (Against Defendants CVS and DOES 1 through 10)

100.     Plaintiff re-alleges and incorporates by reference the allegations of Paragraphs 1 through 99 of this Complaint as though fully set forth herein.

101.     At all times mentioned herein, Defendants employed five or more persons, and *Government Code* sections 12900 *et seq.*, were in full force and effect and binding on Defendants. These sections require Defendants to refrain from discriminating against any employee as a result of their gender, pursuant to section 12940(a). Further, these sections require Defendants to refrain

THE LAW OFFICES OF GAVRIL T. GABRIEL
8255 FIRESTONE BLVD., SUITE 209
DOWNEY, CA 90241

-15-
**COMPLAINT FOR DAMAGES**

1    from discriminating against any employee for complaining about discrimination pursuant to

2    sections 12940(h) and 12940(j)(1).

3        102.    Plaintiff is a member of a protected class within the meaning of *Government Code*

4    sections 12900 *et seq.*

5        103.    Plaintiff is, and identifies herself as, female.

6        104.    At all times relevant, Plaintiff was an employee of Defendants.

7        105.    During Plaintiff's employment with Defendants, Plaintiff experienced

8    discrimination from Defendants in the form of disparate treatment on account of Plaintiff's sex

9    and/or gender, as herein alleged.

10       106.    At all times material hereto, Plaintiff performed her duties and responsibilities as

11   required by Defendants competently and above expectation.

12       107.    Defendants treated Plaintiff less favorably than other employees. Plaintiff believes

13   and based thereon alleges that her sex and/or gender was a factor in Defendants' discrimination of

14   Plaintiff.

15       108.    Further, on or about July 13th, 2020, Defendants notified Plaintiff that her

16   employment had been terminated.

17       109.    Such discrimination is in violation of *Government Code* sections 12940 *et seq.*, and

18   has resulted in damage and injury to Plaintiff, as alleged herein.

19       110.    Within the time provided by law, Plaintiff filed a complaint with the California

20   Department of Fair Employment and Housing, in full compliance with FEHA section 2699.3 and

21   received and served upon Defendants a Right to Sue letter.

22       111.    As a proximate cause of Defendants' willful, knowing, and intentional

23   discrimination against Plaintiff, Plaintiff has sustained, and continues to sustain, substantial losses

24   in earnings and other employee benefits.

25       112.    As a direct and proximate cause of Defendants' unlawful conduct, Plaintiff has

26   suffered and continues to suffer humiliation, emotional distress, physical pain and mental pain and

27   anguish, all to her damage in a sum according to proof.

28       113.    Defendants were aware of their obligation not to discriminate against Plaintiff

THE LAW OFFICES OF GAVRIL T. GABRIEL
8255 FIRESTONE BLVD., SUITE 209
DOWNEY, CA 90241

-16-

**COMPLAINT FOR DAMAGES**

1   based upon her sex and/or gender pursuant to *Government Code* section 12940(a). However,

2   Defendants failed to do so. Thus, Defendants intentionally disregarded the *Government Code* and

3   discriminated against Plaintiff, so as to cause injury to Plaintiff. Further, Defendants' conduct was

4   despicable in that it was carried on by Defendants with a willful and conscious disregard of the

5   rights or safety of others, thereby constituting malice as defined by *Civil Code* section 3294.

6        114.   Defendants' discrimination against Plaintiff was despicable, and subjected Plaintiff

7   to cruel and unjust hardship by subjecting Plaintiff to unwanted disparate treatment, as herein

8   alleged, in conscious disregard of Plaintiff's rights, thereby constituting oppression as defined by

9   *Civil Code* section 3294.

10        115.   Defendants have acted in a malicious and oppressive manner by subjecting Plaintiff

11   to unwanted discrimination and disparate treatment, entitling Plaintiff to punitive damages.

12        116.   Plaintiff has incurred and continues to incur legal expenses and attorney's fees.

13   Pursuant to *Government Code* section 12965(b), Plaintiff is entitled to recover reasonable

14   attorney's fees and costs (including expert costs) in an amount according to proof.

15        117.   The damages caused by Defendants are well in excess of the minimum subject

16   matter jurisdictional amount of this Court and will be demonstrated according to proof.

17        WHEREFORE, Plaintiff demands judgment as hereafter set forth.

### XIII.   NINTH CAUSE OF ACTION
#### (Retaliation (Gov. Code, § 12940(h)))
#### (Against Defendants CVS and DOES 1 through 10)

21        118.   Plaintiff re-alleges and incorporates by reference the allegations of Paragraphs 1

22   through 117 of this Complaint as though fully set forth herein.

23        119.   At all times mentioned herein, Defendants employed five or more persons, and

24   *Government Code* sections 12900 *et seq.* were in full force and effect and binding on Defendants.

25   These sections require Defendants to refrain from retaliating against any employee due to gender,

26   an actual and/or perceived disability, requests for reasonable accommodation, and good-faith

27   complaints pursuant to section 12940(a).

28        120.   At all relevant times, Plaintiff was an employee of Defendants.

THE LAW OFFICES OF GAVRIL T. GABRIEL
8255 FIRESTONE BLVD., SUITE 209
DOWNEY, CA 90241

-17-

**COMPLAINT FOR DAMAGES**

121.     During Plaintiff's employment, Plaintiff suffered from an actual and/or perceived disability and/or injury, had more than one pregnancy, and requested reasonable accommodation, as herein alleged.

122.     Plaintiff is a member of more than one protected class within the meaning of *Government Code* sections 12900 *et seq.*

123.     Plaintiff was unlawfully discriminated against by Defendants in retaliation for her pregnancy, her actual and/or perceived disability and/or injury, and reasonable accommodation requests, in direct violation of FEHA.

124.     During her employment with Defendants, Plaintiff requested reasonable accommodation for her injuries and/or disability, and pregnancy.

125.     On or around June 5, 2020 Plaintiff requested reasonable accommodation in the form of additional time off work.

126.     On or around July 13, 2020, Plaintiff was informed by Defendant that she had been terminated after her accommodation request was denied. Defendant had not informed Plaintiff that her request was denied, nor that she was terminated.

127.     Plaintiff's gender, pregnancy, and actual and/or perceived disability and/or injury, and requests for reasonable accommodation were contributing factors in Defendants' retaliation against Plaintiff.

128.     Defendants' retaliation against Plaintiff was a substantial factor in causing Plaintiff's harm.

129.     As a proximate result of Defendants' willful, knowing, and intentional retaliation against Plaintiff, Plaintiff has sustained and continues to sustain substantial losses of earnings and other employment benefits.

130.     As a proximate result of Defendants' willful, knowing, and intentional retaliation against Plaintiff, Plaintiff has suffered and continues to suffer humiliation, emotional distress, physical pain and mental pain and anguish, all to her damage in a sum according to proof.

131.     Defendants were aware of their obligation not to retaliate against Plaintiff based upon her gender, pregnancy, and actual and/or perceived disability and/or injury, and reasonable

-18-
**COMPLAINT FOR DAMAGES**

THE LAW OFFICES OF GAVRIL T. GABRIEL
8255 FIRESTONE BLVD., SUITE 209
DOWNEY, CA 90241

1   accommodation requests, pursuant to FEHA and *Government Code* sections 12940 *et seq.*

2   However, Defendants failed to do so. Thus, Defendants intentionally disregarded FEHA and the

3   *Government Code* and retaliated against Plaintiff, so as to cause injury to Plaintiff. Further,

4   Defendants' conduct was despicable in that it was carried on by Defendants with a willful and

5   conscious disregard of the rights or safety of others, thereby constituting malice as defined by *Civil*

6   *Code* section 3294.

