# EXHIBIT B

Daniel F. Fears, Bar No. 110573
dff@paynefears.com
Andrew K. Haeffele, Bar No. 258992
akh@paynefears.com
Leilani E. Jones, Bar No. 298896
llj@paynefears.com
PAYNE & FEARS LLP
Attorneys at Law
4 Park Plaza, Suite 1100
Irvine, California 92614
Telephone: (949) 851-1100
Facsimile: (949) 851-1212

Attorneys for Defendant GARFIELD BEACH
CVS, LLC

**SUPERIOR COURT OF THE STATE OF CALIFORNIA**

**COUNTY OF LOS ANGELES, CENTRAL DISTRICT**

| | |
|---|---|
| JAQUELINE PONCE,<br><br>　　　　Plaintiff,<br><br>　v.<br><br>GARFIELD BEACH CVS LLC dba CVS, a Limited Liability Company; and DOES 1 through 10, inclusive,<br><br>　　　　Defendants. | Case No. 21STCV45981<br><br>**Assigned for All Purposes:**<br>**Honorable David Sotelo**<br>**Department 40**<br><br>**DEFENDANT'S ANSWER TO COMPLAINT**<br><br>Action Filed:　December 16, 2021<br>Trial Date:　　 None Set |

Defendant Garfield Beach ("Defendant" or "CVS") hereby answers the unverified Complaint filed by Plaintiff Jaqueline Ponce ("Plaintiff"), as follows:

## **GENERAL DENIAL**

Pursuant to the provisions of California Code of Civil Procedure section 431.30, subdivision (d), Defendant denies, generally and specifically, each and every allegation contained in the Complaint filed by Plaintiff. Defendant further denies, generally and specifically, that Plaintiff has been damaged in any sum, or at all, by reason of any act or omission on the part of Defendant or on the part of any agent or employee of Defendant, or any of them.

DEFENDANT'S ANSWER TO COMPLAINT

## AFFIRMATIVE DEFENSES

Defendant pleads the following separate defenses. Defendant reserves the right to assert additional defenses that discovery indicates are proper.

## AFFIRMATIVE DEFENSE

### (Failure to State a Claim)

1. The Complaint and causes of action alleged therein are barred, in whole or in part, because the Complaint fails to state facts sufficient to constitute a cause of action or for which relief may be granted.

## AFFIRMATIVE DEFENSE

### (Statutes of Limitations)

2. The Complaint and causes of action alleged therein are barred, in whole or in part, by the applicable statutes of limitation, including but not limited to California Government Code sections 12960(d) and 12965(b); Code of Civil Procedure sections 335.1, 338(a), 338(c), 338(d), 340(a), and 343; Bus. & Prof. Code § 17200; and any other applicable statutes of limitation.

## AFFIRMATIVE DEFENSE

### (Arbitration)

3. The Complaint and causes of action alleged therein are improperly before this Court because Plaintiff signed, and is bound, by an arbitration agreement which provides that Plaintiff must submit her claims against Defendant to final and binding arbitration.

## AFFIRMATIVE DEFENSE

### (Failure to Exhaust Administrative Remedies/Lack of Jurisdiction)

4. The Complaint and causes of action alleged therein are barred, in whole or in part, because the Court lacks jurisdiction over Plaintiff's Complaint and claims, or the facts alleged in support thereof, as a result of Plaintiff's failure to timely exhaust her administrative remedies

before the United States Equal Employment Opportunity Commission and/or the California Department of Fair Employment and Housing.

## AFFIRMATIVE DEFENSE
### (Failure to Exhaust Internal Remedies)

5. The Complaint and causes of action alleged therein are barred, in whole or in part, by Plaintiff's failure to exhaust internal remedies available to her as an employee.

## AFFIRMATIVE DEFENSE
### (Failure to Utilize Policy)

6. The Complaint and causes of action alleged therein are barred, in whole or in part, because Defendant at all relevant times exercised reasonable care to prevent or correct any allegedly unlawful behavior in the workplace, including any alleged discrimination, harassment, or retaliation, and Plaintiff unreasonably failed to take advantage of any preventative or corrective opportunities provided by Defendant.

