Daniel F. Fears, Bar No. 110573
dff@paynefears.com
Andrew K. Haeffele, Bar No. 258992
akh@paynefears.com
Leilani E. Jones, Bar No. 298896
llj@paynefears.com
Michelle H. Le, Bar No. 304264
mhl@paynefears.com
PAYNE & FEARS LLP
Attorneys at Law
4 Park Plaza, Suite 1100
Irvine, California 92614
Telephone: (949) 851-1100
Facsimile: (949) 851-1212

Attorneys for Defendant GARFIELD BEACH CVS, LLC

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| JAQUELINE PONCE,<br><br>Plaintiff,<br><br>v.<br><br>GARFIELD BEACH CVS LLC dba CVS, a Limited Liability Company; and DOES 1 through 10, inclusive,<br><br>Defendants. | Case No. 2:22-cv-00402-DSF-AGR<br><br>Judge: Hon. Dale S. Fischer<br><br>**DECLARATION OF LEILANI E. JONES IN SUPPORT OF DEFENDANT'S MOTION TO COMPEL ARBITRATION AND DISMISS ACTION**<br><br>**Date:** April 4, 2022<br>**Time:** 1:30 p.m.<br>**Courtroom:** 7D<br><br>Trial Date:   None Set |

DECLARATION OF LEILANI E. JONES

# DECLARATION OF LEILANI E. JONES

I, Leilani E. Jones, declare and state as follows:

1. I am an attorney duly admitted to practice before this Court. I am an attorney with Payne & Fears LLP, attorneys of record for Defendant Garfield Beach CVS, LLC ("Defendant" or "CVS"). I have personal knowledge of the facts set forth herein. If called as a witness, I could and would competently testify to the matters stated herein. I make this declaration in support of CVS's motion to compel arbitration and dismiss the action.

2. CVS asserted "Arbitration" as an affirmative defense in its Answer to Plaintiff Jacqueline Ponce's civil Complaint. Specifically, CVS asserted: "[t]he Complaint and causes of action alleged therein are improperly before this Court because Plaintiff signed, and is bound, by an arbitration agreement which provides that Plaintiff must submit her claims against Defendant to final and binding arbitration."

3. On December 29, 2021, I notified counsel for Plaintiff, via email, of the existence of the Arbitration Agreement. Attached hereto as **Exhibit A** is a true and correct copy of my December 29, 2021 email correspondence.

4. On the following day, December 30, I emailed Plaintiff's counsel to explain Plaintiff's participation in CVS's online arbitration training and attached all of the related arbitration documents, including Plaintiff's "training transcript," which confirms Plaintiff's electronic signature/acknowledgement of CVS's arbitration policy, the course guide, and the training slides that Plaintiff utilized for the online training. Attached hereto as **Exhibit B** is a true and correct copy of my

December 30, 2021 email correspondence and the attachments.

5. Counsel for Plaintiff informed me via email on that same day that he "CAN'T . . . agree to stipulate to arbitration" and suggested that CVS "move forward with filing the motion [to compel arbitration]." Attached hereto as **Exhibit C** is a true and correct copy of the December 30, 2021 email correspondence.

6. I continued my efforts to meet and confer with Plaintiff's counsel via email, on January 9, 2022, by asking counsel for an explanation as to why he opposed stipulating to arbitration. Attached hereto as **Exhibit D** is a true and correct copy of my January 9, 2022 email correspondence.

7. Plaintiff's counsel responded, on January 9, 2022, via email, but he did not answer my question. Instead, his email stated: "Please move forward with filing your MTC Arb." It was apparent that Plaintiff would not agree to arbitration and that CVS would be forced to file a motion to compel.  Attached hereto as **Exhibit E** is a true and correct copy of the January 9, 2022 email correspondence.

8. Attached hereto as **Exhibit F** is a true and correct copy of the AAA Employment Arbitration Rules.

9. Attached hereto as **Exhibit G** is a true and correct copy of the July 9, 2019 order granting Defendant's Motion to Compel Arbitration for the matter of *William C. Vadney v. CVS Health*, Alameda County Case No. RG18930364.

10. Attached hereto as **Exhibit H** is a true and correct copy of the May 2, 2019 order granting Defendant's Motion to Compel Arbitration for the matter of *Mohammed Shams v. CVS Health Corporation*, No. CV 18-8158-DMG, 2019 WL

-3-
DECLARATION OF LEILANI E. JONES

1959576 (C.D. Cal. May 2, 2019).

11. Attached hereto as **Exhibit I** is a true and correct copy of the March 16, 2018 order granting Defendants' Motion to Compel Arbitration for the matter of *Cabrera v. CVS Rx Services, Inc.*, No. C 17-05803 WHA, 2018 WL 1367323 (N.D. Cal. Mar. 16, 2018).

12. Attached hereto as **Exhibit J** is a true and correct copy of the October 17, 2017 order granting Defendants' Motion to Compel Arbitration for the matter of *Chalian v. CVS Pharmacy, Inc.*, No. CV 16-08979-AB, 2017 WL 6940520 (C.D. Cal. Oct. 17, 2017).

13. Attached hereto as **Exhibit K** is a true and correct copy of the November 9, 2016 order granting Defendants' Petition to Compel Arbitration for the matter of *Elmore v. CVS Pharmacy, Inc.*, No. 2:16-cv-05603-ODW, 2016 WL 6635625 (C.D. Cal. Nov. 9, 2016).

14. Attached hereto as **Exhibit L** is a true and correct copy of Garfield Beach CVS, LLC's Statement of Information filed with the Secretary of State of the State of California on September 10, 2021, which I accessed via the public records search system on https://businesssearch.sos.ca.gov on February 28, 2022.

/ / /

/ / /

/ / /

/ / /

I declare under penalty of perjury under the laws of the State of California and the laws of the United States that the foregoing is true and correct.

Executed this 4th of March, 2022 in Newport Beach, California.

                                                     */s/ Leilani E. Jones*
                                                     Leilani E. Jones

PAYNE & FEARS LLP
ATTORNEYS AT LAW
4 PARK PLAZA, SUITE 1100
IRVINE, CALIFORNIA 92614
(949) 851-1100

DECLARATION OF LEILANI E. JONES