JS-6

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| JAQUELINE PONCE,<br>        Plaintiff,<br><br>v.<br><br>GARFIELD BEACH CVS LLC, et al.,<br>        Defendants. | CV 22-00402 DSF (AGRx)<br><br>Order GRANTING Defendants' Motion to Compel Arbitration (Dkt. 11) |

   Defendant Garfield Beach CVS LLC (Garfield Beach CVS) moves to compel arbitration of claims brought by Plaintiff Jaqueline Ponce. Dkt. 11 (Mot.). Ponce opposes. Dkt. 22 (Opp'n). The Court deems this matter appropriate for decision without oral argument. See Fed. R. Civ. P. 78; Local Rule 7-15. For the reasons stated below, the motion is GRANTED.

## I. BACKGROUND

   Garfield Beach CVS is a California limited liability company with a single member and parent, CVS Pharmacy, Inc. (CVS). Dkt. 16 (St. Angelo Decl.) ¶ 7. CVS operates several retail stores and pharmacies throughout the United States. Id. ¶ 3. Its California stores sell merchandise that they receive from across state lines. Id.

   Ponce began working for CVS at one of its California locations on December 17, 2009. Dkt 1 (NOR) Ex. A at 34; Dkt. 13 (Macon Decl.)

¶ 8.  In October 2014, CVS instituted a company-wide "Arbitration of Workplace Legal Disputes Policy" (the Policy).  Macon Decl. ¶ 7.  The Policy requires that CVS and its employees arbitrate "any and all legal claims, disputes or controversies," including "disputes arising out of or relating to the validity, enforceability or breach of [the] Policy."  Id. ¶ 11, Ex. C at 10–11.

On October 8, 2014, Ponce completed computer-aided training designed to inform employees about the Policy.  Id. ¶ 7, 9.  The training linked to a copy of the Policy.  Id. ¶ 11.  CVS's records indicate that after completing the training, Ponce clicked on a button acknowledging that she read the Policy, and that if she wished to opt out of the Policy, she would need to mail a signed letter to a specified CVS address within 30 days.  Dkt. 14 (Bailey Decl.) ¶¶ 5, 7, Ex. 2 at 6.  Ponce never attempted to opt out of the Policy.  Macon Decl. ¶ 14.

Ponce filed this action in state court on December 15, 2021, asserting violations of the California Labor Code, California's Fair Employment and Housing Act (FEHA), Cal. Gov't Code § 12900 et seq., and California's Unfair Competition Law (UCL), Cal. Bus. & Prof. Code § 17200 et seq.  See NOR Ex. A at 38–67.  CVS removed the case to federal court on January 19, 2022 and now moves to compel arbitration.

## II. LEGAL STANDARD

"[T]he Federal Arbitration Act (FAA) makes agreements to arbitrate 'valid, irrevocable, and enforceable, save upon such grounds as exist at law or in equity for the revocation of any contract.'"  AT&T Mobility LLC v. Concepcion, 563 U.S. 333, 336 (2011) (quoting 9 U.S.C. § 2).  "By its terms, the [FAA] leaves no place for the exercise of discretion by a district court, but instead mandates that district courts shall direct the parties to proceed to arbitration on issues as to which an arbitration agreement has been signed."  Dean Witter Reynolds, Inc. v. Byrd, 470 U.S. 213, 218 (1985); see also Lifescan, Inc. v. Premier Diabetic Servs., Inc., 363 F.3d 1010, 1012 (9th Cir. 2004) (If a valid arbitration agreement exists, "the court must order the parties to

proceed to arbitration . . . in accordance with the terms of their agreement"). "[A]ny doubts concerning the scope of arbitrable issues should be resolved in favor of arbitration." Ferguson v. Corinthian Colleges, Inc., 733 F.3d 928, 938 (9th Cir. 2013) (quoting Moses H. Cone Mem'l Hosp. v. Mercury Constr. Corp., 460 U.S. 1, 24–25 (1983)).