7       132.    Defendants' retaliation against Plaintiff based upon Plaintiff's pregnancy, and

8   actual and/or perceived disability and/or injury, and reasonable accommodation requests was

9   despicable, and subjected Plaintiff to cruel and unjust hardship by subjecting Plaintiff to disparate

10  treatment and wrongful employment termination, as herein alleged, in conscious disregard of

11  Plaintiff's rights, thereby constituting oppression as defined by *Civil Code* section 3294.

12      133.    Defendants have acted in a malicious and oppressive manner by retaliating against

13  Plaintiff based upon Plaintiff's gender, pregnancy, and actual and/or perceived disability and/or

14  injury, and reasonable accommodation requests, entitling Plaintiff to punitive damages.

15      134.    Plaintiff has incurred and continues to incur legal expenses and attorneys' fees.

16  Pursuant to *Government Code* section 12965(b), Plaintiff is entitled to recover reasonable

17  attorneys' fees and costs (including expert costs) in an amount according to proof.

18      135.    The damages caused by Defendants are well in excess of the minimum subject

19  matter jurisdictional amount of this Court, and will be demonstrated according to proof.

20      WHEREFORE, Plaintiff demands judgment as hereafter set forth.

21

22              **XIV.    TENTH CAUSE OF ACTION**
        (Failure to Prevent Discrimination and Retaliation (Gov. Code, § 12940(k)))
23              <u>(Against Defendants CVS and DOES 1 through 10)</u>

24      136.    Plaintiff re-alleges and incorporates by reference the allegations of Paragraphs 1

25  through 135 of this Complaint as though fully set forth herein.

26      137.    At all times mentioned herein, Defendants employed five or more persons, and

27  *Government Code* sections 12900 *et seq.*, were in full force and effect and binding on Defendants.

28  These sections require Defendants to take all reasonable steps necessary to prevent discrimination

THE LAW OFFICES OF GAVRIL T. GABRIEL
8255 FIRESTONE BLVD., SUITE 209
DOWNEY, CA 90241

-19-

**COMPLAINT FOR DAMAGES**

1  and retaliation from occurring pursuant to *Government Code* section 12940(k). Prior to filing this

2  Complaint, Plaintiff filed a timely administrative charge with the DFEH and received a Right to

3  Sue letter.

4       138.    At all times relevant, Plaintiff was an employee of Defendants.

5       139.    Throughout Plaintiff's employment with Defendants, Defendants failed to prevent

6  its employees from engaging in intentional actions that resulted in Plaintiff's being treated less

7  favorably because of Plaintiff's protected status (*i.e.,* her pregnancy, actual and/or perceived

8  disability and/or injury, and reasonable accommodation requests). During the course of Plaintiff's

9  employment, Defendants failed to prevent their employees from engaging in unjustified

10  employment practices against employees in such protected classes. Plaintiff has been subjected to

11  discrimination and retaliation, as herein described at the hands of Defendants and Defendants'

12  agents.

13      140.    Defendants failed to take all reasonable steps to prevent the discrimination and

14  retaliation faced by Plaintiff. As a result, Plaintiff was harmed.

15      141.    Defendants' failure to take all reasonable steps to prevent the discrimination and

16  retaliation was a substantial factor in causing Plaintiff's harm.

17      142.    Plaintiff believes, and on that basis alleges, that her pregnancy, and actual and/or

18  perceived disability and/or injury, and/or other protected status and/or other protected activity were

19  substantial motivating factors in Defendants' discrimination and retaliation of Plaintiff.

20      143.    As a proximate cause of Defendants' willful, knowing, and intentional failure to

21  prevent discrimination and retaliation against Plaintiff, Plaintiff has sustained, and continues to

22  sustain, substantial losses in earnings and other employee benefits.

23      144.    As a direct and proximate cause of Defendants' unlawful conduct, Plaintiff has

24  suffered and continues to suffer humiliation, emotional distress, physical pain and mental pain and

25  anguish, all to her damage in a sum according to proof.

26      145.    Defendants were aware of their obligation to prevent discrimination and retaliation,

27  pursuant to *Government Code* section 12940(k). However, Defendants failed to do so. Thus,

28  Defendants intentionally disregarded the *Government Code* and allowed discrimination and

THE LAW OFFICES OF GAVRIL T. GABRIEL
8255 FIRESTONE BLVD., SUITE 209
DOWNEY, CA 90241

-20-

**COMPLAINT FOR DAMAGES**

1  retaliation against Plaintiff, so as to cause injury to Plaintiff. Further, Defendants' conduct was

2  despicable in that it was carried on by Defendants with a willful and conscious disregard of the

3  rights or safety of others, thereby constituting malice as defined by *Civil Code* section 3294.

4      146.    Defendants' failure to prevent discrimination and retaliation against Plaintiff was

5  despicable, and subjected Plaintiff to cruel and unjust hardship by subjecting Plaintiff to said

6  discriminatory and retaliatory conduct, as herein alleged, in conscious disregard of Plaintiff's

7  rights, thereby constituting oppression as defined by *Civil Code* section 3294.

8      147.    Defendants have acted in a malicious and oppressive manner by failing to prevent

9  discrimination and retaliation against Plaintiff, entitling Plaintiff to punitive damages.

10      148.    Plaintiff has incurred and continues to incur legal expenses and attorney's fees.

11  Pursuant to *Government Code* section 12965(b), Plaintiff is entitled to recover reasonable

12  attorney's fees and costs (including expert costs) in an amount according to proof.

13      149.    The damages caused by Defendants are well in excess of the minimum subject

14  matter jurisdictional amount of this Court and will be demonstrated according to proof.

15      WHEREFORE, Plaintiff demands judgment as hereafter set forth.

16

17  ### XV.    ELEVENTH CAUSE OF ACTION
(Failure to Provide Reasonable Accommodation (Gov. Code, § 12940(m)))
<u>(Against Defendants CVS and DOES 1 through 10)</u>

18

19      150.    Plaintiff re-alleges and incorporates by reference the allegations of Paragraphs 1

20  through 149 of this Complaint as though fully set forth herein.

21      151.    At all times mentioned herein, Defendants employed five or more persons, and

22  *Government Code* sections 12900 *et seq.*, were in full force and effect and binding on Defendants.

23  These sections provide that it is an unlawful employment practice for Defendants to fail to provide

24  a reasonable accommodation for the known disability of an employee pursuant to section

25  12940(m)(1).

26      152.    At all times relevant, Plaintiff was an employee of Defendants.

27      153.    Plaintiff was able to perform the essential job duties of her position with reasonable

28  accommodation for her disability.

THE LAW OFFICES OF GAVRIL T. GAVRIL
8255 FIRESTONE BLVD., SUITE 209
DOWNEY, CA 90241

-21-
**COMPLAINT FOR DAMAGES**

154.     Plaintiff had a disability which limited her major life activity as defined by *Government Code* section 12926(m), and Defendants perceived Plaintiff as possessing a disability which limited her major life activity as defined by *Government Code* section 12926(m). As such, Plaintiff is a member of more than one protected class within the meaning of *Government Code* sections 12900 *et seq*.

155.     At all times material hereto, Plaintiff satisfactorily performed her duties and responsibilities as required by Defendants.

156.     While Plaintiff was employed by Defendants, Defendants were aware that Plaintiff was pregnant, as Plaintiff informed Defendant that she was pregnant.

157.     Plaintiff requested reasonable accommodation in the form of time off of work for pregnancy leave. On or around June 5, 2020 Plaintiff requested accommodation in the form of additional time off work.

158.     Defendants failed to provide Plaintiff reasonable accommodation in response to her requests for such. Rather, Defendant terminated Plaintiff's employment on or around July 13th, 2020.

159.     Although Defendants knew of Plaintiff's pregnancy and/or disability, Defendants refused to accommodate Plaintiff's disability and/or perceived disability upon Plaintiff's request, and instead terminated Plaintiff because of her pregnancy and/or disability, in direct contravention of the FEHA, and specifically in violation of California *Government Code* section 12940.

160.     Defendants failed to provide reasonable accommodation for Plaintiff's actual and/or perceived disability. Defendants' failure to provide reasonable accommodation was a substantial factor in causing Plaintiff's harm.