## AFFIRMATIVE DEFENSE
### (Avoidable Consequences)

7. Plaintiff's prayers for general damages, special damages, and punitive damages regarding each alleged cause of action stated in the Complaint are barred by the doctrine of avoidable consequences, as set forth in *State Department of Health Services v. Superior Court (McGinnis)*, 31 Cal. 4th 1026, 6 Cal. Rptr. 3d 441 (2003), on the grounds that Plaintiff unreasonably failed to make use of complaint procedures and Plaintiff's damages would have been avoided in whole or in part by reasonable use of these procedures.

## AFFIRMATIVE DEFENSE
### (Failure to Mitigate)

8. Any damages or losses allegedly sustained by Plaintiff are barred, in whole or in

part, by Plaintiff's failure to mitigate damages as required by law.

**AFFIRMATIVE DEFENSE**

**(Uncertainty)**

9. Plaintiff's losses, if any, are speculative or uncertain or both, and therefore not compensable.

**AFFIRMATIVE DEFENSE**

**(Justification)**

10. The Complaint and causes of action alleged therein are barred, in whole or in part, because Defendant's actions with respect to the subject matter in each of the alleged causes of action were undertaken in good faith and for good cause, with the absence of malicious intent to injure Plaintiff, and constitute lawful, proper and justified means to further Defendant's purpose to engage in business activities.

**AFFIRMATIVE DEFENSE**

**(Failure to Comply with Company Policies)**

11. The Complaint and causes of action alleged therein are barred to the extent Plaintiff failed to comply with the established policies and procedures of Defendant.

**AFFIRMATIVE DEFENSE**

**(Unclean Hands)**

12. The Complaint and causes of action alleged therein are barred, in whole or in part, by the doctrine of unclean hands because of Plaintiff's own conduct and actions.

**AFFIRMATIVE DEFENSE**

**(Estoppel)**

13. The Complaint and causes of action alleged therein are barred, in whole or in part,

because Plaintiff is estopped from asserting each of the claims alleged therein.

**AFFIRMATIVE DEFENSE**

**(Waiver)**

14. The Complaint and causes of action alleged therein are barred, in whole or in part, because Plaintiff has waived the right, by reason of her conduct and actions, to assert each of the claims alleged herein.

**AFFIRMATIVE DEFENSE**

**(Laches)**

15. The Complaint and causes of action alleged therein are barred, in whole or in part, by the doctrine of laches.

**AFFIRMATIVE DEFENSE**

**(Offset)**

16. Any damages or losses allegedly sustained by Plaintiff are barred or must be reduced, in whole or in part, by any amounts Plaintiff owes to Defendant.

**AFFIRMATIVE DEFENSE**

**(Manager Acted Outside Scope)**

17. If any manager or supervisor of Defendant discriminated, harassed, or retaliated against an employee (which Defendant denies), or acted any way to deprive any employee of his or her rights, such supervisor or manager acted outside the scope of his or her employment and/or in violation of Defendant's policy.

**AFFIRMATIVE DEFENSE**

**(No Ratification)**

18. Plaintiff's purported damages are barred, in whole or in part, because if any person

-5-
DEFENDANT'S ANSWER TO COMPLAINT

engaged in intentional or willful unlawful conduct as alleged in Plaintiff's Complaint, he or she did so without the knowledge, authorization or ratification of Defendant.

## AFFIRMATIVE DEFENSE

### (After-Acquired Evidence Doctrine)

19. Plaintiff's purported damages are barred, in whole or in part, by the after-acquired evidence doctrine.

## AFFIRMATIVE DEFENSE

### (Workers' Compensation Exclusivity)

20. Plaintiff is not entitled to recovery of any compensatory or other monetary damages from Defendant for any alleged vexation, injury or annoyance, or physical, mental or emotional distress or discomfort, or negligent or intentional acts on the grounds that Plaintiff's exclusive remedy for such alleged injury arises under the California Workers' Compensation Act and exclusive jurisdiction over such claims is vested in the California Workers' Compensation Appeals Board, California Labor Code Section 3600 *et seq.*, and that Plaintiff failed to pursue and/or exhaust her remedies, if any, under the California Workers' Compensation Act or before the California Workers' Compensation Appeals Board.