Generally, a court's role under the FAA is limited to determining "two 'gateway' issues: (1) whether there is an agreement to arbitrate between the parties; and (2) whether the agreement covers the dispute." Brennan v. Opus Bank, 796 F.3d 1125, 1130 (9th Cir. 2015) (quoting Howsam v. Dean Witter Reynolds, Inc., 537 U.S. 79, 84 (2002)). But even these gateway issues can be submitted to an arbitrator where there is clear and unmistakable evidence that the parties intended that result. See Brennan, 796 F.3d at 1130 (citing AT&T Techs., Inc. v. Commc'ns Workers of Am., 475 U.S. 643, 649 (1986)). "When the parties' contract delegates the arbitrability question to an arbitrator, the courts must respect the parties' decision as embodied in the contract." Henry Schein, Inc. v. Archer & White Sales, Inc., 139 S. Ct. 524, 528 (2019).

## III. DISCUSSION

The parties do not challenge the validity of the Policy on contract formation grounds. Ponce does not dispute CVS's assertion that she assented to the terms of the Policy when she clicked on a button acknowledging that she had read the Policy and subsequently failed to opt out. Rather, Ponce argues that (1) the FAA does not apply to the Policy's arbitration requirements, which she asserts are unenforceable under California law, and (2) the arbitration provisions are unenforceable because they are unconscionable. See generally Opp'n.

A.    Federal Arbitration Act

The Court starts by addressing the applicability of the FAA. Section 2 of the FAA "makes enforceable a written arbitration provision in 'a contract evidencing a transaction involving commerce.'" Allied-Bruce Terminix Companies, Inc. v. Dobson, 513 U.S. 265, 268 (1995) (quoting 9 U.S.C. § 2). The Supreme Court has interpreted the FAA's

reach as "coinciding with that of the Commerce Clause." Id. at 274. An arbitration clause is therefore enforceable under the FAA so long as the contract it is a part of "affect[s] commerce." Id. at 273–74.

Here, the Policy governed Ponce's employment with CVS in California. Because CVS's California stores sell merchandise that they receive from other states, St. Angelo Decl. ¶ 3, Ponce would have undoubtedly participated in the sale of out-of-state merchandise as part of her employment. The Court therefore concludes that Ponce's employment "affect[ed] commerce" and that the FAA governs the Policy's arbitration terms.[1]

Ponce relies on three California cases to support her assertion that her employment did not come within the reach of the Commerce Clause. These cases are readily distinguishable. Two of the cases, Hoover v. Am. Income Life Ins. Co., 206 Cal. App. 4th 1193 (2012) and Lane v. Francis Cap. Mgmt. LLC, 224 Cal. App. 4th 676, 682 (2014), did not involve the sale of products that crossed state lines. In Hoover, the facts established only that the employee was a California resident who sold life insurance policies. Hoover, 206 Cal. App. 4th at 1207. In Lane, the employer stated only that the employee "was a security analyst at a firm which manages capital investments." Lane, 224 Cal. App. 4th at 688. Although the employer in the third case, Carbajal v. CWPSC, Inc., 245 Cal. App. 4th 227 (2016), presented evidence that the employee utilized supplies purchased and shipped from other states, the court declined to consider the evidence because it was improperly submitted. Id. at 241.

To the extent the cases suggest the relationship between a single employee and his or her employer must have "a specific effect or bearing on interstate commerce in a substantial way," Hoover, 206 Cal. App. 4th at 1207, the Court disagrees. The Supreme Court has taken

---

[1] The application of the FAA moots Ponce's argument that the Policy's arbitration provisions are unenforceable under California Labor Code § 229. See Perry v. Thomas, 482 U.S. 483, 492 (1987) (holding that "the Federal Arbitration Act preempts § 229 of the California Labor Code").

an expansive view of the Commerce Clause, stating that "Congress'
Commerce Clause power may be exercised in individual cases without
showing any specific effect upon interstate commerce if in the
aggregate the economic activity in question would represent a general
practice subject to federal control." Citizens Bank v. Alafabco, Inc., 539
U.S. 52, 57 (2003) (simplified).  Even if Ponce's employment had "a
relatively trivial impact on interstate commerce," Carbajal, 245 Cal.
App. 4th at 238 (simplified), it is enough that the employment of the
CVS employees covered by the Policy, in the aggregate, substantially
affected interstate commerce.