161.     As a proximate cause of Defendants' willful, knowing, and intentional failure to provide reasonable accommodation, Plaintiff has sustained, and continues to sustain, substantial losses in earnings and other employee benefits.

162.     As a direct and proximate cause of Defendants' unlawful conduct, Plaintiff has suffered and continues to suffer humiliation, emotional distress, physical pain and mental pain and anguish, all to her damage in a sum according to proof.

THE LAW OFFICES OF GAVRIL T. GABRIEL
8255 FIRESTONE BLVD., SUITE 209
DOWNEY, CA 90241

-22-

**COMPLAINT FOR DAMAGES**

163.     Defendants were aware of their obligation to provide reasonable accommodation, pursuant to *Government Code* section 12940(m). However, Defendants failed to do so. Thus, Defendants intentionally disregarded the *Government Code* and failed to provide Plaintiff reasonable accommodation, so as to cause injury to Plaintiff. Further, Defendants' conduct was despicable in that it was carried on by Defendants with a willful and conscious disregard of the rights or safety of others, thereby constituting malice as defined by *Civil Code* section 3294.

164.     Defendants' failure to provide Plaintiff reasonable accommodation was despicable, and subjected Plaintiff to cruel and unjust hardship by ignoring Plaintiff's work restrictions and risking further harm to Plaintiff, in conscious disregard of Plaintiff's rights, thereby constituting oppression as defined by *Civil Code* section 3294.

165.     Defendants have acted in a malicious and oppressive manner due to their failure to provide Plaintiff reasonable accommodation, entitling Plaintiff to punitive damages.

166.     Plaintiff has incurred and continues to incur legal expenses and attorney's fees. Pursuant to *Government Code* section 12965(b), Plaintiff is entitled to recover reasonable attorney's fees and costs (including expert costs) in an amount according to proof.

167.     The damages caused by Defendants are well in excess of the minimum subject matter jurisdictional amount of this Court and will be demonstrated according to proof.

WHEREFORE, Plaintiff demands judgment as hereafter set forth.

### XVI.     TWELFTH CAUSE OF ACTION
(Failure to Engage in Good Faith Interactive Process (Gov. Code, § 12940(n)))
<u>(Against Defendants CVS and DOES 1 through 10)</u>

168.     Plaintiff re-alleges and incorporates by reference the allegations of Paragraphs 1 through 167 of this Complaint as though fully set forth herein.

169.     At all times mentioned herein, Defendants employed five or more persons, and *Government Code* sections 12900 *et seq.*, were in full force and effect and binding on Defendants. These sections provide that it is an unlawful employment practice for Defendants to fail to engage in a timely, good faith interactive process with an employee to determine effective reasonable accommodations in response to a request by an employee with a disability pursuant to section

THE LAW OFFICES OF GAVRIL T. GABRIEL
8255 FIRESTONE BLVD., SUITE 209
DOWNEY, CA 90241

-23-
**COMPLAINT FOR DAMAGES**

1   12940(n).

2        170.    At all times relevant, Plaintiff was an employee of Defendants.

3        171.    Plaintiff had a disability as defined by California *Government Code* section

4   12926(m), and as such, Plaintiff is a member of a protected class within the meaning of *Government*

5   *Code* sections 12900 *et seq*. At all times material hereto, Plaintiff satisfactorily performed her duties

6   and responsibilities as required by Defendants.

7        172.    Defendants were aware that Plaintiff required accommodations as Plaintiff

8   informed Defendants of her pregnancy. Further Plaintiff requested that Defendants make

9   reasonable accommodation for her disability so that she would be able to perform her essential job

10  requirements.

11       173.    Plaintiff was willing to participate in an interactive process to determine whether

12  reasonable accommodation could be made so that she would be able to perform her essential job

13  requirements.

14       174.    Defendants failed to participate in a timely good-faith interactive process with

15  Plaintiff to determine whether reasonable accommodation could be made.

16       175.    As a result of Defendants' failure to engage in a good faith interactive process,

17  Plaintiff was harmed.

18       176.    As a proximate cause of Defendants' willful, knowing, and intentional failure to

19  engage in a good faith interactive process, Plaintiff has sustained, and continues to sustain,

20  substantial losses in earnings and other employee benefits.

21       177.    As a direct and proximate cause of Defendants' unlawful conduct, Plaintiff has

22  suffered and continues to suffer humiliation, emotional distress, physical pain and mental pain and

23  anguish, all to her damage in a sum according to proof.

24       178.    Defendants were aware of their obligation to engage in good faith interactive

25  process so as to determine reasonable accommodation for Plaintiff, pursuant to *Government Code*

26  section 12940(n). However, Defendants failed to do so. Thus, Defendants intentionally disregarded

27  the *Government Code* and failed to engage in good faith interactive process so as to determine

28  reasonable accommodation for Plaintiff, so as to cause injury to Plaintiff. Further, Defendants'

THE LAW OFFICES OF GAVRIL T. GABRIEL
8255 FIRESTONE BLVD., SUITE 209
DOWNEY, CA 90241

-24-

**COMPLAINT FOR DAMAGES**

1   conduct was despicable in that it was carried on by Defendants with a willful and conscious

2   disregard of the rights or safety of others, thereby constituting malice as defined by *Civil Code*

3   section 3294.

4          179.    Defendants' failure to engage in good faith interactive process was despicable, and

5   subjected Plaintiff to cruel and unjust hardship by failing to determine reasonable accommodation

6   for Plaintiff, risking further harm to Plaintiff, as herein alleged, in conscious disregard of Plaintiff's

7   rights, thereby constituting oppression as defined by *Civil Code* section 3294.

8          180.    Defendants have acted in a malicious and oppressive manner by failing to engage

9   in good faith interactive process to determine reasonable accommodation for Plaintiff, entitling

10  Plaintiff to punitive damages.

11         181.    Plaintiff has incurred and continues to incur legal expenses and attorney's fees.

12  Pursuant to *Government Code* section 12965(b), Plaintiff is entitled to recover reasonable

13  attorney's fees and costs (including expert costs) in an amount according to proof.

14         182.    The damages caused by Defendants are well in excess of the minimum subject

15  matter jurisdictional amount of this Court and will be demonstrated according to proof.

16         WHEREFORE, Plaintiff demands judgment as hereafter set forth.

17

18  ### XVII.   THIRTEENTH CAUSE OF ACTION
    (CFRA Discrimination/Interference (In Violation of FEHA))
19  (Against Defendants CVS and DOES 1 through 10)

20         183.    Plaintiff re-alleges and incorporates by reference the allegations of Paragraphs 1

21  through 182 of this Complaint as if fully set forth herein.

22         184.    Under the Fair Employment and Housing Act ("FEHA"), *Government Code*

23  sections 12940 *et seq.*, and more specifically, the California Family Rights Act ("CFRA"), it is an

24  unlawful employment practice for an employer to refuse to grant a request by any employee to take

25  up to 12 work weeks in any 12 month period for family and medical leave. It is an unlawful

26  employment practice for an employer to interfere with an employee's right or ability to take up to

27  12 work weeks in any 12 month period for family and medical leave. It is an unlawful employment

28  practice for the employer to fail to guarantee, to each employer taking family or medical leave

**COMPLAINT FOR DAMAGES**

THE LAW OFFICES OF GAVRIL T. GABRIEL
8255 FIRESTONE BLVD., SUITE 209
DOWNEY, CA 90241

employment in the same or comparable position at the end of the family or medical leave. It is an unlawful employment practice for an employer to refuse to hire, to discharge, fine, suspend, expel, discriminate or harass an employee because of an employee's exercise of the right to family care and medical leave; because of an individual's giving information or testimony as to his or her own family care and medical leave, or another person's family care and medical leave, in any inquiry or proceedings related to rights guaranteed under the California Family Rights Act.

185. At all times mentioned in this complaint, CVS was an employer who employed more than 50 employees in a 75 mile radius of Plaintiff's place of work.