## AFFIRMATIVE DEFENSE

### (Failure/Refusal to Engage in Interactive Process)

21. The Complaint and causes of action alleged therein are barred, in whole or in part, because Plaintiff failed and/or refused to engage in meaningful discussions or participate in the interactive process with Defendant.

## AFFIRMATIVE DEFENSE

### (Failure to Request a Reasonable Accommodation)

22. The Complaint and causes of action alleged therein are barred, in whole or in part,

-6-
DEFENDANT'S ANSWER TO COMPLAINT

to the extent Plaintiff failed to request a reasonable accommodation for her purported disability.

**AFFIRMATIVE DEFENSE**

**(No Certification from Health Care Provider)**

23. The Complaint and causes of action alleged therein are barred, in whole or in part, because Plaintiff did not timely provide Defendants with certification from a health-care provider, and was not otherwise disabled by pregnancy, childbirth, or related medical conditions, as required by California Government Code Sections 12945 and 12945.1 *et seq*.

**AFFIRMATIVE DEFENSE**

**(Treatment No Different in the Absence of Discriminatory or Retaliatory Motive)**

24. The Complaint and causes of action alleged therein are barred in whole or in part on the grounds that even assuming, *arguendo*, that any discriminatory or retaliatory motive existed, which it did not, Plaintiff would have been treated no differently in the absence of such discriminatory or retaliatory motive.

**AFFIRMATIVE DEFENSE**

**(Legitimate Business Reasons)**

25. The Complaint and causes of action alleged therein are barred in whole or in part on the grounds that Defendant's actions were made for legitimate, non-discriminatory and non-retaliatory business-related reasons which were neither arbitrary, capricious, nor unlawful.

**AFFIRMATIVE DEFENSE**

**(No Adverse Employment Action)**

26. The Complaint and causes of action alleged therein are barred, in whole or in part, because Defendant has not taken any action against Plaintiff which has affected Plaintiff's compensation or the terms, conditions, or privileges of her employment.

**AFFIRMATIVE DEFENSE**

**(Proper Compensation)**

27.     Plaintiff's first, second, third, fourth, and fifth causes of action are barred because Plaintiff, at all relevant times, was compensated properly pursuant to the requirements contained in the California Labor Code and Industrial Welfare Commission (IWC) Wage Orders.

**AFFIRMATIVE DEFENSE**

**(No Knowledge of Uncompensated Work)**

28.     Plaintiff's first, second, third, fourth, and fifth causes of action are barred because Defendants had no knowledge of, nor should they have had knowledge of, any alleged uncompensated work by Plaintiff, and did not authorize, require, request, suffer, or permit such activity by Plaintiff.

**AFFIRMATIVE DEFENSE**

**(Defendants Did Not Act Willfully)**

29.     Plaintiff's first, second, third, fourth, and fifth causes of action are barred because Defendants did not willfully, intentionally, arbitrarily, or without just cause deprive Plaintiff of any wages, rest periods, or meal periods to which she was entitled under California wage and hour laws.

**AFFIRMATIVE DEFENSE**

**(Meal and Rest Periods Provided)**

30.     Plaintiff's third and fourth causes of action is barred, in whole or in part, because Defendants provided all applicable meal periods and rest periods pursuant to California law.

**AFFIRMATIVE DEFENSE**

**(Accurate Itemized Wage Statements)**

31.     Plaintiff's sixth causes of action is barred, in whole or in part, because Plaintiff

-8-

DEFENDANT'S ANSWER TO COMPLAINT

received accurate itemized wage statements throughout her employment with Defendants.

## AFFIRMATIVE DEFENSE

**(Failure to Exhaust Administrative Remedies with the California Labor Commissioner)**

32. The Complaint and causes of action alleged therein are barred, in whole or in part, and the Court lacks jurisdiction over Plaintiff's Complaint and claims, as a result of Plaintiff's failure to timely exhaust her administrative remedies before the California Labor Commissioner.

## AFFIRMATIVE DEFENSE

**(Adequate Remedies At Law)**

33. Plaintiff's is not entitled to Declaratory Relief, which is improper, because she has an adequate remedy at law for any and all of her alleged damages.