B.    Unconscionability

Under the FAA, a party may attempt to invalidate an arbitration
provision using "generally applicable contract defenses, such as . . .
unconscionability." Concepcion, 563 U.S. at 339 (quoting Doctor's
Assocs., Inc. v. Casarotto, 517 U.S. 681, 687 (1996).  Ponce argues that
even if the FAA applies, the Policy is unconscionable under California
law.  See Opp'n 11–19.

However, the Policy requires Ponce and CVS to arbitrate
"disputes arising out of or relating to the validity, enforceability or
breach of [the] Policy." Macon Decl. ¶ 11, Ex. C at 11.  The Supreme
Court has held that this type of language suffices to delegate the issue
of arbitrability to an arbitrator.  See Rent-A-Ctr., W., Inc. v. Jackson,
561 U.S. 63, 71–72 (ruling that a provision granting an arbitrator
"exclusive authority to resolve any dispute relating to the . . .
enforceability . . . of this Agreement" constitutes a valid delegation).
Ponce must therefore successfully challenge the validity of the
delegation provision before she can challenge the validity of the Policy
as a whole.  See id. at 72–73.  In determining the validity of the
delegation provision, the Court need not consider arguments that are
not "specific to the delegation provision." Id.

Ponce does not address unconscionability as it relates to the
delegation provision.  Even if the Court liberally construes Ponce's

arguments as being directed at the delegation provision, her arguments fail.

To invalidate the delegation provision under California law, Ponce must show both procedural and substantive unconscionability. See Armendariz v. Found. Health Psychcare Servs., Inc., 24 Cal. 4th 83, 114, (2000). With respect to procedural unconscionability, Ponce argues, among other things, that she was never given an opportunity to print out or copy the instructions for opting out of the Policy, that she was never informed that the training was important, and that she was under pressure to complete the training in a short amount of time. See Opp'n 11–17. With respect to substantive unconscionability, Ponce argues only that the Policy required her to waive her right to bring a representative action under the Private Attorneys General Act (PAGA), Cal. Lab. Code § 2698 et seq.

Although Ponce's arguments regarding procedural unconscionability may apply to the delegation provision in the same way it applies to the overall Policy — after all, the delegation provision was presented to and accepted by Ponce as part of the Policy — the same cannot be said of Ponce's sole argument regarding substantive unconscionability. The requirement that Ponce waive her right to bring a PAGA claim clearly relates to the validity of the Policy as a whole, and not to the delegation provision. Because Ponce has not shown that the delegation provision is substantively unconscionable, the Court treats the delegation provision as valid and leaves it to an arbitrator to decide the arbitrability of Ponce's claims.

## IV. CONCLUSION

The Motion to Compel is GRANTED. The Court orders that the parties arbitrate the gateway issue of arbitrability, and, if permissible, arbitrate the substantive claims. The Court stays this case pending the determination of the issue of arbitrability. The Clerk is ordered to administratively close this case. The Court further orders that, within two weeks of the arbitrator's decision on the issue of arbitrability, the parties shall file a joint status report with the Court. If the issue is not

resolved by August 15, 2022, the parties shall file a joint status report beginning on that date and continuing every four months until the arbitration is completed.  Failure to file a required joint status report may result in dismissal of this action without prejudice.


IT IS SO ORDERED.

Date:  April 7, 2022

Dale S. Fischer
United States District Judge