186. At all times mentioned in this complaint, Plaintiff was an employee of Defendant and Plaintiff worked at least 1,250 hours during each previous 12 month period.

187. Plaintiff's protected status under the FEHA is Plaintiff's exercise of and/or attempts to exercise family and/or medical leave rights, including her right to baby-bonding leave, and/of Plaintiff's giving information and/or testimony as to Plaintiff's or another person's CFRA in an inquiry and/or proceedings related to rights guaranteed under the CFRA. Plaintiff complied with all applicable requirements, if any, of the Defednants and of the CFRA.

188. Defendant CVS knew, perceived, and/or believed that Plaintiff had the aforementioned protected status, described hereinabove.

189. At all times mentioned in this complaint, Plaintiff performed work competently for Defendants.

190. Defendants failed and refused to comply with the CFRA, as described hereinabove. Defendants refused to honor Plaintiff's family and medical leave; interfered with Plaintiff's right or ability to take family and medical leave, failed to guarantee Plaintiff's employment in the same or comparable position at the end of family or medical leave; and/or discharged, failed to reinstate, discriminated against and/or harassed Plaintiff because of Plaintiff's exercise of and/or attempts to exercise family and/or medical leave rights and/or because of Plaintiff's giving information and/or testimony as to Plaintiff's or another person's family and medical leave in an inquiry and/or proceedings related to rights guaranteed under the CFRA.

191. The Plaintiff's exercise of, attempts to exercise and/or cooperation in providing

THE LAW OFFICES OF GAVRIL T. GABRIEL
8255 FIRESTONE BLVD., SUITE 209
DOWNEY, CA 90241

-26-

**COMPLAINT FOR DAMAGES**

1   information for family and medical leave was a motivating factor in Defendants' aforementioned

2   decisions that were adverse to Plaintiff.

3         192.    Plaintiff's exercise of, attempts to exercise and/or cooperation in providing

4   information for family and medical leave was a motivating factor in Defendants' aforementioned

5   decision to terminate Plaintiff; Defendants' failure to reinstate Plaintiff; Defendants' failure to

6   guarantee Plaintiff employment in the same or similar position after family and medical leave;

7   Defendants' decision to discriminate against Plaintiff; and/or to harass Plaintiff.

8         193.    As a direct, legal, and proximate cause of Plaintiff's aforementioned protected

9   status, Defendants discriminated and harassed Plaintiff including, but not, limited to, the following

10  ways: Defendants hired and/or assigned employees, who did not have Plaintiff's protected status,

11  to assume the duties and responsibilities that Plaintiff had and/or sought; the employees that

12  Defendants hired and/or assigned to assume the duties and responsibilities that Plaintiff had and/or

13  sought were not as qualified as Plaintiff to assume those duties and responsibilities; Defendants

14  made discriminatory statements based on Plaintiff's aforementioned protected status, as described

15  hereinabove; Defendants gave no reason for the aforementioned adverse actions, described herein

16  above, and/or gave a vague, false reason for the adverse actions; Defendants did not follow its own

17  internal rules and procedures in taking adverse action against Plaintiff; Defendants treated Plaintiff

18  differently than employees not in the same protected status by giving those employees lesser or no

19  discipline, for the same or more grievous offenses than Defendants charged Plaintiff with;

20  Defendants have a pattern and practice of discriminating against employees in the aforementioned

21  protected status of Plaintiff, described hereinabove; and/or Defendants implemented policies and

22  procedures that had an adverse impact on Plaintiff and other employees with the same protected

23  status as Plaintiff, as described hereinabove.

24        194.    As a direct, foreseeable, and proximate result of Defendants' conduct as alleged

25  above, Plaintiff has suffered lost income, employment, and care opportunities, and has suffered and

26  continues to suffer other economic loss, the precise amount of which will be proven at trial.

27        195.    As a direct, foreseeable and proximate result of Defendants' conduct, as alleged

28  above, Plaintiff has suffered and continues to suffer great anxiety, embarrassment, anger, loss of

THE LAW OFFICES OF GAVRIL T. GABRIEL
8255 FIRESTONE BLVD., SUITE 209
DOWNEY, CA 90241

-27-

**COMPLAINT FOR DAMAGES**

1  enjoyment of life, and severe emotional distress, the precise amount of which will be proven at

2  trial.

3      196.    The conduct which Plaintiff complains of in this complaint, and which is alleged

4  above, was carried out by the Defendants willfully, intentionally, and with oppression, malice and

5  fraud and was carried out with conscious disregard of Plaintiff 's rights and as such Plaintiff is

6  entitled to an award of exemplary damages according to proof. The aforementioned conducted on

7  which punitive damages is alleged, as described hereinabove, was done with the advance

8  knowledge by an officer, director and/or managing agent of Defendants, of the unfitness of the

9  employee and the employee was employed with a conscious disregard of the rights and/or safety or

10 others. The aforementioned conducted on which punitive damages is alleged, as described

11 hereinabove, was authorized, ratified and/or committed by an officer, director, and/or managing

12 agent of Defendants.

13     197.    As further direct, legal and proximate result of defendants' conduct, Plaintiff was

14 caused to and did employ the services of counsel to prosecute this action, and is accordingly entitled

15 to an award of attorneys' fees according to proof.

16     198.    The damages caused by Defendants are well in excess of the minimum subject

17 matter jurisdictional amount of this Court and will be demonstrated according to proof.

18     WHEREFORE, Plaintiff demands judgment as hereafter set forth.

19

20     **XVIII. FOURTEENTH CAUSE OF ACTION**
       (Retaliation for Requests for CFRA (In Violation of FEHA)
21     (Against Defendants CVS and DOES 1 through 10)

22     199.    Plaintiff re-alleges and incorporates by reference the allegations of Paragraphs 1

23 through 198 of this Complaint as though fully set forth herein.

24     200.    Under the Fair Employment and Housing Act ("FEHA"), *Government Code*

25 sections 12940 *et seq.*, it is an unlawful employment practice for an employer to discharge, expel,

26 or otherwise discriminate against any person because the person has opposed any practices

27 forbidden under the Fair Employment and Housing Act or because the person has filed a complaint,

28 testified or assisted in any proceedings under the Fair Employment and Housing Act.

THE LAW OFFICES OF GAVRIL T. GABRIEL
8255 FIRESTONE BLVD., SUITE 209
DOWNEY, CA 90241

-28-

**COMPLAINT FOR DAMAGES**

201. Under the Fair Employment and Housing Act ("FEHA"), *Government Code* section 12940 *et seq.*, it is an unlawful employment practice for an employer because of a person's Family and Medical Leave, to refuse to hire or employ the person, to refuse to select the person for a training program leading to employment, to bar or discharge the person from employment or from a training program leading to employment, or to discriminate against the person in compensation or in terms, conditions, or privileges of employment. It is unlawful, under the Fair Employment and Housing Act ("FEHA"), *Government Code* section 12940, for an employer to fail to make reasonable accommodation for the known physical or mental Family and Medical Leave of an employee. It is unlawful, under the Fair Employment and Housing Act ("FEHA"), *Government Code* section 12940, for an employer to fail to engage in a timely, good faith, interactive process with the employee to determine effective reasonable accommodations for an employee with a known physical or mental Family and Medical Leave. It is unlawful, under the Fair Employment and Housing Act ("FEHA") and *Government Code* sections 12940 *et seq.*, to harass an employee because of a person's Family and Medical Leave.

202. Plaintiff requested reasonable accommodation, requested to engage in an interactive process, opposed CFRA discrimination and/or harassment by Defendants, complained that Defendants failed to provide reasonable accommodation, failed to engage in an interactive process, committed CFRA discrimination and/or harassment, protested CFRA discrimination and/or harassment by Defendants, when Plaintiff engaged in the aforementioned activity, Plaintiff was engaged in protected activity under the FEHA.