## AFFIRMATIVE DEFENSE

**(No Standing Under Business & Professions Code § 17200)**

34. Plaintiff's fifteenth cause of action is barred in whole or in part on the ground that her claim under Business and Professions Code section 17200 fails because she was not subject to any unlawful or unfair business practices and has no standing to bring this claim.

## AFFIRMATIVE DEFENSE

**(Punitive Damages Unconstitutional)**

35. Plaintiff is not entitled to recover any punitive or exemplary damages as prayed for in the Complaint on the grounds that any award of punitive or exemplary damages under California law in general or such award under California law as applied to the facts of this specific action would violate Defendant's constitutional rights under provisions of the United States and California Constitutions, including, but not limited to, the due process clauses of the Fifth and Fourteenth Amendments to the United States Constitution.

## AFFIRMATIVE DEFENSE

**(Punitive Damages Not Recoverable Against Corporate Defendant)**

36. Plaintiff is not entitled to recover punitive or exemplary damages from Defendant for the alleged acts referred to in the Complaint on the grounds the alleged acts were not committed by an officer, director or managing agent, nor were they authorized or ratified by an officer, director or managing agent, nor did Defendant, its officers, directors or managing agents have advance knowledge of the unfitness, if any, of the employees who allegedly committed the acts, nor did Defendant employ the employees with a conscious disregard of the rights and safety of others.

## ADDITIONAL AFFIRMATIVE DEFENSES

37. Because Plaintiff's allegations and causes of action are stated in vague and conclusory terms, Defendant cannot fully anticipate each affirmative defense that may be applicable to this action. Accordingly, Defendant reserves the right to plead additional affirmative defenses, if and to the extent that such affirmative defenses are available.

## PRAYER FOR RELIEF

WHEREFORE, CVS prays for judgment as follows:

1. That judgment be entered in favor of CVS and against Plaintiff;
2. That the Complaint herein be dismissed in its entirety with prejudice;
3. That CVS be awarded its cost of suit herein;
4. That CVS be awarded reasonable attorneys' fees as determined by the Court; and
5. For such other and further relief as the Court may deem just and proper.

| | | |
|---|---|---|
| DATED:  January 18, 2022 | | PAYNE & FEARS LLP<br>Attorneys at Law |
| | By: | /s/ Leilani E. Jones<br>DANIEL F. FEARS<br>ANDREW K. HAEFFELE<br>LEILANI E. JONES |
| | | Attorneys for Defendant GARFIELD BEACH CVS, LLC |

PAYNE & FEARS LLP
ATTORNEYS AT LAW
4 PARK PLAZA, SUITE 1100
IRVINE, CALIFORNIA 92614
(949) 851-1100

**PROOF OF SERVICE**

**Jaqueline Ponce v. Garfield Beach CVS LLC**
**21STCV45981**
**Los Angeles County Superior Court**

**STATE OF CALIFORNIA, COUNTY OF ORANGE**

At the time of service, I was over 18 years of age and not a party to this action. I am employed in the County of Orange, State of California. My business address is 4 Park Plaza, Suite 1100, Irvine, CA 92614.

On January 19, 2022, I served true copies of the following document(s) described as **DEFENDANT'S ANSWER TO COMPLAINT** on the interested parties in this action as follows:

| | |
|---|---|
| Gavril T. Gabriel, Esq.<br>THE LAW OFFICES OF GAVRIL T. GABRIEL<br>8255 Firestone Blvd., Suite 209<br>Downey, CA 90241<br>Telephone: (562) 758-8210<br>Facsimile: (562) 758-8219<br>Email: GGabriel@GTGLaw.org | Attorneys for Plaintiff JAQUELINE PONCE |

**BY E-MAIL OR ELECTRONIC TRANSMISSION:** I caused a copy of the document(s) to be sent from e-mail address abarrantes@paynefears.com to the persons at the e-mail addresses listed in the Service List.

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Executed on January 19, 2022, at Irvine, California.

/s/ *Arlene Barrantes*
———————————————
Arlene Barrantes

DEFENDANT'S ANSWER TO COMPLAINT