203. At all times mentioned in this complaint, Plaintiff performed work competently for Defendants.

204. Defendants made decisions adverse to the Plaintiff in regards to compensation and terms, conditions and privileges of employment. Defendants terminated Plaintiff, refused to hire Plaintiff, refused to employ Plaintiff, and/or failed to reinstate Plaintiff.

205. Plaintiff's aforementioned protected activity, as described hereinabove, was a motivating factor in Defendants' decisions that were adverse to Plaintiff in regards to compensation and terms, conditions and privileges of employment. Plaintiff's aforementioned protected activity,

THE LAW OFFICES OF GAVRIL T. GABRIEL
8255 FIRESTONE BLVD., SUITE 209
DOWNEY, CA 90241

-29-

**COMPLAINT FOR DAMAGES**

1   as described hereinabove, was a motivating factor in Defendants' decision to terminate Plaintiff; to

2   refuse to employ Plaintiff; and/or Defendants' failure to reinstate Plaintiff.

3          206.    As a direct, legal, and proximate cause of Plaintiff's aforementioned protected

4   status, described hereinabove, Defendants retaliated against Plaintiff including, but not limited to,

5   the following ways: Defendants hired and/or assigned employees, who did not have Plaintiff's

6   protected status, to assume the duties and responsibilities that Plaintiff had and/or sought; the

7   employees that Defendants hired and/or assigned to assume the duties and responsibilities that

8   Plaintiff had and/or sought were not as qualified as Plaintiff to assume those duties and

9   responsibilities; Defendants made discriminatory statements based on Plaintiff's aforementioned

10  protected status, as described hereinabove; Defendants gave no reason for the aforementioned

11  adverse actions, described herein above, and/or gave a vague and false reason for the adverse

12  actions, Defendant did not follow its own internal rules and procedures in taking adverse action

13  against Plaintiff; Defendants treated Plaintiff differently than employees not in the same protected

14  status by giving those employees lesser or no discipline for the same or more grievous offenses

15  than Defendants charged Plaintiff with; Defendants have a pattern and practice of discriminating

16  against employees in the aforementioned protected status of Plaintiff, described hereinabove;

17  and/or Defendants implemented policies and procedures that had an adverse impact on Plaintiff and

18  other employees with the same protected status as Plaintiff, as described hereinabove.

19         207.    As a direct, foreseeable, and proximate result of Defendants' conduct, as alleged

20  above, Plaintiff has suffered lost income, employment, and career opportunities, and has suffered

21  and continues to suffer other economic loss, the precise amount of which will be proven at trial.

22         208.    As a direct, foreseeable and proximate result of Defendants' conduct, as alleged

23  above, Plaintiff has suffered and continues to suffer great anxiety, embarrassment, anger, loss of

24  enjoyment of life, and severe emotional distress, the precise amount of which will be proven at

25  trial.

26         209.    The conduct which Plaintiff complains of in this complaint, and which is alleged

27  above, was carried out by the Defendants willfully, intentionally, and with oppression, malice and

28  fraud and was carried out with conscious disregard of Plaintiff's rights as and as such Plaintiff is

THE LAW OFFICES OF GAVRIL T. GABRIEL
8255 FIRESTONE BLVD., SUITE 209
DOWNEY, CA 90241

-30-

**COMPLAINT FOR DAMAGES**

1  entitled to an award of exemplary damages according to proof. The aforementioned conducted on

2  which punitive damages is alleged, as described hereinabove, was done with the advance

3  knowledge by an officer, director and/or managing agent of Defendants, of the unfitness of the

4  employee and the employee was employed with a conscious disregard of the rights and/or safety or

5  others. The aforementioned conducted on which punitive damages is alleged, as described

6  hereinabove, was authorized, ratified and/or committed by an officer, director, and/or managing

7  agent of Defendants.

8      210.    As further direct, legal and proximate result of defendants' conduct, Plaintiff was

9  caused to and did employ the services of counsel to prosecute this action, and is accordingly entitled

10  to an award of attorneys' fees according to proof.

11      211.    The damages caused by Defendants are well in excess of the minimum subject

12  matter jurisdictional amount of this Court, and will be demonstrated according to proof.

13      WHEREFORE, Plaintiff demands judgment as hereafter set forth.

14

15  ### XIX.    FIFTEENTH CAUSE OF ACTION
   (Unfair and Unlawful Business Practices (Bus. & Prof. Code, §§ 17200 *et seq.*))
   (Against Defendants CVS and DOES 1 through 10)

16

17      212.    Plaintiff re-alleges and incorporates by reference the allegations of Paragraphs 1

18  through 211 of this Complaint as though fully set forth herein.

19      213.    Plaintiff, on behalf of herself, brings these claims pursuant to *Business &*

20  *Professions Code* sections 17200 *et seq.* The conduct of Defendants as alleged in this Complaint

21  has been and continues to be unfair, unlawful, and harmful to Plaintiff and the general public.

22  Plaintiff seeks to enforce important rights affecting the public interest within the meaning of

23  California *Code of Civil Procedure* section 1021.5.

24      214.    Plaintiff is a "person who has suffered injury in fact and has lost money or property

25  as a result of such unfair competition" within the meaning of *Business & Professions Code* section

26  17204, in that she has been deprived of wages, and therefore has standing to bring this cause for

27  injunctive relief, restitution, and other appropriate equitable relief.

28      215.    *Business & Professions Code* sections 17200 *et seq.*, prohibit unlawful and unfair

THE LAW OFFICES OF GAVRIL T. GABRIEL
8255 FIRESTONE BLVD., SUITE 209
DOWNEY, CA 90241

-31-
**COMPLAINT FOR DAMAGES**

1 │ business practices.

2 │     216.    Wage and hour laws express fundamental public policies. Providing employees

3 │ with wages is also a fundamental public policy of this state and of the United States. California

4 │ *Labor Code* section 90.5(a) articulates the public policies of this State to enforce vigorously

5 │ minimum labor standards to ensure that employees are not required or permitted to work under

6 │ substandard and unlawful conditions, and to protect law abiding employers and their employees

7 │ from competitors who lower their cost by failing to comply with minimum labor standards,

8 │ including failing to properly compensate employees.

9 │     217.    Defendants, beginning at an exact date unknown to Plaintiff, but at least since the

10 │ date four years prior to the filing of this suit, have committed acts of unfair competition as defined

11 │ by the Unfair Business Practice Act, and have violated statutes of public policies. Through the

12 │ conduct alleged in this Complaint, Defendants have acted contrary to these public policies, have

13 │ violated specific provisions of the *Labor Code*, and have engaged in other unlawful and unfair

14 │ business practices in violation of *Business & Professions Code* section 17200 *et seq.*, depriving

15 │ Plaintiff and all interested persons, of the benefits and privileges guaranteed to all employees under

16 │ law.

17 │     218.    The conduct of said Defendants as alleged herein, constitutes unfair competition in

18 │ violation of section 17200 of the *Business & Professions Code*, in that Defendants have violated

19 │ *Labor Code* sections 201, 203, 226, 226.7, 510 and 1194.

20 │     219.    Defendants, by engaging in the conduct herein alleged, including but not limited

21 │ to, non-payment of all wages owed upon termination, failure to pay overtime compensation, failure

22 │ to provide meal and rest breaks, and failure to provide reasonable accommodation, either knew, or

23 │ in the exercise of reasonable care, should have known that such conduct was unlawful and a

24 │ violation of section 17200 of the *Business & Professions Code*.

25 │     220.    Unless restrained by this Court, Defendants will continue to engage in the unlawful

26 │ conduct as alleged above. Pursuant to *Business & Professions Code* sections 17200 *et seq.*, this

27 │ Court should make such orders or judgments, including the appointment of a receiver, as may be

28 │ necessary, to prevent unlawful employment practices by Defendants, their agents or employees, of

THE LAW OFFICES OF GAVRIL T. GABRIEL
8255 FIRESTONE BLVD., SUITE 209
DOWNEY, CA 90241

-32-

**COMPLAINT FOR DAMAGES**

1    any unlawful or deceptive practice prohibited by the *Business & Professions Code*, including but

2    not limited to, restitution which may be necessary to restore Plaintiff and other similarly situated

3    employees, the wages Defendants have unlawfully failed to pay.

4         221.    Plaintiff's success in this action will enforce important rights affecting the public

5    interest, and in that regard, Plaintiff sues on behalf of the general public as well as herself and others

6    similarly situated. Plaintiff is entitled to restitution, civil penalties, declaratory and injunctive relief,

7    and all other equitable remedies owing to her.

8         222.    The action is seeking to vindicate a public right, and it would be against the interests

9    of justice to penalize Plaintiff by forcing her to pay attorneys' fees from the recovery in this action.

10   An award of attorneys' fees is appropriate pursuant to *Code of Civil Procedure* section 1021.5 and

11   otherwise.

12        WHEREFORE, Plaintiff demands judgment as hereafter set forth.

13

14                         **XX.    SIXTEENTH CAUSE OF ACTION**
                     (Wrongful Termination (In Violation of Public Policy))
15                    (Against Defendants CVS and DOES 1 through 10)

16        223.    Plaintiff re-alleges and incorporates by reference the allegations of Paragraphs 1

17   through 222 of this Complaint as though fully set forth herein.

18        224.    At all times herein mentioned in this Complaint, California *Government Code*

19   sections 12940 *et seq.*, and California Constitution Article 1, section 8, were in full force and effect

20   and were binding on the Defendants and the Defendants were subject to their terms, and therefore

21   Defendants were required to refrain from violations of public policy, including discrimination on

22   the account of Plaintiff's gender, pregnancy, disability and/or injury, and requests for reasonable

23   accommodation, among other things.

24        225.    At all times relevant, Plaintiff was an employee of Defendants.

25        226.    Defendants informed Plaintiff of her termination on or around July 13, 2020.

26        227.    Plaintiff believes, and based thereon alleges, that her gender, pregnancy, actual

27   and/or perceived disability and/or injury, and requests for reasonable accommodation were

28   substantial motivating reasons for Defendants' decision to terminate Plaintiff's employment.

THE LAW OFFICES OF GAVRIL T. GABRIEL
8255 FIRESTONE BLVD., SUITE 209
DOWNEY, CA 90241

-33-
**COMPLAINT FOR DAMAGES**

228. Defendants' wrongful termination of Plaintiff in violation of public policy caused Plaintiff harm.

229. As a proximate cause of Defendants' willful, knowing, and intentional wrongful termination of Plaintiff, Plaintiff has sustained, and continues to sustain, substantial losses in earnings and other employee benefits.

230. As a direct and proximate cause of Defendants' unlawful conduct, Plaintiff has suffered and continues to suffer humiliation, emotional distress, physical pain and mental pain and anguish, all to her damage in a sum according to proof.

231. Defendants were aware of their obligation not to wrongfully terminate Plaintiff based upon her gender, pregnancy, actual and/or perceived disability and/or injury, and requests for reasonable accommodation, pursuant to Public Policy. However, Defendants failed to do so. Thus, Defendants intentionally disregarded Public Policy and wrongfully terminated Plaintiff, so as to cause injury to Plaintiff. Further, Defendants' conduct was despicable in that it was carried on by Defendants with a willful and conscious disregard of the rights or safety of others, thereby constituting malice as defined by *Civil Code* section 3294.

232. Defendants' wrongful termination of Plaintiff's employment was despicable, and subjected Plaintiff to cruel and unjust hardship, as herein alleged, in conscious disregard of Plaintiff's rights, thereby constituting oppression as defined by *Civil Code* section 3294.

233. Defendants' wrongful termination of Plaintiff's employment was fraudulent in that Defendants intentionally misrepresented their reason for Plaintiff's termination. Said misrepresentation was made by Defendants in order to deprive Plaintiff of legal rights or otherwise cause her injury. Plaintiff believes and alleges that she was terminated due to her gender, pregnancy, actual and/or perceived disability and/or injury, and requests for reasonable accommodation. Defendants' misrepresentation of their reason for Plaintiff's termination thereby constitutes fraud as defined by *Civil Code* section 3294.

234. Defendants have acted in a malicious, oppressive and fraudulent manner in their wrongful termination of Plaintiff's employment, entitling Plaintiff to punitive damages.

235. Plaintiff has incurred and continues to incur legal expenses and attorney's fees.

-34-

**COMPLAINT FOR DAMAGES**

THE LAW OFFICES OF GAVRIL T. GABRIEL
8255 FIRESTONE BLVD., SUITE 209
DOWNEY, CA 90241

1   Pursuant to *Government Code* section 12965(b), Plaintiff is entitled to recover reasonable

2   attorney's fees and cost of suit (including expert costs) in an amount according to proof.

3   236.    The damages caused by Defendants are well in excess of the minimum subject

4   matter jurisdictional amount of this Court and will be demonstrated according to proof.

5   WHEREFORE, Plaintiff demands judgment as hereafter set forth.

6   ### XXI.    PRAYER FOR RELIEF

7   **WHEREFORE,** Plaintiff prays for judgment, against Defendants, and each of them, as

8   follows:

9   *ON ALL CAUSES OF ACTION*

10   1.    For general damages according to proof but no less than $1,000,000.00;

11   2.    For special damages according to proof but no less than $1,000,000.00;

12   3.    For punitive damages in an amount appropriate to punish Defendants and deter

13   others from engaging in similar misconduct on appropriate legal causes of action;

14   4.    For compensatory damages according to proof;

15   5.    For penalties of no less than $100,000.00;

16   6.    For prejudgment interest;

17   7.    For costs of suit, including attorneys' fees; and

18   8.    For such other relief as the Court deems just and proper.

19   DATED: December *15*, 2021

20   THE LAW OFFICES OF GAVRIL T. GABRIEL

22   By:

23   Gavril T. Gabriel, Esq.
     Attorney for PLAINTIFF, JAQUELINE PONCE

THE LAW OFFICES OF GAVRIL T. GABRIEL
8255 FIRESTONE BLVD., SUITE 209
DOWNEY, CA 90241

-35-
**COMPLAINT FOR DAMAGES**

## DEMAND FOR JURY TRIAL

NOTICE IS HEREBY GIVEN that Plaintiff, JAQUELINE PONCE, hereby demands trial by jury in the above-entitled matter.

DATED: December ___IS___, 2021          THE LAW OFFICES OF GAVRIL T. GABRIEL

By: _____
       Gavril T. Gabriel, Esq.
Attorney for PLAINTIFF, JAQUELINE PONCE

THE LAW OFFICES OF GAVRIL T. GABRIEL
8255 FIRESTONE BLVD., SUITE 209
DOWNEY, CA 90241

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

LAW OFFICES OF GAVRIL T. GABRIEL
8255 FIRESTONE BLVD., SUITE 209
DOWNEY, CA 90241

# EXHIBIT A

EXHIBIT A ATTACHED TO COMPLAINT FOR DAMAGES



STATE OF CALIFORNIA I Business, Consumer Services and Housing Agency                      GAVIN NEWSOM, GOVERNOR

**DEPARTMENT OF FAIR EMPLOYMENT & HOUSING**                      KEVIN KISH, DIRECTOR
2218 Kausen Drive, Suite 100 I Elk Grove I CA I 95758
(800) 884-1684 (Voice) I (800) 700-2320 (TTY) I California's Relay Service at 711
http://www.dfeh.ca.gov I Email: contact.center@dfeh.ca.gov

October 19, 2021

Gavril Gabriel
8255 Firestone Blvd., Suite 209
Downey, California 90241

RE:    **Notice to Complainant's Attorney**
        DFEH Matter Number: 202110-14973505
        Right to Sue: Ponce / Garfield Beach CVS LLC dba CVS

Dear Gavril Gabriel:

Attached is a copy of your complaint of discrimination filed with the Department of Fair
Employment and Housing (DFEH) pursuant to the California Fair Employment and
Housing Act, Government Code section 12900 et seq. Also attached is a copy of your
Notice of Case Closure and Right to Sue.

**Pursuant to Government Code section 12962, DFEH will not serve these
documents on the employer.** You must serve the complaint separately, to all named
respondents. Please refer to the attached Notice of Case Closure and Right to Sue for
information regarding filing a private lawsuit in the State of California. A courtesy "Notice
of Filing of Discrimination Complaint" is attached for your convenience.

Be advised that the DFEH does not review or edit the complaint form to ensure that it
meets procedural or statutory requirements.

Sincerely,


Department of Fair Employment and Housing

DFEH-ENF 80 RS

STATE OF CALIFORNIA I Business, Consumer Services and Housing Agency                    GAVIN NEWSOM, GOVERNOR

**DEPARTMENT OF FAIR EMPLOYMENT & HOUSING**                    KEVIN KISH, DIRECTOR

2218 Kausan Drive, Suite 100 I Elk Grove I CA I 95758
(800) 884-1684 (Voice) I (800) 700-2320 (TTY) I California's Relay Service at 711
http://www.dfeh.ca.gov I Email: contact.center@dfeh.ca.gov

October 19, 2021

RE:    **Notice of Filing of Discrimination Complaint**
DFEH Matter Number: 202110-14973505
Right to Sue: Ponce / Garfield Beach CVS LLC dba CVS

To All Respondent(s):

Enclosed is a copy of a complaint of discrimination that has been filed with the
Department of Fair Employment and Housing (DFEH) in accordance with Government
Code section 12960. This constitutes service of the complaint pursuant to Government
Code section 12962. The complainant has requested an authorization to file a lawsuit. A
copy of the Notice of Case Closure and Right to Sue is enclosed for your records.

This matter may qualify for DFEH's Small Employer Family Leave Mediation pilot
program. Under this program, established under Government Code section 12945.21,
a small employer with 5 -19 employees, charged with violation of the California Family
Rights Act, Government Code section 12945.2, has the right to participate in DFEH's
free voluntary mediation service. Under this program both the employee requesting an
immediate right to sue and the employer charged with the violation may request that all
parties participate in DFEH's free voluntary mediation service. A request for mediation
must be made within 30 days of receipt of the Notice of Case Closure and Right to Sue.
If mediation is requested, the employee is prohibited from filing a civil action until
mediation is complete. The employee's statute of limitations to file a civil action,
including for all related claims not arising under section 12945.2, is tolled from DFEH's
receipt of a mediation request under section 12945.21 until mediation is complete.  To
request DFEH Small Employer Family Leave Mediation, email
DRDOnlinerequests@dfeh.ca.gov and include the DFEH matter number indicated on
the Right to Sue notice.

Please refer to the attached complaint for a list of all respondent(s) and their contact
information.

No response to DFEH is requested or required.

Sincerely,


Department of Fair Employment and Housing

DFEH-ENF 80 RS

STATE OF CALIFORNIA | Business, Consumer Services and Housing Agency                                    GAVIN NEWSOM, GOVERNOR

**DEPARTMENT OF FAIR EMPLOYMENT & HOUSING**                    KEVIN KISH, DIRECTOR
2218 Kausen Drive, Suite 100 | Elk Grove | CA | 95758
(800) 884-1684 (Voice) | (800) 700-2320 (TTY) | California's Relay Service at 711
http://www.dfeh.ca.gov | Email: contact.center@dfeh.ca.gov

October 19, 2021

Jaqueline Ponce
8255 Firestone Blvd., Suite 209
Downey, California 90241

RE:   **Notice of Case Closure and Right to Sue**
      DFEH Matter Number: 202110-14973505
      Right to Sue: Ponce / Garfield Beach CVS LLC dba CVS

Dear Jaqueline Ponce:

This letter informs you that the above-referenced complaint filed with the Department of Fair Employment and Housing (DFEH) has been closed effective October 19, 2021 because an immediate Right to Sue notice was requested.

This letter is also your Right to Sue notice. According to Government Code section 12965, subdivision (b), a civil action may be brought under the provisions of the Fair Employment and Housing Act against the person, employer, labor organization or employment agency named in the above-referenced complaint. The civil action must be filed within one year from the date of this letter.

This matter may qualify for DFEH's Small Employer Family Leave Mediation pilot program. Under this program, established under Government Code section 12945.21, a small employer with 5 -19 employees, charged with violation of the California Family Rights Act, Government Code section 12945.2, has the right to participate in DFEH's free voluntary mediation service. Under this program both the employee requesting an immediate right to sue and the employer charged with the violation may request that all parties participate in DFEH's free voluntary mediation service. A request for mediation must be submitted to the DFEH within 30 days of receipt of the Notice of Case Closure and Right to Sue. If mediation is requested, the employee is prohibited from filing a civil action until mediation is complete. The employee's statute of limitations to file a civil action, including for all related claims not arising under section 12945.2, is tolled from DFEH's receipt of a mediation request under section 12945.21 until mediation is complete.  To request DFEH Small Employer Family Leave Mediation, email DRDOnlinerequests@dfeh.ca.gov and include the DFEH matter number indicated on the Right to Sue notice.

To obtain a federal Right to Sue notice, you must contact the U.S. Equal Employment Opportunity Commission (EEOC) to file a complaint within 30 days of receipt of this DFEH Notice of Case Closure or within 300 days of the alleged discriminatory act, whichever is earlier.

Sincerely,

DFEH-ENF 80 RS

STATE OF CALIFORNIA I Business, Consumer Services and Housing Agency

**DEPARTMENT OF FAIR EMPLOYMENT & HOUSING**
2218 Kausen Drive, Suite 100 I Elk Grove I CA I 95758
(800) 884-1684 (Voice) I (800) 700-2320 (TTY) I California's Relay Service at 711
http://www.dfeh.ca.gov I Email: contact.center@dfeh.ca.gov

GAVIN NEWSOM, GOVERNOR
KEVIN KISH, DIRECTOR

Department of Fair Employment and Housing

DFEH-ENF 80-RS

**COMPLAINT OF EMPLOYMENT DISCRIMINATION
BEFORE THE STATE OF CALIFORNIA
DEPARTMENT OF FAIR EMPLOYMENT AND HOUSING
Under the California Fair Employment and Housing Act
(Gov. Code, § 12900 et seq.)**

In the Matter of the Complaint of

Jaqueline Ponce                                                            DFEH No. 202110-14973505

                                    Complainant,

vs.

Garfield Beach CVS LLC dba CVS
One CVS Drive
Woonsocket, Rhode Island 02895

                                    Respondents

———————————————————————————————

**1.** Respondent **Garfield Beach CVS LLC dba CVS** is an **employer** subject to suit under the California Fair Employment and Housing Act (FEHA) (Gov. Code, § 12900 et seq.).

**2.** Complainant **Jaqueline Ponce**, resides in the City of **Downey**, State of **California**.

**3.** Complainant alleges that on or about **July 13, 2020**, respondent took the following adverse actions:

**Complainant was harassed** because of complainant's sex/gender, disability (physical or mental), other, family care or medical leave (cfra), pregnancy, childbirth, breast feeding, and/or related medical conditions.

**Complainant was discriminated against** because of complainant's sex/gender, disability (physical or mental), other, pregnancy, childbirth, breast feeding, and/or related medical conditions, family care or medical leave (cfra) and as a result of the discrimination was terminated, forced to quit, denied any employment benefit or privilege, denied reasonable accommodation for a disability, denied accommodation for pregnancy, other, denied work opportunities or assignments, denied family care or medical leave (cfra).

**Complainant experienced retaliation** because complainant requested or used a pregnancy-disability-related accommodation, requested or used a disability-related accommodation and as a result was terminated, laid off, denied any employment benefit or

-1-

*Complaint – DFEH No. 202110-14973505*

Date Filed: October 19, 2021

DFEH-ENF 80 RS

1  privilege, denied reasonable accommodation for a disability, denied accommodation for
   pregnancy, other, denied family care or medical leave (cfra).

2

3  **Additional Complaint Details:** Plaintiff's hiring: Defendant Garfield Beach CVS LLC dba
   CVS (hereafter "CVS" or "Defendant") hired Plaintiff Jaqueline Ponce (hereafter "Ms. Ponce"
4  or "Plaintiff") in or around 2009 as a Cashier. Plaintiff worked for Defendant at its location of
   1747 N. Cahuenga Boulevard, Hollywood, California 90288. Approximately one year after
5  Plaintiff's hiring, Defendant promoted her to Supervisor. Ms. Ponce's job duties included
6  making sure the store was in order, working as a cashier, providing customer service to
   those in need of help, and ensuring that employees were doing the tasks assigned to them,
7  among other things. Plaintiff's most recent hourly rate while employed by Defendant was
   $19.45. At all times relevant, Plaintiff performed her job duties competently and above
8  expectation, and Plaintiff did not receive any write ups or warnings during her employment.

9  In or around March of 2019, Ms. Ponce went out on disability due to a back injury. While on
   disability, Ms. Ponce regularly communicated with Defendant's Human Resources
10 department in order to provide updates regarding her disability status and to check in.
   In or around October of 2019, Ms. Ponce returned to work and completed her work shifts as
11 normal. During this same month, Plaintiff informed the store manager, Laxman, and Amy, a
   supervisor, that Plaintiff was pregnant.
12

13 On or around December 12, 2019, Ms. Ponce went to the hospital due to an ankle fracture.
   As a result, Ms. Ponce was placed on disability for approximately eight (8) weeks. Ms.
14 Ponce's husband went directly to Garfield Beach LLC dba CVS to inform them of Ms.
   Ponce's injury. In addition, Ms. Ponce texted the store manager, Laxman to inform him of
15 her injury. Laxman told Ms. Ponce to contact Human Resources. Thereafter Plaintiff
   contacted Human Resources and spoke with a representative who informed her that after
16 seven days, Ms. Ponce would be able to apply for disability. However, Ms. Ponce was
   unable to apply for disability until she saw her doctor for her next appointment scheduled on
17 January 9th, 2020.

18 On or around January 9th, 2020, Ms. Ponce visited her doctor, who placed Plaintiff on
   disability until March of 2020. Ms. Ponce was due to deliver her child around this time.
19
   On or around March 1st, 2020 Ms. Ponce delivered her child and notified Human Resources
20 that she would like to use additional disability for FMLA. Ms. Ponce had been granted this
   disability leave which ended around May of 2020.
21 Ms. Ponce thereafter contacted Human Resources and extended her leave until she was to
   report back to work on June 6th, 2020.
22

23 On or around June 5th, 2020 Ms. Ponce called Human Resources requesting additional
   time for FMLA. The Human Resources representative told Ms. Ponce, "Okay I am going to
24 send it for review, and we will let you know." Ms. Ponce did not hear back and continued to
   take her leave.

25

26                                          -2-
27
   Date Filed: October 19, 2021
28

                                                                    DFEH-ENF 80 RS

On or around July 13th, 2020 Ms. Ponce called Human Resources to check in regarding her leave and returning to work. The Human Resources representative notified Ms. Ponce that she had been terminated because Plaintiff's FMLA request had been denied. Ms. Ponce asked why she never received an email, letter, or call to inform her of this denial. The Human Resources representative informed Ms. Ponce that they had sent the denial to Ms. Ponce's email; however, after a thorough search, Ms. Ponce did not receive any email.

Defendant wrongfully terminated Plaintiff and failed to notify her that her employment had been terminated. Plaintiff believes and based thereon alleges that Defendant terminated Plaintiff due to her disability and/or perceived disability, and in retaliation for Plaintiff's requests for reasonable accommodation.

Throughout Plaintiff's employment with Defendant, Plaintiff did not regularly receive rest breaks according to Labor Code section 226.7, as Plaintiff's rest breaks were often interrupted. Defendant failed to provide Plaintiff rest period penalties for each workday on which Plaintiff was not able to take her rest breaks.

Throughout Plaintiff's employment with Defendant, Plaintiff did not regularly receive meal breaks according to Labor Code section 226.7. Further, Plaintiff could not leave Defendant's location during her lunch break. Defendant failed to provide Plaintiff meal period penalties for each workday on which Plaintiff was not able to take her meal breaks.

Defendant failed to provide Plaintiff all wages owed to her upon her termination, including but not limited to unpaid meal period and rest period penalties, in violation of Labor Code section 201.

As a result of Defendants' discrimination, retaliation and wrongful employment termination, Plaintiff has been harmed. Plaintiff seeks economic and non-economic damages, in addition to interest, attorney's fees, and costs.

-3-

*Complaint – DFEH No. 202110-14973505*

Date Filed: October 19, 2021

DFEH-ENF 80 RS

VERIFICATION

I, **Gavril T. Gabriel**, am the **Attorney** in the above-entitled complaint.  I have read the foregoing complaint and know the contents thereof.  The matters alleged are based on information and belief, which I believe to be true.

On October 19, 2021, I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

**Downey, CA**

-4-

*Complaint – DFEH No. 202110-14973505*

Date Filed: October 19, 2021

DFEH-ENF 80 RS

 **CT Corporation**

**Service of Process Transmittal**
12/20/2021
CT Log Number 540770022

**TO:**   Serviceof Process
CVS Health Companies
1 CVS DR MAIL CODE 1160
WOONSOCKET, RI 02895-6146

**RE:**   **Process Served in New York**

**FOR:**   Garfield Beach CVS, L.L.C.  (Domestic State: CA)

**ENCLOSED ARE COPIES OF LEGAL PROCESS RECEIVED BY THE STATUTORY AGENT OF THE ABOVE COMPANY AS FOLLOWS:**

| | |
|---|---|
| **TITLE OF ACTION:** | Re: Jaqueline Ponce, An Individual // To: Garfield Beach CVS, L.L.C. |
| **DOCUMENT(S) SERVED:** | -- |
| **COURT/AGENCY:** | None Specified<br>Case # 21STCV45981 |
| **NATURE OF ACTION:** | Employee Litigation - Wrongful Termination |
| **ON WHOM PROCESS WAS SERVED:** | C T Corporation System, New York, NY |
| **DATE AND HOUR OF SERVICE:** | By Process Server on 12/20/2021 at 01:52 |
| **JURISDICTION SERVED :** | New York |
| **APPEARANCE OR ANSWER DUE:** | None Specified |
| **ATTORNEY(S) / SENDER(S):** | None Specified |
| **ACTION ITEMS:** | CT has retained the current log, Retain Date: 12/21/2021, Expected Purge Date: 12/26/2021 |
| | Image SOP |
| | Email Notification,  Serviceof Process  service_of_process@cvs.com |
| **REGISTERED AGENT ADDRESS:** | C T Corporation System<br>28 Liberty Street<br>New York, NY 10005<br>800-448-5350<br>MajorAccountTeam1@wolterskluwer.com |

The information contained in this Transmittal is provided by CT for quick reference only. It does not constitute a legal opinion, and should not otherwise be relied on, as to the nature of action, the amount of damages, the answer date, or any other information contained in the included documents. The recipient(s) of this form is responsible for reviewing and interpreting the included documents and taking appropriate action, including consulting with its legal and other advisors as necessary. CT disclaims all liability for the information contained in this form, including for any omissions or inaccuracies that may be contained therein.



**PROCESS SERVER DELIVERY DETAILS**

**Date:**                    Mon, Dec 20, 2021

**Server Name:**             michael marra

| | |
|---|---|
| Entity Served | GARFIELD BEACH CVS, L.L.C. |
| Case Number | 21STCV45981 |
| Jurisdiction | NY |

